UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| THE STATE OF NEW MEXICO<br>on behalf of the NEW MEXICO<br>ENVIRONMENT DEPARTMENT,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL<br>PROTECTION AGENCY;<br>GINA MCCARTHY, in her official capacity as<br>Administrator, United States Environmental<br>Protection Agency;<br>ENVIRONMENTAL RESTORATION LLC;<br>KINROSS GOLD CORPORATION;<br>KINROSS GOLD U.S.A., INC.; and<br>SUNNYSIDE GOLD CORPORATION,<br><br>　　　　　　　　Defendants. | CASE NO.: 16-cv-00465-KK-LF<br><br>Hon. Kirtan Khalsa, U.S.M.J.<br>Hon. Laura Fashing, U.S.M.J.<br><br>**DEFENDANT ENVIRONMENTAL<br>RESTORATION, LLC'S MOTION TO<br>DISMISS THE COMPLAINT [DOC. 1]<br>AND MOTION TO STRIKE** |

**COMES NOW** Defendant, Environmental Restoration, LLC (hereinafter "ER"), pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f), by and through its counsel, Glaser Weil Fink Howard Avchen & Shapiro LLP and Moses, Dunn, Farmer & Tuthill, P.C., and hereby seeks dismissal of the Complaint [Doc. 1] and to strike Plaintiff's allegations that ER is "jointly and severally" liable for Plaintiff's state law Claims for Relief. In support of this Motion, ER states:

　　　　1.　　Plaintiff's First and Second Claims for Relief against ER under CERCLA, 42 U.S.C. §§ 9607(a) and 9613(g)(2), should be dismissed because: (i) Plaintiff fails to plead facts showing that ER had the requisite control over any of the actions that Plaintiff alleges caused a release of hazardous substances and, therefore, ER cannot be held liable as an operator, arranger or transporter under CERCLA; (ii) Plaintiff fails to plead facts showing that the alleged release of hazardous substances was not an accident or that ER arranged to have hazardous substances

1

transported or disposed by "any other party or entity," thus, ER cannot be held liable as an arranger under CERCLA; and (iii) Plaintiff fails to plead facts showing that ER participated in selecting a disposal site for hazardous substances and, therefore, ER cannot be held liable as a transporter under CERCLA.

2.   Plaintiff's Third Claim for Relief against ER under RCRA, 42 U.S.C. § 6972(a)(1)(B), should be dismissed because RCRA bars citizen suits if the United States Environmental Protection Agency ("EPA") is engaging in a removal action under CERCLA § 104 and Plaintiff admits that the EPA has initiated such an action.

3.   Plaintiff's state law claims against ER (Fifth, Sixth and Seventh Claims for Relief) should be dismissed because Plaintiff seeks an unrestricted monetary award for natural resource damages under state common law and CERCLA preempts such claims. In the alternative, Plaintiff's claims for unrestricted money damages should be stricken.

4.   Plaintiff's state law claims against ER (Fifth, Sixth and Seventh Claims for Relief) should also be dismissed because Plaintiff pleads fact that establish that ER is protected from state law liability under the "Government Contractor Defense."

5.   Plaintiff's allegations that ER is "jointly and severally" liable with other Defendants for Plaintiff's state law Claims for Relief (Fifth, Sixth and Seventh Claims for Relief) should be stricken because Colorado state law applies to such claims as the "source" of the alleged release of hazardous substances and Colorado has abolished joint and several liability in favor of a pro rata approach. Accordingly, the following allegations should be stricken:

    a.   The following portion of Paragraph 8 of the Complaint: "The Defendants are jointly and severally liable for this indivisible harm."

    b. The following portion of Paragraph 153 of the Complaint: ". . . and they are jointly and severally liable."

    c. The following portion of Paragraph 155 of the Complaint: ". . . jointly and severally . . . ."

    d. The following portion of Paragraph 167 of the Complaint: ". . . and they are jointly and severally liable."

    e. The following portion of Paragraph 169 of the Complaint: ". . . jointly and severally . . . ."

    f. The following portion of Paragraph 177 of the Complaint: ". . . and they are jointly and severally liable."

    g. The entirety of Prayer for Relief No. 8.

6. Pursuant to Local Rule 7.1(a), ER's counsel timely met and conferred with Plaintiff's counsel and discussed the grounds for this Motion on July 13, 2015. The parties were unable to resolve their differences and Plaintiff indicated that it will file an opposition to this Motion. (See Declaration of Terry D. Avchen.)

7. ER incorporates by reference the arguments and authorities set forth in its Memorandum of Law, which is being filed contemporaneously herewith.

WHEREFORE, ER respectfully requests that the Court dismiss the Complaint with prejudice for failure to state a claim upon which relief can be granted and strike Plaintiff's allegations that ER is "jointly and severally" liable for Plaintiff's state law Claims for Relief.

DATED: July 18, 2016

GLASER WEIL FINK HOWARD
AVCHEN & SHAPIRO LLP

By: /s/ Terry D. Avchen
    Terry D. Avchen (*pro hac vice*)
    Peter C. Sheridan (*pro hac vice*)
    Andriy R. Pazuniak (*pro hac vice*)
    10250 Constellation Boulevard, 19th Floor
    Los Angeles, California 90067
    Telephone: (310) 553-3000
    Fascimile: (310) 556-2920
    Email: tavchen@glaserweil.com
    Email: psheridan@glaserweil.com
    Email: apazuniak@glaserweil.com

MOSES, DUNN, FARMER & TUTHILL, P.C.
    Terry D. Farmer
    Brittany M. Sayer
    612 First Street NW
    P.O. Box 27047
    Albuquerque, New Mexico 87125-7047
    Telephone: (505) 843-9440
    Email: terry@moseslaw.com
    Email: brittany@moseslaw.com

*Attorneys for Defendant*
*Environmental Restoration LLC*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on July 18, 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

                                      /s/ Andriy R. Pazuniak