IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THE STATE OF NEW MEXICO on
behalf of the NEW MEXICO
ENVIRONMENT DEPARTMENT,

    Plaintiff,

v.                                                   No. 16-CV-465 MCA/LF

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, ET AL.,

    Defendants,

consolidated with

NAVAJO NATION, a federally recognized
Indian Tribe, on its own behalf, and as
*parens patriae* on behalf of the Navajo people,

    Plaintiff,

v.                                                   No. 16-CV-931 MCA/LF

UNITED STATES OF AMERICA,
ENVIRONMENTAL PROTECTION
AGENCY, ET. AL.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on *Defendant Environmental Restoration, LLC's Motion to Expedite Decision on its Motion to Dismiss the Complaint and Motion to Strike* [Doc. 80]; Environmental Restoration's *Supplemental Brief in further Support of Defendant Environmental Restoration, LLC's Motion to Expedite Decision on Its Motion to Dismiss the Complaint and Motion to Strike* [Doc. 88]; and *Plaintiff New Mexico's*

1

*Motion to Strike Defendant Environmental Restoration's Supplemental Brief in Further Support of its Motion to Expedite Decision on its Motion to Dismiss the Complaint and Motion to Strike [Doc. 80], and in the Alternative, Motion for Leave to File Response* [Doc. 99]. The Court has considered the submissions, the relevant law, and is otherwise fully informed in the premises.

**BACKGROUND**

The State of New Mexico filed this action on May 23, 2016 against the United States Environmental Protection Agency (EPA), Gina McCarthy in her official capacity as administrator of EPA, EPA's contractor Environmental Restoration (ER), and three mining companies. [Doc. 1] New Mexico alleges that, while conducting environmental remediation of the Gold King Mine in Colorado, the EPA and ER "breached a collapsed portal" of the mine, "releasing over three million gallons of acid mine drainage and 880,000 pounds of heavy metals into the Animas River watershed." [Doc. 1, ¶ 1] The acid mine damage traveled down-river into New Mexico and into the San Juan River in New Mexico, causing extensive environmental and economic damage. [Doc. 1, ¶¶ 1-3] As against Defendant ER, New Mexico brings six causes of action: cost recovery and declaratory judgment under the Comprehensive Environmental Response, Compensation, and Liability Act; injunctive relief under the Resource Conservation and Recovery Act; public nuisance; trespass; and negligence/gross negligence. [Doc. 1, pp. 32-48]

On July 18, 2016, after being granted an extension of time [Doc. 13] (though, ER complains, New Mexico refused to agree to a second extension ER requested [Doc. 80, ¶ 8]), Defendant ER filed a *Motion to Dismiss the Complaint [Doc. 1] and Motion to*

*Strike*.  [Doc. 32]  Briefing of ER's *Motion to Dismiss* was complete on August 15, 2016.  [Doc. 64]  The three other mining company Defendants also filed motions to dismiss.  [Doc. 45; Doc. 46]

New Mexico served EPA and Gina McCarthy in mid-August, 2016 [Doc. 65; Doc. 66], and all parties participated in a status conference held by Magistrate Judge Fashing on September 20, 2016.  [Doc. 74]  At that status conference, counsel for New Mexico requested that the Court set the deadline for it to move for leave to amend its complaint by November 15, 2016, once six months had passed since it filed a notice of tort claim against the United States.  [Doc. 74]  New Mexico stated that it intended to add tort claims against the EPA.  [Doc. 74]  No party objected, and Magistrate Judge Fashing entered an *Order Setting Deadlines*, setting the deadline of November 15, 2016 for New Mexico to file a motion for leave to amend its complaint and setting the deadline of January 19, 2017 for the EPA to answer the operative complaint (whether that be the original complaint or an amended complaint if leave is so granted to amend).  [Doc. 77]

The day after the Magistrate Judge entered the *Order Setting Deadlines*, Defendant ER filed the present *Motion to Expedite Decision on its Motion to Dismiss the Complaint and Motion to Strike*.  [Doc. 80]  ER requested the Court to act on its pending *Motion to Dismiss* before November 15, 2016.  [Doc. 80]  ER based its request on concepts of judicial economy, concerns with delay, and New Mexico's failure to grant ER an extension to file a responsive pleading earlier in the proceedings.  [Doc. 80]  New Mexico and Defendant EPA oppose ER's *Motion to Expedite Decision*.  [Doc. 81; Doc. 82]

3

Thereafter, on an unopposed motion, this Court consolidated New Mexico's action with an action filed by the Navajo Nation, based largely on the same underlying events. [Doc. 90]  Navajo Nation brings its against EPA, ER, Harrison Western Corp. (an alleged sub-contractor of ER's), four mining companies, and ten John Does.  [No. 1:16-CV-931 MCA/LF, Doc. 1]

The Court did not rule on ER's *Motion to Expedite* prior to November 15, 2016, and New Mexico filed its *Motion for Leave to File Amended Complaint* on the same date. [Doc. 86]  According to the *Motion for Leave to File Amended Complaint*, New Mexico filed its notice of administrative claim pursuant to the Federal Tort Claims Act on May 17, 2016, and, because it had to wait six months before bringing suit, the earliest New Mexico could file any tort claims was November 17, 2016.  [Doc. 86, p. 3]  New Mexico further alleges that new information has been produced by EPA (consisting of over 35,000 documents) since New Mexico filed its *Complaint*, and, based on this new information, New Mexico seeks to amend its *Complaint* to add new parties and additional factual allegations.  [Doc. 86, pp. 3-4]  The *Proposed Amended Complaint* [Doc. 86-1] does not add any new claims against ER, but does state additional factual allegations against ER, as demonstrated by ER in the "redlined" complaint attached to the *Declaration of Peter C. Sheridan in Support of Defendant Environmental Restoration, LLC's Opposition to Plaintiff's Motion for Leave to Amend Complaint.*  [Doc. 98-1]  The Mining Company Defendants and ER have filed responses in opposition [Doc. 92; Doc. 93; Doc. 97] to New Mexico's *Motion for Leave to File Amended Complaint*.  Briefing

on the *Motion for Leave to File Amended Complaint* was complete on December 23, 2016. [Doc. 108]

On November 21, 2016, ER filed what it titled a *Supplemental Brief in Further Support of Defendant Environmental Restoration LLC's Motion to Expedite Decision on its Motion to Dismiss the Complaint and Motion to Strike*. [Doc. 88] Therein, ER again requests this Court to expedite its decision on its *Motion to Dismiss*. [Doc. 88, p. 6] ER argues that New Mexico violated Federal Rule of Civil Procedure 15(a) by failing to amend its complaint as a matter of course within 21 days of being served with ER's *Motion to Dismiss*. [Doc. 88, pp. 3-5] New Mexico filed a *Motion to Strike* ER's *Supplemental Brief* [Doc. 99], and ER filed a *Response* [Doc. 100].

In the meantime, EPA filed *Defendant EPA's Motion to Modify Scheduling Orders*. [Doc. 91] This Court granted EPA until the later of January 19, 2017 or 30 days following this Court's ruling on New Mexico's *Motion for Leave to Amend its Complaint* to respond to the operative complaints filed by both New Mexico and the Navajo Nation. [Doc. 96]

**ANALYSIS**

It is not uncommon for the Court to be presented with a motion to dismiss and, shortly thereafter, but after Rule 15(a)'s 21 day period for amendments as a matter of course, a motion for leave to amend the complaint. This procedural posture is hardly cause for another motion – one regarding the order in which the Court address the already pending motions. Rather, the Court has the discretion to consider either (or both) motions in light of the other. For example, in *Bauer v. City and County of Denver*, 642

Fed. Appx. 920 (10th Cir. 2016) (unpublished decision), the district court simultaneously considered a pending motion to dismiss and a motion for leave to file an amended complaint. *Id.* at 923-25.  The district court conducted a futility analysis in deciding the motion for leave to amend, assuming the facts in the proposed amended complaint were true, and concluded that dismissal was warranted even if the complaint were amended. *Id.* at 925.  Our Tenth Circuit affirmed the district court's dismissal and agreed with its reasoning. *Id.* at 923-25.  Thus, where it assists the orderly and expeditious resolution of a case, it is appropriate for the Court to consider a motion to dismiss and a motion for leave to amend concurrently, and this is such a case.  The Court will consider the issues raised in the pending *Motions to Dismiss* in conducting its futility analysis in deciding the *Motion for Leave to Amend Complaint*, and, if ER or any other Defendants' *Motion to Dismiss* is meritorious, and leave to amend would not correct the deficiencies, the claim(s) against such Defendant will be dismissed.  In sum, ER's *Motion to Dismiss* will get due and timely consideration.

As to ER's arguments, first, New Mexico did not "violate" Rule 15(a) in filing its *Motion for Leave to file Amended Complaint*, because Rule 15(a)(2) clearly allows amendments beyond the 21 day period for amendment as a matter of course by leave of the Court, and New Mexico seeks leave of the Court.  As to judicial economy, all parties must bear in mind that this is a complex, multi-party case.  Contrary to ER's solely self-interested assertions, judicial economy will be furthered by the Court having the benefit of briefing by all affected parties on similar issues prior to issuing a decision.  *See Dietz v. Bouldin*, 136 S.Ct. 1885, 1891 (2016) ("[A] district court possesses inherent powers

that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." (Internal quotation marks and citations omitted)); *c.f. In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1186 (10th Cir. 2009) (stating that the appellate court "will grant a writ [of mandamus] only when the district court has acted wholly without jurisdiction or so clearly abused its discretion as to constitute usurpation of power" (internal quotation marks and citation omitted)). Finally, ER's argument that it will be prejudiced if the Court allows the amendment is not persuasive. *See Bylin v. Billings*, 568 F.3d 1224, 1230-31 (10th Cir. 2009) ("[T]he expenditure of time, money, and effort alone is not grounds for a finding of prejudice.").

In sum, the most expeditious resolution of the issues in this case will be for the Court to address all pending *Motions to Dismiss*, including those by the same Defendants which raise the same issues in the *Navajo Nation* matter, at the same time as the Court considers New Mexico's *Motion to for Leave to Amend Complaint*.

Two other matters merit brief discussion. First, after November 15, 2016 (when New Mexico filed its *Motion for Leave to File Amended Complaint*) came and went without the Court's decision on ER's *Motion to Expedite*, ER filed a *Supplemental Brief in Further Support of Defendant Environmental Restoration, LLC's Motion to Expedite Decision on its Motion to Dismiss the Complaint and Motion to Strike.* [Doc. 88] New Mexico moved to strike the *Supplemental Brief*, arguing that it is either a surreply filed without leave of the Court or it is a new motion and ER did not determine whether it was unopposed before filing. [Doc. 88] Given that ER makes a new request for relief, the

7

Court concludes that the *Supplemental Brief* is a new motion, and the Court will summarily deny the motion for the failure to determine and recite the position of the opposing parties. D.N.M. LR-Civ. 7.1(a). That said, the Court pauses to point out one argument in ER's *Response to New Mexico's Motion to Strike the Supplemental Brief*. [Doc. 100] ER states that, in the interest of judicial economy the Court should "decide ER's pending Motion to Dismiss the Complaint and Motion to Strike [Doc. 32], which would render both ER's pending Motion to Expedite and Plaintiff's present Motion moot." [Doc. 100, pp. 1-2] In the alternative, ER requests the Court to "allow ER to withdraw its Supplemental Brief." [Doc. 100, p. 2] Along with the lack of merit within the *Motion to Expedite*, these requests further suggest that the filing of the *Motion to Expedite* and all of the subsequent related filings were not in the interest of judicial economy. Though ER invokes judicial economy three times its filings addressed herein [Doc. 80, p. 2; Doc. 83, p. 5; Doc. 100, p. 1], these filings have obviously detracted from the efficient use of the Court's time. It is one thing to invoke judicial economy, and it is another thing to further judicial economy – and the Court expects all parties to *further* judicial economy.

Second, the Court notes a consequential interaction between the present procedural posture, as set forth in this *Memorandum Opinion and Order*, and the deadline for the EPA to file a responsive pleading. In its *Motion to Modify Scheduling Orders*, EPA sought (and was granted) leave to not file an answer or responsive pleading until after this Court ruled on New Mexico's *Motion for Leave to File Amended Complaint*. [Doc. 91] However, in its *Response to ER's Motion to Expedite*, EPA submits that the

8

Court's consideration of ER's *Motion to Dismiss* prior to receiving related briefing by EPA "could prejudice EPA, because Defendants potentially share common issues, such that a decision on any one of Defendant's motion[s] may have collateral consequences for the other parties." [Doc. 81]  Indeed, the Court would prefer to have the position of all parties on common issues prior to issuing a decision on a particular issue.  However, it is necessary for the Court to conduct a futility analysis in deciding New Mexico's *Motion to Amend the Complaint*, and, in conducting that analysis, the Court will consider the arguments in the pending *Motions to Dismiss*.  Accordingly, by this Order, the Court puts EPA on notice that the Court will consider the other Defendants' arguments within their *Motions to Dismiss* when considering the *Motion for Leave to File Amended Complaint*, whether EPA has submitted briefing on the issue or not.  The EPA, therefore, must decide whether it's in the EPA's best interest to file a pleading or motion responsive to the original complaint and a response to the *Motion for Leave to File Amended Complaint* so that the court has the benefit of the EPA's arguments in considering the *Motion*.

**CONCLUSION**

**WHEREFORE**, for the reasons set forth above, the Court **HEREBY**:

1) **DENIES** *Defendant Environmental Restoration, LLC's Motion to Expedite Decision on its Motion to Dismiss the Complaint and Motion to Strike* [Doc. 80];

2) **GRANTS** *Plaintiff New Mexico's Motion to Strike Defendant Environmental Restoration's Supplemental Brief in Further Support of its Motion to Expedite Decision on its Motion to Dismiss the Complaint and Motion to Strike [Doc. 80], and in the Alternative, Motion for Leave to File Response* [Doc. 99];

3) **DENIES** Environmental Restoration's *Supplemental Brief in further Support of Defendant Environmental Restoration, LLC's Motion to Expedite Decision on Its Motion to Dismiss the Complaint and Motion to Strike* [Doc. 88];

4) **MODIFIES** the Court's **ORDER** issued December 6, 2016, as follows: the EPA has until February 13, 2017, to file either an answer or responsive motion to the original *Complaint*, and, therewith, a response to the *Motion to for Leave to Amend Complaint*. In the alternative, the EPA may waive its opportunity to file a responsive pleading and a response to the *Motion for Leave to Amend Complaint* and submit a responsive pleading after the Court has ruled on the *Motion for Leave to Amend the Complaint*; however, the EPA will thereby waive any arguments it could have raised in response to the *Motion for Leave to Amend the Complaint*.

**SO ORDERED** this 23rd day of January, 2017 in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
Chief United States District Judge