IN THE UNITED STATES DISRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO,
on behalf of the NEW MEXICO
ENVIRONMENT DEPARTMENT,

    Plaintiff,

v.                                                                                                                 No. 16cv465 WJ/LF

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, et al.,

    Defendants,

and

NAVAJO NATION,

    Plaintiff,

v.                                                                                                No. 16cv931 WJ/LF

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

As the newly-assigned District Judge in these two consolidated cases, the undersigned has reviewed the dockets to determine the best way to meet the Court's goal of securing the just, speedy, and inexpensive determination of these cases while at the same time ensuring efficient use of judicial resources. Because there are two other federal civil actions arising from the release of water from the Gold King Mine into the Animas River on August 5, 2015, one in the District of New Mexico and the other in the District of Utah[1], and because there is a motion pending before the Judicial Panel on Multidistrict Litigation to transfer the four cases for

---

[1] There may be civil actions pending in state or federal court in Colorado of which the Court is not aware.

coordinated or consolidated pretrial proceedings, the Court has also reviewed the dockets for the other cases in the Districts of New Mexico and Utah and for the proceeding before the Judicial Panel on Multidistrict Litigation. After a brief summary of the status of the cases, the Court will set forth how the cases will proceed.

The State of New Mexico ("New Mexico") filed its Complaint on May 23, 2016, in Case No. 16cv465 ("New Mexico case"). The New Mexico case was the first case emanating from the Gold King Mine spill filed in the District of New Mexico and it was randomly assigned to United States District Judge M. Christina Armijo on July 20, 2016.

The Navajo Nation filed its Complaint on August 16, 2016, in Case No. 16cv791 ("Navajo Nation case"). The Navajo Nation case was randomly assigned to the undersigned on October 14, 2016, and was reassigned to Judge Armijo on November 28, 2016, when Judge Armijo consolidated the New Mexico and Navajo Nation cases.[2]

Fourteen Plaintiffs who own interests in properties adjacent to the Animas River in northern New Mexico filed their Complaint on July 7, 2017, in Case No. 17cv710 ("McDaniel case"). The McDaniel case was randomly assigned to the undersigned on December 18, 2017. On January 17, 2018, the Court granted an unopposed motion to temporarily stay proceedings pending a decision by the Judicial Panel on Multidistrict Litigation ("MDL Panel").

The State of Utah ("Utah") filed its Complaint on July 31, 2017, in District of Utah Case No. 17-866 ("Utah case"). On January 5, 2018, United States District Judge Ted Stewart denied

---

[2] The judges in the U.S. District Court for the District of New Mexico historically have followed a practice that the judge who is presiding over the older case is the one who decides a motion to consolidate and if the consolidation motion is granted, then the newer case gets reassigned to the judge who was presiding over the older case and who ruled on the motion to consolidate. Since the McDaniel case was pending before the undersigned, when Judge Armijo took senior status effective February 7, 2018, the New Mexico and Navajo cases were reassigned to the undersigned because these two cases are related to the McDaniel case in that all three cases emanate from the Gold King Mine spill.

all pending motions in the Utah case as moot after Utah filed its Amended Complaint, and temporarily stayed proceedings in the Utah case pending the decision by the MDL Panel.

The MDL Panel has set a hearing for March 29, 2018, to hear arguments regarding whether these four cases should be transferred for coordinated or consolidated pretrial proceedings. *See* MDL No. 2824. In 12 recent cases, the MDL Panel entered a transfer order or order denying transfer about a week after the hearing. *See* MDL Nos. 2809-2820, filed October-November, 2017 (in those cases where the MDL Panel issued transfer orders, it did not always transfer the cases to the suggested transferee court).

New Mexico and Navajo Nation's motions to file amended complaints have been pending since November 15, 2016 and March 28, 2017, respectively. Some parties have motions to dismiss pending in the New Mexico, Navajo Nation and McDaniel cases in the District of New Mexico. The Court expects that some parties in the Utah case will renew their motions to dismiss after the stay is lifted. There have been some additional developments related to these cases since the initial Complaints were filed in 2016. For example, the United States Environmental Protection Agency added the Bonita Peak Mining District, in which the Gold King Mine is located, to the National Priorities List on September 9, 2016. One of the Defendants filed a petition for judicial review of the listing by the D.C. Circuit where oral argument was heard on February 20, 2018. One Defendant indicates that New Mexico filed a Bill of Complaint in the United States Supreme Court on June 20, 2016, alleging that the State of Colorado should be found liable for the damages suffered by New Mexico. There may also be other additional developments of which the Court is not aware. It is not clear to the Court at this time whether any of these additional developments impact the proceedings in the three cases pending in the District of New Mexico.

The Court finds that a stay of litigation of less than two months to wait for the transfer decision from the MDL Panel will not significantly delay these proceedings. The Court will stay proceedings in the New Mexico/Navajo Nation consolidated cases pending a decision by the MDL Panel, which the Court expects by mid-April 2017, or until May 1, 2018, whichever occurs first.

Because the motions to file amended complaints have been pending since November 2016 and March 2017, the Court will deny without prejudice the motions to file amended complaints filed by New Mexico and the Navajo Nation and will allow those Plaintiffs to file amended motions to amend to address any additional developments that may have arisen during the year that their motions to amend have been pending that may affect their cases. If there are no such developments that New Mexico and the Navajo Nation wish to address in their proposed amended complaints, they may simply refile their currently pending motions to amend. Motions to file amended complaints are due on the earlier of (a) 30 days after the MDL Panel issues its ruling, and (b) May 31, 2018. The Court will also deny without prejudice the pending motions to dismiss in the New Mexico/Navajo Nation consolidated cases. Those parties with currently pending motions to dismiss may refile their motions to dismiss or file amended motions to dismiss after the Court rules on any motions to file amended complaints.

The parties in the New Mexico/Navajo Nation consolidated cases shall confer with the parties in the McDaniel case to determine whether all the parties agree that the McDaniel case should be consolidated with the New Mexico/Navajo Nation case. If the MDL Panel enters an order transferring the Utah case to this Court, the parties shall also confer with the parties in the Utah case. If all parties agree that the cases should be consolidated, as opposed to only coordinated, they shall file a joint unopposed motion for consolidation by the earlier of (a) 30

days after the MDL Panel issues its ruling, and (b) May 31, 2018. If some parties oppose consolidation, the parties seeking consolidation shall file a joint motion to consolidate the cases by the earlier of (a) 50 days after the MDL Panel issues its ruling, and (b) June 21, 2018.

**IT IS ORDERED** that:

(i) Defendant United States of America's Motion to Temporarily Stay Proceedings Pending Decision by the Judicial Panel on Multidistrict Litigation, Doc. 191, filed January 17, 2018, is **GRANTED in part.** Proceedings in this case are stayed until the earlier of (a) a decision by the Judicial Panel on Multidistrict Litigation, and (b) May 1, 2018.

(ii) New Mexico's Motion for Leave to File Amended Complaint, Doc. 86, filed November 15, 2016, is **DENIED without prejudice.**

(iii) Plaintiff Navajo nation's Motion for Leave to File First Amended Complaint and Incorporated Memorandum in Support Thereof, Doc. 141, filed March 28, 2017, is **DENIED without prejudice.**

(iv) Defendant Sunnyside Gold Corporation's Motion to Dismiss, Doc. 45, filed July 29, 2016, is **DENIED without prejudice.**

(v) Kinross Gold Corporation and Kinross Gold USA, Inc.'s Motions to Dismiss Plaintiff's Complaint for: (1) Lack of Personal Jurisdiction Pursuant to FRCP 12(b)(2); (2) Failure to State a Claim pursuant to FRCP 12(b)(6); and (3) Partial Joinder in Sunnyside Gold Corporation's Motion to Dismiss, Doc. 46, filed July 29, 2016, is **DENIED without prejudice.**

(vi) Defendant EPA's Motion to Dismiss Complaints of Plaintiffs State of New Mexico and Navajo Nation and Incorporated Memorandum in Support Thereof, Doc. 126, filed February 13, 2017, is **DENIED without prejudice.**

(vii)   The State of New Mexico's Motion for Leave to Conduct Jurisdictional Discovery, Doc. 187, filed December 22, 2017, is **DENIED without prejudice.**

(viii)   Motions for leave to file amended complaints are due on the earlier of (a) 30 days after the MDL Panel issues its ruling, and (b) May 31, 2018.

(ix)   The Parties shall, by the earlier of (a) 30 days after the MDL Panel issues its ruling, and (b) May 31, 2018, file a joint unopposed motion to consolidate the McDaniel case with the New Mexico/Navajo Nation cases if all Parties in the three cases agree that the cases should be consolidated.  If some Parties oppose consolidation, the parties seeking consolidation shall file a joint motion to consolidate the cases by the earlier of (a) 50 days after the MDL Panel issues its ruling, and (b) June 21, 2018.  If the MDL Panel transfers the Utah case to the District of New Mexico, the Parties shall include the Utah case Parties in their discussion and preparation of any motions to consolidate.

**IT IS ALSO ORDERED** that regarding the motions filed in *Navajo Nation v. United States of America*, No. 16cv931 WJ/LF, before consolidation with this case,

(x)   Defendant Sunnyside Gold Corporation's Motion to Dismiss, Doc. 35, filed October 17, 2016, is **DENIED without prejudice.**

(xi)   Kinross Gold Corporation's and Kinross Gold USA, Inc.'s Motions to Dismiss the Navajo Nation's Complaint for: (1) Lack of Personal Jurisdiction Pursuant to FRCP 12(b)(2); (2) Failure to State a Claim pursuant to FRCP 12(b)(6); and (3) Partial Joinder in Sunnyside Gold Corporation's Motion to Dismiss, Doc. 41, filed November 1, 2016, is **DENIED without prejudice.**

(xii)   Defendant Gold King Mines Corporation's Motion to Dismiss, Doc. 44, filed November 2, 2018, is **DENIED without prejudice.**

_____
**WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE**