THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

In re: Gold King Mine Release in San Juan
County, Colorado on August 5, 2015

No. 1:18-md-02824-WJ

*This Document Relates to:*
*All Cases*

## REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION TO TRIFURCATE TRIAL

The Special Master Hon. Alan C. Torgerson makes the following Report and Recommendation to Chief Judge William P. Johnson who is the assigned trial judge in the multi-district litigation entitled *In re: Gold King Mine Release in San Juan County, Colorado on August 5, 2015* for those cases whose venue lies in New Mexico.[1] The Sovereign Plaintiffs, which includes the State of New Mexico, the Navajo Nation, and the State of Utah; and the Individual Plaintiffs, which consists of the Allen and the McDaniel Plaintiffs; have moved to trifurcate both discovery and trial in this matter. Doc. 271, filed August 15, 2019. The Federal Defendants, which includes the United States, the Environmental Protection Agency and its administrator; the Contractor Defendants, which consists of Environmental Restoration, LLC and Weston Solutions, Inc.; the Mining Defendants which includes Kinross Gold Corporation, Kinross Gold USA, Inc., and Sunnyside Gold Corporation; and Defendant Harrison Western Construction Corporation filed a Response as Doc. 277 on August 20, 2019. Plaintiffs filed their

---

[1] The parties agree that the case filed by the State of Utah, 1:18-cv-00319 in this multi-district litigation and 2:17CV00866 in the United States District Court for the District of Utah, will be remanded at the conclusion of pretrial proceedings to the Utah District Court from which it was transferred. The trial judge assigned to that case will need to make his or her own determination as to the phasing of the lawsuit brought by the State of Utah.

Reply on August 27, 2019 as Doc. 284. The expedited briefing schedule was requested by the Special Master in order to allow a timely ruling on this motion.

It is the recommendation of the Special Master that the trial judge in this matter who will conduct the trials in New Mexico, currently Chief Judge William P. Johnson, separate the trial into three phases pursuant to Fed. R. Civ. P. 42(b) as follows:

1. Phase One trial on the following issues:

    a. Liability under CERCLA, including whether there was negligence on the part of the Federal Defendants and Environmental Restoration, 42 U.S.C. §9607(d)(1) and §9619(a);

    b. Tort liability;

    c. Damage claims on behalf of the Individual Plaintiffs; and

    d. Economic damage claims and past costs claims on behalf of the Sovereign Plaintiffs.

The Phase One trial will require that some factual issues be decided by a jury while other issues will be tried to the bench. Subsequent trials should not require a jury.

2. Phase Two trial on the following issues:

    a. Claims brought under the Restoration Conservation Recovery Act, including Sovereign Plaintiffs' claims for injunctive relief;

    b. Claims brought under the Clean Water Act, including Sovereign Plaintiffs' claims for injunctive relief;

    c. Sovereign Plaintiffs' claims for natural resource damages; and

    d. The remedies necessary to address contamination in the environment

including remediation and abatement.

3. Phase Three trial on the following issues:

    a. Allocation and contribution claims among the Defendants;

    b. Issues of cost recovery among the Defendants; and

    c. The issues of cost recovery brought by Environmental Restoration against the State of New Mexico.

In view of the amount of time that has passed since this incident occurred that gave rise to these lawsuits and in view of the significant claims by the Individual Plaintiffs, the Special Master recommends that the Phase One trial be scheduled as soon as it is ready for trial. Pursuant to the case management deadlines set forth in the Order Adopting Joint Status Report and Provisional Discovery Plan and Setting Case Management Deadlines, which is being filed contemporaneously with this Report and Recommendation, the case will be ready for the Phase One trial on August 1, 2021. The phasing of discovery necessary for the parties to get ready for the trials is discussed in the Order on Plaintiffs' Motion to Trifurcate Discovery and Trial, which is also being filed contemporaneously with this Report and Recommendation. A Phase One trial, as recommended in this Report, would allow all of the Individual Plaintiffs' claims to be resolved in the first trial but would still necessitate the Sovereign Plaintiffs' involvement in the Phase Two trial on the issues of injunctive relief and natural resource damages. This recommendation may also necessitate the State of New Mexico's involvement in the Phase Three trial for claims remaining in the Counterclaim filed by Environmental Restoration against the State of New Mexico, Doc. 352 in 1:16-cv-00465.

The Phase One trial will not be a streamlined affair. It will be a complex trial requiring

3

the testimony of many witnesses and experts. It is anticipated that expert testimony will need to be presented to establish the Plaintiffs' economic damages and the Sovereign Plaintiffs' claims for past costs. The issues of negligence may also require experts who can testify about the applicable standard of care. However, by front-loading some of the more difficult issues in a Phase One trial the following results could be achieved: 1) the Individual Plaintiffs would have an opportunity to resolve their claims without having to participate in trials regarding claims and issues unrelated to their claims; 2) the Federal Defendants and Environmental Restoration would be able to litigate and resolve the issue of whether their actions were negligent under CERCLA; 3) the United States would be able to resolve the discretionary function exception if that issue has not been previously resolved through a motion for partial summary judgment; and 4) certain Defendants would be able to litigate the government contractor defense, which may simplify or resolve the claims against those Defendants.

The Phase Two trial would focus on the liability issues raised under the Clean Water Act (CWA), 33 U.S.C. §1365(h), and the Restoration Conservation Recovery Act (RCRA), 42 U.S.C. §6972(a)(1)(B). Since the Sovereign Plaintiffs (New Mexico and the Navajo Nation) will bear the burden of proof under these two acts and therefore be thoroughly involved in the Phase Two trial, it would make sense to also include litigation of the natural resource claims brought by the Sovereign Plaintiffs.

The Phase Three trial will require the participation of the Defendants who have been held liable in Phase One and may require the participation of the State of New Mexico if the claims brought against it by Environmental Restoration are still pending. See ER's Counterclaim, Doc. 352 in 1:16-cv-0046. The Counterclaim raises issues that appear to the Special Master to be best

determined when the Defendants are litigating contribution, allocation, and cost recovery issues among themselves. While this is not ideal because the State of New Mexico may have to participate in all three phases of the trials, it appears to be the best use of judicial resources at this time. Some, if not all, of the Defendants may also have to participate in all three phases of the trials as well, so the fact that the State of New Mexico may be involved in all three phases of the trials does not necessarily weigh against the proposed division of the issues to be tried in Phase One, Phase Two, and Phase Three.

Phase Three trial issues, in some circumstances, will have been already partially litigated in the Phase One trial. There is just no way for the factual issues to be separated neatly into separate categories. Evidence will overlap because the evidence necessary to establish one element of a cause of action may be nearly identical to the evidence necessary to establish an element for a different cause of action. For example, in order for the Defendants to litigate a cost recovery claim in the Phase Three trial, they must first establish that the party against whom the claim is being brought is a Potentially Responsible Party and that the costs being sought to be recovered are not inconsistent with the National Contingency Plan. The evidence necessary to establish these two elements will probably have already been presented at the Phase One trial in the course of litigating liability and damage, although not in the context of a cost recovery claim. However, since the same trial judge will be presiding over the Phase Three trial (a bench trial) who presided over the Phase One trial (a jury trial and a bench trial) the evidence would not need to be presented again. In fact, the trial judge could make the relevant findings of fact at the end of the Phase One trial to be used later in the Phase Three trial if the involved parties so request.

Of course, as various motions to dismiss and motions for partial summary judgment are

decided and rulings are made upon issues like personal jurisdiction and the discretionary function exception, it will become much clearer to the trial judge, and the parties, how the remaining issues are best grouped together for trial(s). Thus, this recommendation by the Special Master must come with the caveat that the issues to be tried and the phasing of the trials under Fed. R. Civ. P. 42(b) may need to be modified as the time for each trial approaches.

The Special Master has discussed with the parties on several occasions that one of the Court's primary concerns in this MDL litigation is the just, speedy and relatively inexpensive resolution of the Individual Plaintiffs' claims. The Special Master's recommendation, therefore, puts priority on having the Individual Plaintiffs' claims resolved in the Phase One trial. Some of those claims are based in tort, which means that the defenses of the Defendants to the tort claims must be litigated in the Phase One trial. The Phase One trial may require a substantial investment of time by the trial judge and the parties, but at its conclusion the Individual Plaintiffs' claims will have been resolved and their participation in this matter will no longer be needed. In addition, the issues of whether the actions of various Defendants were negligent, the discretionary function exception, any remaining issues of personal jurisdiction, and issues concerning the government contractor defense will have been resolved, which should narrow and clarify the remaining claims and issues that will have to be resolved in the Phase Two and Phase Three trials and clarify the discovery that will need to be conducted between the Phase Two and Phase Three trials.

_____
SPECIAL MASTER HON. ALAN C. TORGERSON