IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IN RE: GOLD KING MINE RELEASE
IN SAN JUAN COUNTY, COLORADO   No. 1:18-md-02824-WJ
ON AUGUST 5, 2015

*This Document Relates to All Cases*

## ORDER RESULTING FROM SEPTEMBER 27, 2019 TELEPHONIC STATUS CONFERENCE

At the September 27, 2019 telephonic status conference and at which all parties were represented by counsel, the following matters were determined:

1. The Special Master discussed with counsel the State of Utah's request that in response to discovery requests that are due October 11, 2019, the Federal Defendant produce unredacted copies of witness statements that were obtained during the investigations of the Gold King Mine Release by the EPA and its internal teams, the EPA's Inspector General, the Bureau of Land Management, and Congress. Many, if not all, of these witness statements were previously provided in redacted form pursuant to FOIA requests. Counsel for the Federal Defendants responded that the parties have agreed to an amended confidentiality order and that the documents in question will be provided with the deliberative process privilege redactions from the prior FOIA requests removed.[1] However, the OIG files that will be produced will still contain law enforcement investigative redactions. The production of these document will be accompanied by a privilege log. After these witness statements have been produced, the parties

---

[1] The First Amended Protective Order Regarding Confidential Information is being filed concurrently with this Order.

will hold a meet and confer conference to try to narrow the facts that are in dispute and agree on a logical and strategic plan for a deposition schedule of the fact witnesses as the Special Master suggested in the Order on Plaintiffs' Motion to Trifurcate Discovery, Doc. 304.

2. Counsel for the Federal Defendants are taking the lead role in trying to obtain documents regarding the Gold King Mine from attorney Anthony Edwards who had emailed the Special Master regarding documents which may be available. Counsel for the Federal Defendants are in the process of making arrangements with Mr. Edwards and Benjamin Fearn, an heir to the Fearn Estate. The parties are also in the process of identifying a contractor who will take physical possession of the documents and upload them to the central document repository so that all parties may have access.

3. The Federal Defendants and the Sovereign Plaintiffs were not able to reach an agreement regarding what discovery needs to be conducted so that the Sovereign Plaintiffs can respond to the Federal Defendants' Motion for Partial Summary Judgment regarding the discretionary function exception. The parties will complete briefing on this issue and submit the motion to the Court for a decision.

4. In response to the request that the State of Utah's Natural Resource Damages (NRD) claims be removed from the list of items subject to Phase One discovery (see Order filed as Doc. 304, p. 3, No. 8) because of the tolling agreement entered into between the State of Utah and the Federal Defendants, counsel for several of the individual Defendants raised a concern because the State of Utah has also raised NRD claims against them and they are not parties to the tolling agreement between the State of Utah and the Federal Defendant. See, Doc. 284-6. In order to clarify this issue, the State of Utah will circulate an amendment to the tolling agreement

that pertains to all the Defendants. The Order on Plaintiffs' Motion to Trifurcate Discovery, Doc. 304, will be amended to remove discovery on natural resource damages from the first phase of discovery.

5. After discussing the issues with the Special Master, the parties agreed that discovery on all aspects of CERCLA liability will be conducted in the first phase of discovery, including discovery pertaining to the United States' CERCLA section 107(a) claims against Sunnyside Gold Corporation and Kinross Gold Corporation. Trial on all CERCLA liability issues will be recommended to take place in the Phase One trial. Discovery regarding the damage claims and the quantification of the damages that may be owed to the United States will be conducted in the second phase of discovery and trial of these claims will be recommended to take place in the Phase Three trial, similar to the damage claims raised by the Counterclaims filed by Environmental Restoration against the States of Utah and New Mexico.

6. In response to the State of Utah's request to break discovery into "bite-size" pieces, the Special Master advised counsel that to the extent the State of Utah was requesting a reconsideration of the Plaintiffs' Motion to Trifurcate Discovery and Trial, Doc. 271, there is no such provision under the Federal Rules of Civil Procedure. However, the Special Master allowed the State of Utah to present its proposal and requested input from counsel for all parties. After hearing argument from counsel, the Special Master declined the State of Utah's request that items Nos. 9 and 10 be removed from Phase One Discovery.

The Special Master suggested that counsel meet and confer within ten days of the entry of this Order on all of the issues discussed at the status conference to see if they could agree on a Discovery Plan and Schedule that will divide Phase One discovery into workable stages. If

unable to agree, the parties will have an additional ten days following their conference to file objections to the original Order on Plaintiffs' Motion to Trifurcate Discovery and Trial, Doc. 304, the Order Amending the Order on Plaintiffs' Motion to Trifurcate Discovery being filed simultaneously with this Order, the original Report and Recommendation, Doc. 305, and the Amendment to the Report and Recommendation being filed simultaneously with this Order.

IT IS SO ORDERED.

_____
SPECIAL MASTER HONORABLE ALAN C. TORGERSON