IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IN RE: GOLD KING MINE RELEASE
IN SAN JUAN COUNTY, COLORADO,　　　　　　　　　　　No. 1:18-md-02824-WJ
ON AUGUST 5, 2015

*This Document Relates to All Cases*

## MEMORANDUM OPINION AND ORDER DENYING
## UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT

**THIS MATTER** comes before the Court on the United States' Motion for Partial Summary Judgment, Doc. 268, filed August 13, 2019.

On July 25, 2018, the Defendants the United States of America ("United States"), the United States Environmental Protection Agency ("EPA") and the Administrator of the EPA (collectively the "Federal Defendants") filed their first motion to dismiss the claims asserted by the State of New Mexico, The Navajo Nation, the State of Utah and the *McDaniel* Plaintiffs. *See* Doc. 44. The Federal Defendants argued that Federal Tort Claims Act ("FTCA") waiver of immunity does not apply to claims based on discretionary acts or omissions of government employees. *See* Doc. 164 at 7-8 ("discretionary function exception"). On November 1, 2018, the Federal Defendants filed a second motion to dismiss the tort claims asserted by the *Allen* Plaintiffs, who filed their Complaint after the Federal Defendants had filed their first motion to dismiss. *See* Doc. 114.

The Court denied the Federal Defendants' motions to dismiss the tort claims against the United States "to allow the Sovereign Plaintiffs an opportunity to discovery regarding the discretionary function exception." Doc. 164 at 10, 15, filed February 28, 2019. Discovery opened on August 5, 2019. *See* Special Master Hon. Alan C. Torgerson's Order on Rule 26(f) Discovery Plan, Doc. 257, filed August 5, 2019 (setting limits on written discovery and depositions); *see also*

Special Master's Order Adopting Joint Status Report and Provisional Discovery Plan and Setting Case Management Deadlines, Doc. 303, filed September 11, 2019 (deadline for jurisdictional discovery - February 28, 2020; deadline for fact discovery - August 31, 2020).

On August 13, 2019, which is only eight days after Special Master Hon. Alan C. Torgerson (the "Special Master") entered his Rule 26(f) discovery Order, the United States filed its Motion for Partial Summary Judgment on Plaintiffs' FTCA claims. The United States justifies filing its Motion for Partial Summary Judgment only eight days after the opening of discovery stating:

> In late March and early April 2019, the United States asked Plaintiffs to identify what additional discovery they needed to address the jurisdictional issues that the United States had raised in its motion to dismiss. *See* Doc. 177-2, 177-3. However, Plaintiffs refused to identify any jurisdictional discovery. Doc. 177-4. On May 23, 2019, the Special Master also requested that the parties identify specifically what jurisdictional discovery they needed, *see* Doc. 181 at 1, n.1, and later, at a May 31, 2019, status conference, specified that he had expected to receive "something like you would get in a Rule 56(d) affidavit." Exh. 2 at 23:18-24:10. Despite this, Plaintiffs have failed to identify what specific discovery they need to satisfy their burden of showing that jurisdiction exists. *See* Doc. 183-1.

Motion for Partial Summary Judgment at 7, n.1. This explanation appears to be somewhat misleading. First, while Plaintiffs may not have identified, before discovery opened, what additional jurisdictional discovery they needed, Plaintiffs, in a letter to counsel for the United States, explained that "discovery on Plaintiffs' tort claims cannot be neatly divided into 'jurisdictional discovery' and 'merits discovery,'" and that "it would not be efficient to pursue only narrow discovery on Plaintiffs' tort claims at this stage while proceeding . . . with broad discovery on Plaintiffs' CERCLA claims." Doc. 177-4 at 2-3 (letter dated April 17, 2019). Second, while the Special Master stated he "was thinking more that I would get something like you would get in a Rule 56(d) affidavit," the Special Master also stated "So you weren't very specific, but I got enough information about generally what you wanted to do and, more importantly, the time frame that I'm prepared to rule," and then explained "[t]here are three reasons why I'm not going to agree

to the request for just jurisdictional discovery." Transcript of Status Conference, Exh. 2 at 24:11-24:114, 25:13-25:15, May 31, 2019, Doc. 268-2 at 5. The United States' Motion for Partial Summary Judgment is premature because Plaintiffs have not had an opportunity for discovery. Denying the United States' Motion for Partial Summary Judgment without prejudice will not unfairly burden the United States because the Special Master has set limits on written discovery and depositions, and deadlines for jurisdictional and fact discovery.

The Court denies the United States' Motion for Partial Summary Judgment without prejudice. *See Trans-Western Petroleum, Inc. United States Gypsum Co.*, 830 F.3d 1171, 1175 (10th Cir. 2016) ("[S]ummary judgment should not be granted 'where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'") (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5 (1986)).

**IT IS ORDERED** that the United States' Motion for Partial Summary Judgment, Doc. 268, filed August 13, 2019, is **DENIED without prejudice.**

 **WILLIAM P. JOHNSON**
 **CHIEF UNITED STATES DISTRICT JUDGE**