IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IN RE: GOLD KING MINE RELEASE
IN SAN JUAN COUNTY, COLORADO        No. 1:18-md-02824-WJ
ON AUGUST 5, 2015

*This Document Relates to All Cases*

## ORDER CONCERNING SELECTION OF ALLEN PLAINTIFFS AND MCDANIEL PLAINTIFFS FOR DISCOVERY PURPOSES

The Special Master Hon. Alan C. Torgerson has reviewed the briefs filed simultaneously by the Allen Plaintiffs, Doc. 461, and the United States, Doc. 462, concerning the issues of bellwether plaintiffs in regard to the individual plaintiffs. After considering the arguments of counsel, the authorities cited in the briefing, and the circumstances of this case, the Special Master makes the following rulings concerning the issue of bellwether plaintiffs.

Bellwether plaintiffs are often used in mass tort multi-district litigation, especially in cases involving thousands of individual plaintiffs whose claims have been filed in multiple state and federal courts. In this case, there are approximately 301 Allen Plaintiffs and 15 McDaniel Plaintiffs, all of whom are subject to the jurisdiction of the United States District Court of the District of New Mexico, having filed their complaints in this district. The individual plaintiffs have submitted Form 95 to the Environmental Protection Agency. In addition, the parties have agreed to a questionnaire to be completed by each plaintiff that asks for certain basic information concerning the nature and extent of their individual claims. In order to respond to the

questionnaires, the Allen Plaintiffs have subpoenaed certain documentation and information from the Bureau of Indian Affairs. On February 5, 2020, the Special Master issued an order requiring that the Federal Government respond to the subpoena by February 28, 2020 and requiring the Allen Plaintiffs to submit their questionnaires by March 28, 2020. Nine of the McDaniel Plaintiffs have submitted their questionnaires. It is uncertain at this time whether the remaining McDaniel Plaintiffs will submit responses to the questionnaires.[1]

There are multiple ways to select bellwether plaintiffs for either discovery purposes or for trial purposes. The primary goal in any bellwether selection process is to employ a method of selection for both discovery and bellwether trials that provides meaningful information that is regarded by both sides as representative and that can be extrapolated to the plaintiff group as a whole. The purpose of any bellwether process is to allow the parties to reach a settlement of the individual plaintiffs' claims. If the selection process does not result in truly representative cases, the results may not be useful to any party.

The *Guide to Bellwether Trails in MDL Proceedings*, issued by the Federal Judicial Center and the Judicial Panel on Multidistrict Litigation (2019), lists at least six methods to select cases to fill a bellwether pool: 1) allow one side to pick all cases; 2) divide case selections between the two sides; 3) have the court select representative cases; 4) randomly select cases from the entirety of the cases at issue; 5) adopt a modified approach to randomization; or 6) utilize a grid system to select cases with certain characteristics. All these methods have their advantages and disadvantages.

---

[1] The United States, the Allen Plaintiffs and the McDaniel Plaintiffs have already agreed that if certain individual plaintiffs fail to submit their questionnaires by March 28, 2020, and wish to continue in their lawsuits, the United States may serve interrogatories upon those individual plaintiffs. The interrogatories may be served whether or not these individual plaintiffs are in a discovery pool, as explained in this Order.

The Special Master has decided at this time to only apply the bellwether process to discovery. After reviewing the literature on the pros and cons of various selection methods, the Special Master has decided to use a hybrid approach to select a discovery pool of bellwether Allen Plaintiffs. The Special Master will randomly select thirty Allen Plaintiffs to be in the discovery pool and allow the Allen Plaintiffs and the United States to each strike three of the randomly selected plaintiffs and substitute three plaintiffs chosen by that party to the discovery pool after having reviewed the questionnaires.

In the caption of the Allen Plaintiffs' Second Amended Complaint, Doc. 445, filed January 21, 2020, the Allen Plaintiffs are listed in alphabetical order from Joe C. Allen, Jr. to Susie Yazzie, numbering approximately 301 individuals. Using the digit "8", the parties will select each listed plaintiff who appears 8th, 18th, 28th, 38th, 48th, 58th, 68th, 78th, 88th, 98th, 108th, et seq., until reaching the 298th listed plaintiff. This will result in a preliminary list of thirty Allen Plaintiffs. After the questionnaires have been submitted by the Allen Plaintiffs, on or before March 28, 2020, the United States and the Allen Plaintiffs may each strike up to three of the randomly selected plaintiffs and substitute up to three plaintiffs whom they believe will be more representative of a true cross-section of the Allen Plaintiffs. These strikes and substitutions must be made simultaneously at noon MST on April 13, 2020. If the United States and the Allen Plaintiffs have decided to strike the same randomly chosen Allen Plaintiff, each side will be allowed to substitute another Allen Plaintiff. Once the parties reach the final list of up to thirty Allen Plaintiffs, these individuals will comprise the Allen Plaintiffs discovery pool.

As for the McDaniel Plaintiffs, the Special Master does not believe it would be helpful or necessary to randomly select plaintiffs for a McDaniel Plaintiffs discovery pool. Instead, the

United States, in consultation with the other Defendants, and counsel for the McDaniel Plaintiffs should mutually choose three representative McDaniel Plaintiffs who will comprise their discovery pool and therefore be subject to depositions. Nine of the McDaniel Plaintiffs have already submitted their questionnaires, so the United States has had several weeks to review this information. If the United States, the other Defendants, and the McDaniel Plaintiffs are not able to mutually decide on three representative McDaniel Plaintiffs to form their discovery pool, the parties should inform the Special Master so that he may assist them in selecting the three McDaniel Plaintiffs who will comprise the McDaniel Plaintiffs discovery pool.

The Special Master realizes that the Allen Plaintiffs planned to file a witness list that would be designed to be a diverse and representative class of Allen Plaintiffs, using such characteristics as geographic location, type of land use, size of lots, and different amounts of requested damages. The Allen Plaintiffs have expressed concerns that a random selection of bellwether plaintiffs will not be representative of these characteristics and that a carefully selected witness list would be more useful for discovery. The Special Master believes the process outlined above will satisfy these concerns. The Special Master is concerned based on studies that have been referenced in the literature that when one party chooses cases or individuals to be subject to the bellwether process, the results tend to be skewed and rarely mimic a truly random selection in spite of the best efforts of counsel to be objective.

The Special Master has decided to use a hybrid bellwether selection approach to select a discovery pool so that depositions may be taken in a timely, efficient, and effective manner. Although the questionnaires are not due from the Allen Plaintiffs until March 28, 2020, the Special Master assumes that the United States, in cooperation with the other Defendants, will begin

scheduling, and if possible, taking depositions of the individual plaintiffs prior to that date. In particular, there is no reason why the parties can't agree on representative bellwether McDaniel Plaintiffs within the next ten days and agree on a schedule to take those deposition. Likewise, rather than waiting until after March 28, 2020 to begin scheduling the depositions of the bellwether Allen Plaintiffs, that process should also begin immediately. If the parties cannot agree at this time on which Allen Plaintiffs' depositions to take first, they can certainly agree on setting dates and locations for the anticipated depositions.

IT IS SO ORDERED.

_____
SPECIAL MASTER HONORABLE ALAN C. TORGERSON