# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

IN RE: GOLD KING MINE RELEASE
IN SAN JUAN COUNTY, COLORADO,             No. 1:18-md-02824-WJ
ON AUGUST 5, 2015

*This Document Relates to:*    No. 1:16-cv-00465-WJ-LF
                                  No. 1:18-cv-00319-WJ

## MEMORANDUM OPINION AND ORDER
## DENYING NEW MEXICO'S AND UTAH'S MOTION TO DISMISS AND
## GRANTING SUNNYSIDE GOLD CORPORATION'S
## MOTION FOR LEAVE TO AMEND ANSWERS

**THIS MATTER** comes before the Court on States of New Mexico's and Utah's Motion to Dismiss Counterclaims of Defendant Environmental Restoration, LLC and Incorporated Supporting Memorandum, Doc. 243, filed July 29, 2019 ("Motion to Dismiss"), and Defendant Sunnyside Gold Corporation's Motion for Leave to Amend Answers, Doc. 312, filed September 30, 2019 ("Motion to Amend").

**Procedural Background**

Defendant Environmental Restoration, LLC, ("ER") filed counterclaims against Plaintiffs State of New Mexico ("New Mexico") and State of Utah ("Utah") for: (i) cost recovery pursuant CERCLA § 107; (ii) contribution pursuant to CERCLA § 113; and (iii) declaratory relief. New Mexico and Utah move the Court to dismiss ER's counterclaims.

Defendant Sunnyside Gold Corporation ("Sunnyside") requests leave to amend to add counterclaims against New Mexico and Utah under CERCLA for cost recovery, contribution and declaratory judgment.

**Cost Recovery**

ER has asserted, and Sunnyside seeks to add, counterclaims for cost recovery pursuant to 42 U.S.C. § 9607(a). To establish a prima facie case under § 9607(a), "a plaintiff must prove

(1) the site is a facility, (2) defendant is a responsible person, (3) the release or threatened release of a hazardous substance has occurred, *and* (4) the release or threatened release caused the plaintiff to incur necessary response costs consistent with the National Contingency Plan (NCP)." *Young v. United States*, 394 F.3d 858, 862 (10th Cir. 2005).

New Mexico and Utah's Motion to Dismiss

New Mexico and Utah contend that ER failed to state a claim because "ER has not sufficiently pled that it has incurred or will incur necessary response costs consistent with the NCP," noting that "a claimant must plead 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" Doc. 243 at 9 (quoting *Iqbal*, 556 U.S. at 678).

ER has sufficiently pled that it has incurred or will incur necessary response costs consistent with the NCP. Rule 8 only requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. *(a)(2). ER alleges:

> ER has incurred, and will continue to incur in the future, necessary response costs to, among other things, clean up and otherwise respond to the release of alleged contaminants from the Gold King Mine, which [New Mexico and Utah allege] is a release associated with the Facility, in a manner consistent with the NCP, 40 C.F.R. Part 300 *et seq.* ER has not been and will not be reimbursed by EPA for all of these costs under ER's agreements with EPA. In addition, ER has incurred labor and other direct costs and expenses in connection with operating an interim water treatment plant in the Cement Creek drainage at Gladstone, Colorado, approximately nine (9) miles north of Silverton, Colorado. ER will incur additional labor and other direct costs to clean up and otherwise respond to the release of contaminants from the Gold King Mine, and to operate the interim water treatment plant in the Cement Creek drainage at Gladstone, Colorado.

Doc. 214-1 ¶ 87, Doc. 218-1 ¶ 65.

New Mexico and Utah also contend that ER fails to state a claim for cost recovery because

> ER does not allege it has incurred costs in connection with the Gold King Mine release (the "release") *within the States of New Mexico and Utah* … ER's pleading alleges it subsequently incurred costs *in Colorado* that have in no way caused the investigation or remediation of its pollution from the Gold King Mine Blowout in the States. Because ER does not and cannot plead its alleged costs were incurred

2

> to respond to the release that contaminated the States, ER cannot recover such costs from the States.

Doc. 243 at 10 (*emphasis in original*) (noting that "there must be a nexus between the costs claimed and the contamination caused by the release") (citing *Young v. United States*, 394 F.3d 858, 863 (10th Cir. 2005)).

ER has stated a claim for cost recovery. CERCLA's cost recovery provision does not require that ER incur response costs at any particular location to state a claim for liability. *See Tosco Corp. v. Koch Industries, Inc.*, 216 F.3d 886, 891 (10th Cir. 2000) ("The plaintiff in a CERCLA response cost recovery action involving multiple potentially responsible persons need not prove a specific causal link between costs incurred and an individual responsible person's waste"). The Sixth Circuit explained:

> It is clear from the text, structure, and legislative history of § 107 that the provision does not require a plaintiff to show that a particular defendant caused either the release or the incurrence of response costs in order to prove liability … the text of § 107 imposes no such causation requirement on its face ... interpreting [§ 107] as including a causation requirement makes superfluous the affirmative defenses provided in [§ 107(b)], each of which carves out from liability an exception based on causation … the final version of the bill ultimately passed by Congress deleted the requirement that liability be imposed only on those who 'caused or contributed to the release or threatened release' contained in the earlier version passed by the House of Representatives.

*Kalamazoo River Study Group v. Menasha Corp.*, 228 F.3d 648, 655 (6th Cir. 2000). ER has alleged that: (1) the river system is a facility because it is where hazardous substances have come to be located, *see* Doc. 214 ¶ 80, Doc. 218 ¶ 58 (alleging the Animas and San Juan Rivers and Lake Powell "comprise a facility within the meaning of CERCLA … because (as [the States of New Mexico and Utah allege]) it is a 'site or area where a hazardous substance has been deposited, stored, disposed of, or placed, or otherwise come to be located'"); (2) New Mexico and Utah, as owners of the river beds, are responsible persons, *see* Doc. 214 ¶¶ 68-70 (alleging "the riverbeds

underneath the Animas and San Juan [R]ivers within the geographical boundaries of New Mexico are the property of [the State of New Mexico], Doc. 218 ¶¶ 47-49 (alleging "the lakebed underneath Lake Powell is the property of [the State of Utah];" (3) a release of a hazardous substance has occurred, *see* Doc. 214 ¶ 80, Doc. 218 ¶ 58; and (4) the release or threatened release caused ER to incur necessary response costs consistent with the National Contingency Plan (NCP), *see* Doc. 214-1 ¶ 87, Doc. 218-1 ¶ 65 (quoted above). ER has met the low burden of stating a liability claim under CERCLA's cost recovery provision. The Court denies New Mexico's and Utah's motion to dismiss ER's cost recovery counterclaims.

Sunnyside's Motion to Amend

Utah asserts that Sunnyside's proposed amendment to add a cost recovery counterclaim is futile because costs incurred in Colorado have an insufficient nexus to Utah's contaminated sites hundreds of miles downstream. *See* Doc. 346 at 12-15.

Sunnyside has stated a claim for liability under CERCLA's cost recovery provision. Sunnyside has alleged that: (1) the river system is a facility because it is where hazardous substances have come to be located, *see* Proposed Counterclaim ¶ 22, Doc. 312-2 (alleging the "EPA has taken the position that the BPMD facility extends to wherever hazardous substances originating in the BPMD have come to be located and extends all the way to Lake Powell"); (2) Utah, as the owner of the river beds, is a responsible person, *see* Proposed Counterclaim ¶ 32 (alleging "Utah retains ownership and control of the San Juan [R]iver as well as Lake Powell"); (3) a release of a hazardous substance has occurred, *see* Proposed Counterclaim ¶¶ 33, 37 (alleging Utah's "First Amended Complaint alleges that there was a release or threat[en]ed release of hazardous substances located in the Animas and San Juan [R]ivers"); and (4) the release or threatened release caused Sunnyside to incur necessary response costs consistent with the National

4

Contingency Plan, *see* Proposed Counterclaim ¶¶ 17-18, 38-39 (alleging Sunnyside "has conducted response actions in the BPMD as ordered by the EPA pursuant to a Unilateral Administrative Order"). The Court grants Sunnyside's motion to amend to add cost recovery claims.

**Contribution**

ER has asserted, and Sunnyside seeks to add, counterclaims for contribution pursuant to 42 U.S.C. § 9613(f)(1) which provides that "[a]ny person may seek contribution from any other person who is liable or potentially liable under section 9607(a) [CERCLA's liability and cost provision]." "To establish liability under § 9613(f), it is sufficient for the plaintiff to establish a connection between a particular defendant and the incurred responses costs *vis à vis* the defendant's identification as a responsible person as defined in § 9607(a)." *Tosco Corp. v. Koch Industries, Inc.*, 216 F.3d 886, 891 (10th Cir. 2000).

<u>New Mexico's and Utah's Motion to Dismiss</u>

New Mexico and Utah contend that ER has not sufficiently pled necessary response costs consistent with the National Contingency Plan for its contribution claims. Doc. 243 at 13-16. As discussed above regarding New Mexico's and Utah's motion to dismiss ER's cost recovery claims, ER has sufficiently pled necessary response costs consistent with the National Contingency Plan. The Court denies New Mexico's and Utah's motion to dismiss ER's contribution counterclaims.

<u>Sunnyside's Motion to Amend</u>

Utah asserts that Sunnyside's proposed amendment to add a contribution counterclaim is futile because Sunnyside has no cost recovery claim against Utah. *See* Doc. 346 at 15-16 (stating "Any contribution claim under Section 113 'of necessity' 'must incorporate the liabilities set forth in § 107(a), as those are the costs to be equally apportioned'") (quoting *Bancamerica Commercial*

*Corp. v. Mosher Steel of Kansas*, 100 F.3d 792, 800 (10th Cir. 1996), *as amended*, 103 F.32d 80 (1996)).

As discussed above, Sunnyside's proposed counterclaim states a claim for cost recovery. The Court grants Sunnyside's motion to amend to add contribution claims.

**Declaratory Judgment**

ER has asserted, and Sunnyside seeks to add, counterclaims for declaratory relief pursuant to 42 U.S.C. § 9613(g)(2) which provides in part: "the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs."

New Mexico and Utah move to dismiss ER's counterclaims for declaratory relief, and Utah opposes Sunnyside's motion to add counterclaims for declaratory relief, on the ground that "a plaintiff cannot bring a claim for declaratory relief under § 113(g)(2)(B) in the absence of a valid underlying contribution or cost-recovery claim." Doc. 243 at 16, Doc. 346 at 15 (both quoting *Atlantic Richfield v. United States*, 181 F.Supp.3d 898, 923 (D.N.M. 2016) (Parker, J.)).

The Court denies New Mexico's and Utah's motion to dismiss ER's counterclaims for declaratory relief, and grants Sunnyside's motion to add counterclaims for declaratory relief, because ER's counterclaims and Sunnyside's proposed counterclaims state claims for cost recovery and contribution.

**Undue Delay and the Requirement to Meet and Confer Prior to Filing Motion to Amend**

Utah asserts that Sunnyside "failed to properly meet and confer prior to filing its Motion" and quotes Special Master Torgerson's statement at the August 30, 2019, Status Conference:

> [G]oing forward, you're going to be required to set forth in your motion that you met and conferred and discussed the issue on this date or *exchanged e-mails* or – my preference is a personal conversation, not an e-mail – but to set forth some indication that you made a good-faith attempt to resolve the issue and you met and

> conferred and discussed it. And if that's not in the motion, it's going to be denied summarily."

Response at 10 (*emphasis added*).

Sunnyside's counsel sent an email to counsel for New Mexico and Utah on Thursday, September 26, 2019, stating that he was planning on filing a motion for leave to add counterclaims and that he assumed counsel for New Mexico and Utah ("States") would oppose the motion. *See* Utah's Response at 7-8, Doc. 346, filed October 23, 2019. Utah's counsel responded with an email the next day stating the Mining Defendants never raised the possibility of counterclaims and that Sunnyside's email is not a proper effort at meet and confer under the Local Rules and the Special Master's orders. *See* Doc. 346-1 at 5. Sunnyside's counsel responded that same day stating they raised the possibility of amending their pleadings "at the meet and confer in Denver back in July," that they wanted to review ER's counterclaims and the States' "motions to dismiss those claims before making a final decision on filing anything," and that he was available the rest of the day and Monday, September 30, 2019. Doc. 346-1 at 5. After a couple more emails exchanges, Sunnyside's counsel stated Utah's counsel could call him Monday, September 30, 2019, and that he was "happy to discuss further but don't expect to reach agreement based on the arguments you made with ER." Doc. 346-1 at 5.

The Court finds that Sunnyside properly met and conferred prior to filing its Motion and did not unreasonably delay filing its Motion. The email exchange between counsel show that they briefly conferred about the matter. Additional discussion would likely have been futile given that both counsel had considered the briefing of the issues from the States' motion to dismiss ER's similar counterclaims. That briefing was completed on September 5, 2019, and Sunnyside filed its Motion on September 30, 2019. Sunnyside's waiting until after it reviewed ER's counterclaims

and the States' motion to dismiss ER's counterclaims is consistent with Sunnyside's obligation under Fed. R. Civ. P. 11(b)(2) to make sure its claims are warranted by existing law.

Utah also asserts that Sunnyside "unreasonably delayed bringing its Motion," because "[t]he facts underlying Sunnyside's proposed counterclaims … have been known to it for years." Response at 11.

Sunnyside timely filed its Motion. Sunnyside filed its Motion by the September 30, 2019, deadline for moving to amend pleadings, which was proposed by the Parties and adopted by the Court. *See* Joint Status Report and Provisional Discovery Plant at 4, Doc. 244, filed July 30, 2019; Special Master Torgerson's Order Adopting Joint Status Report and Provisional Discovery Plan and Setting Case Management Deadlines, Doc. 303, filed September 11, 2019.

**Innocent Landowner Defense**

New Mexico and Utah argue that ER's counterclaims and Sunnyside's proposed counterclaims fail because of CERCLA's innocent landowner defenses. *See* Doc. 243 at 17, Doc. 346 at 16. CERCLA's defense provision states: "There shall be no liability under [the cost recovery provision] for a person otherwise liable who can establish by a preponderance of the evidence that the release or threat of release … were caused solely by … an act or omission of a third party." 42 U.S.C. § 9607(b). "To be sure, on occasion it is proper to dismiss a claim on the pleadings based on an affirmative defense. But that is only when the complaint itself admits all the elements of the affirmative defense by alleging the factual basis for those elements." *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018). New Mexico and Utah have not identified those portions of the counterclaims that admit all the elements of the CERCLA's innocent landowner defenses. Consequently, the Court will not, **at this time**, dismiss

ER's counterclaims or find Sunnyside's proposed counterclaims futile, based on CERCLA's innocent landowner defenses.

**IT IS ORDERED** that:

(i) States of New Mexico's and Utah's Motion to Dismiss Counterclaims of Defendant Environmental Restoration, LLC and Incorporated Supporting Memorandum, Doc. 243, filed July 29, 2019, is **DENIED.**

(ii) Defendant Sunnyside Gold Corporation's Motion for Leave to Amend Answers, Doc. 312, filed September 30, 2019, is **GRANTED.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**