# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

IN RE: GOLD KING MINE RELEASE
IN SAN JUAN COUNTY, COLORADO,                     No. 1:18-md-02824-WJ
ON AUGUST 5, 2015

*This Document Relates to:*    No. 1:16-cv-00465-WJ-LF
                                            No. 1:18-cv-00931-WJ

## MEMORANDUM OPINION AND ORDER
## GRANTING UNITED STATES' MOTION FOR JUDGMENT ON THE PLEADINGS
## ON SUNNYSIDE GOLD'S DUE POCESS COUNTERCLAIM

**THIS MATTER** comes before the Court on Defendant United States' Motion for Judgment on the Pleadings on Sunnyside Gold's Due Process Counter Claim, Doc. 345, filed October 22, 2019.

**Procedural Background**

Defendant Sunnyside Gold Corporation ("Sunnyside") filed a counterclaim for "Violation of [Sunnyside's] Due Process Rights Against United States" in the cases filed by the State of New Mexico and the Navajo Nation. *See* Doc. 375 at 31, filed July 22, 2019; Doc. 376 at 31, filed July 22, 2019.

Sunnyside alleges that the EPA issued an administrative order directing Sunnyside to conduct work in the Bonita Peak Mining District [BPMD] and Sunnyside expended considerable costs to comply with EPA's order. Sunnyside also contends that because EPA is a Defendant in the Gold King Mine litigation, and because EPA is the administrator of the BPMD Superfund site, EPA has a conflict of interest and issued the administrative order "to divert attention away from EPA and toward" Sunnyside.

Sunnyside concludes that "EPA's conduct wrongfully deprives [Sunnyside] of its property without due process," and asks the Court to declare that the United States' issuance of the

administrative order violates Sunnyside's due process rights pursuant to the Fifth Amendment, to order that EPA be removed as the lead agency at the BPMD, and to declare those portions of CERCLA's statutory and regulatory scheme that allow EPA to administer a Superfund site where EPA has a conflict of interest unconstitutional as applied in this situation.

The United States contends that Sunnyside's due process counterclaim is jurisdictionally barred by 42 U.S.C. § 9613(h) and that Sunnyside fails to state procedural and substantive due process claims. Because the Court concludes that Sunnyside fails to state procedural and substantive due process claims, the Court need not address the jurisdictional bar arguments.

**Procedural Due Process**

"A procedural-due-process claim requires (1) a constitutionally cognizable liberty or property interest, (2) a deprivation of this interest, and (3) a lack of constitutionally adequate notice and a hearing …. To determine whether a plaintiff has been deprived of procedural due process, courts ask two questions: (1) Did the plaintiff possess a protected property or liberty interest to which due process protections apply? And if so, (2) was the plaintiff afforded an appropriate level of process?" *Martin Marietta Materials, Inc. v. Kansa Dept. of Transp.*, 810 F.3d 1161, 1172 (10th Cir. 2016).

Sunnyside argues that it has four protected property interests: (1) loss of property value by having its property placed on EPA's National Priority List; (2) financial costs of remediating a Superfund Site; (3) Sunnyside's "good name, reputation, honor and integrity;" and (iv) "protections afforded by the Federal Rules of Civil Procedure." Sunnyside's Response at 14-15, Doc. 388 filed November 25, 2019.

The Court denies Sunnyside's procedural due process claims based on loss of property value by having its property placed on EPA's National Priority List and damage to Sunnyside's

"good name, reputation, honor and integrity." "[S]tigma alone is insufficient to invoke due process protections." *General Electric Co. v. Jackson*, 610 F.3d 110, 121 (D.C. Cir. 2010) (citing *Paul v. Davis*, 424 U.S. 693, 704-06 (1976)). *Davis's* stigma-plus rule is "satisfied only where plaintiffs show, in addition to reputational harm, that (1) the government has deprived them of some benefit to which they have a legal right … or (2) the government-imposed stigma is so severe that it 'broadly precludes' plaintiffs from pursuing a 'chosen trade or business.'" *General Electric Co. v. Jackson*, 610 F.3d at 121 (stating "we have applied the stigma-plus framework to property claims, requiring plaintiffs to show that alleged reputational harm *completely* destroys the value of their property") (*emphasis in original*). Sunnyside has not alleged that having its property placed on EPA's National Priority List completely destroyed the value of the property. Nor has Sunnyside alleged that the damage to Sunnyside's "good name" and "reputation" have deprived Sunnyside of any benefit to which Sunnyside has a legal right.

The Court denies Sunnyside's procedural due process claim based on the financial costs of remediating a Superfund site because there is an appropriate level of process available to Sunnyside. EPA issued the administrative order directing Sunnyside to conduct work in the Bonita Peak Mining District pursuant to 42 U.S.C. § 9606(a). The provision following 42 U.S.C. § 9606(a) allows the party that is subject to a § 9606(a) administrative order to obtain a pre-deprivation hearing by refusing to comply with EPA's administrative order and forcing EPA to sue in federal court. *See* 42 U.S.C. § 9606(b)(1); *General Electric Co. v. Jackson*, 610 F.3d at 117-119 (concluding that CERCLA's administrative order procedure satisfies due process). Alternatively, a party that is subject to a § 9606(a) administrative order could comply with EPA's administrative order, as Sunnyside has done, petition for reimbursement, and if all or part of the

petition is refused, file an action in federal court seeking reimbursement. *See* 42 U.S.C. § 9606(b)(2)(A-B).

The Court denies Sunnyside's procedural due process claim based on "protections afforded by the Federal Rules of Civil Procedure." Sunnyside argues that the "Federal Rules have been written, revised, and revised again to ensure that litigation proceeds fairly." Doc. 388 at 15. However, Sunnyside's Due Process Counterclaim does not allege that Sunnyside was deprived of protections afforded by the Federal Rules of Civil Procedure. *See* Doc's 375 at 31-36, 376 at 31-36. Instead, Sunnyside argues, without explanation, that the Court entered its Initial Case Management Order in June 2018 and "EPA has purposefully abused its powers under CERCLA to circumvent the protections afforded by the Federal Rules and in contravention of this Court's scheduling orders in an improper effort to gain an advantage in this litigation and has thereby deprived [Sunnyside] of a constitutionally protected interest." Doc. 388 at 15-16.

**Substantive Due Process**

"A violation of substantive due process may arise … from … official conduct that deprives a person of life, liberty, or property in a manner so arbitrary as to shock the judicial conscience." *Lindsey v. Hyler*, 918 F.3d 1109, 1115 (10th Cir. 2019). "'Arbitrary' actions are those performed capriciously or at one's pleasure and without good reason." *Browder v. City of Albuquerque*, 787 F.3d 1076, 1080 (10th Cir. 2015). "Substantive due process prohibits only the most egregious official conduct … Even most intentionally inflicted injuries caused by misuse of government authority will not meet this standard." *Koessel v. Sublette County Sheriff's Dept.*, 717 F.3d 736, 750 (10th Cir. 2013).

Sunnyside's Counterclaim fails to state a claim for a violation of substantive due process because the allegations in the Counterclaim do not indicate that EPA deprived Sunnyside of a

protected property interest in a manner so arbitrary as to shock the judicial conscience. Sunnyside's Counterclaim states that: (i) Sunnyside acquired the Sunnyside Mine and was involved in mining operations; (ii) EPA is the Lead Agency for the Bonita Peak Mining District and issued an administrative order directing Sunnyside to conduct work in the Bonita Peak Mining District. *See* Doc. 376 at 21-26. Sunnyside alleges that EPA improperly issued the administrative order because: (i) EPA has a conflict of interest: (ii) EPA is trying to divert attention away from EPA and towards Sunnyside; and (iii) the administrative order is not intended to protect human health, safety or the environment. *See* Doc. 376 at 31-36. Those allegations, even if true, are not so egregious as to shock the judicial conscience.

**IT IS ORDERED** that United States' Motion for Judgment on the Pleadings on Sunnyside Gold's Due Process Counter Claim, Doc. 345, filed October 22, 2019, is **GRANTED.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**