# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

IN RE: GOLD KING MINE RELEASE
IN SAN JUAN COUNTY, COLORADO,                             No. 1:18-md-02824-WJ
ON AUGUST 5, 2015

*This Document Relates to: No. 1:16-cv-00931-WJ-LF*
                        *No. 1:16-cv-00465-WJ-LF*

## MEMORANDUM OPINION AND ORDER
## OVERRULING OBJECTIONS TO SPECIAL MASTER'S ORDER

**THIS MATTER** comes before the Court on the Federal Parties' Objections to the Special Master's Order on the Sufficiency of the Sovereign Plaintiffs' Answers, Doc. 844, filed September 24, 2020.

On September 3, 2020, the Special Master, the Honorable Alan C. Torgerson, denied in part the Federal Parties' Motion to Determine the Sufficiency of the Sovereign Plaintiffs' Answers to Requests for Admission. *See* Doc. 797. The Federal Parties object to the Special Master's rulings on Requests for Admissions ("RFA") Nos. 5-10, 12-15, 18-20, 25-26 and 30. The Special Master stated that "No further response is required" for RFAs 5-10, 12-15, 18-20, 25-26 and 30.

Rule 36 permits parties to serve requests for admissions "relating to … facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A). Rule 36 "does not authorize requests for admissions of law unrelated to the facts of the case." Fed. R. Civ. P. 36(a) advisory committee's note to 1970 amendment; *see also Disability Rights Council v. Wash. Metro. Area*, 234 F.R.D. 1, 3 (D.D.C. 2006) (it is "inappropriate for a party to demand that the opposing party ratify legal conclusions that the requesting party has simply attached to operative facts").

**RFAs 5, 8, 12 and 18**

RFA 5 states:[1]

Admit that 29 C.F.R. § 1926.651(h) is an Occupational Health and Safety Act regulation applicable to employers at the Gold King Mine in 2014 and 2015 *for protection of their employees from hazards associated with water accumulation.*

RFA 8 states:

Admit that 29 C.F.R. § 1910.120(b)(1)(iii) is an Occupational Health and Safety Act regulation applicable to employers at the Gold King Mine in 2014 and 2015 *for protection of their employees.*

RFA 12 states:

Admit that 29 C.F.R. § 1926.651(k) is an Occupational Health and Safety Act regulation applicable to employers at the Gold King Mine in 2014 and 2015 *for protection of their employees.*

RFA 18 states:

Admit that 29 C.F.R. § 1910.120(e)(7) is an Occupational Health and Safety Act regulation applicable to employers at the Gold King Mine in 2014 and 2015 *for protection of their employees.*

The Navajo Nation and State of New Mexico ("New Mexico") admitted that regulations cited in RFAs 5, 8, 12 and 18 applied to the U.S. Environmental Protection Agency ("EPA") and its contractors at the Gold King Mine in 2014 and 2015, but objected to admitting the *italicized* portions of the RFAs on the ground that they call for a legal conclusion without the application of law to fact.[2]

---

[1] The text of the RFAs and the responses are taken from the responses by the Navajo Nation, Doc. 737-1, and the State of New Mexico, Doc. 737-2, which were attached to the Federal Parties' Motion to Determine the Sufficiency of Sovereign Plaintiffs' Answers to Requests for Admission, Doc. 737, filed July 15, 2020.

[2] The Navajo Nation and State of New Mexico also object to some of the RFAs on the grounds that some of the terms, such as "adequately protected," are vague and ambiguous, or that it calls for information that is protected by an applicable privilege or other protection. Because it finds the Navajo Nation and New Mexico's responses are sufficient, the Court does not address whether terms are vague or ambiguous, or whether the information sought is privileged or otherwise protected.

The Federal Parties objected to the Special Master's rulings on RFAs 5, 8, 12 and 18 stating those RFAs asked the Navajo Nation and New Mexico "to admit that the plain language of the regulations shows that EPA's duties were limited to the protection of employees." Response at 7-8 (stating that: (i) the regulation cited in RFA 5 contains the language "to protect employees against the hazards posed by water accumulation;" (ii) the regulation in RFA 8 contains the language "Employers shall develop and implement a written safety and health program for their employees involved in hazardous waste operations;" and (iii) RFAs 12 and 18 "concerned the scope of" the cited regulations").

The Court overrules the Federal Parties' Objections to the Special Master's rulings on the Navajo Nation and New Mexico's responses to RFAs 5, 8, 12 and 18. The Navajo Nation and New Mexico admitted the cited regulations applied to EPA and its contractors at the Gold King Mine in 20104 and 2015. Asking the Navajo Nation and New Mexico to admit language contained in the regulations, and the purpose and scope of the regulations, seeks admissions of law unrelated to the facts of the case.

**RFAs 6, 7, 9, 10, 13, 14, 19, 20, 26 and 30**

RFA 6 states:

Admit that 29 C.F.R. § 1926.651(h)(1) allowed for discretion in how employees at the Gold King Mine in 2014 and 2015 may be adequately protected against hazards posed by water accumulation.

RFA 7 states:

Admit that 29 C.F.R. § 1926.651(h)(1) did not prescribe specific precautions for adequately protecting employees against hazards posed by water accumulation at the Gold King Mine in 2014and 2015.

RFA 9 states:

Admit that 29 C.F.R. § 1910.120(b)(1)(iii), if it applied, allowed the U.S. Environmental Protection Agency to exercise discretion in how a site excavation

can be appropriately shored or sloped to prevent accidental collapse at the Gold King Mine in 2014 and 2015.

RFA 10 states:

Admit that 29 C.F.R. § 1910.120(b)(1)(iii) did not prescribe specific procedures for shoring or sloping a site excavation to prevent accidental collapse at the Gold King Mine in 2014 and 2015.

RFA 13 states:

Admit that 29 C.F.R. § 1926.651(k)(1) only required inspections at the Gold King Mine in 2014 and 2015 for evidence of a situation that could result in possible cave-ins, indications of failure of protective systems, hazardous atmospheres, or other hazardous conditions when employee exposure can be reasonably anticipated.

RFA 14 states:

Admit that 29 C.F.R. § 1926.651(k)(1) provided discretion in requiring inspections only when employee exposure can be reasonably anticipated at the Gold King Mine in 2014 and 2015.

RFA 19 states:

Admit that 29 C.F.R. § 1910.120(e)(7) allowed the U.S. Environmental Protection Agency to exercise discretion in the content of training how to respond to expected emergencies at hazardous waste cleanup sites, such as the Gold King Mine.

RFA 20 states:

Admit that 29 C.F.R. § 1910.120(e)(7) did not prescribe specific training that the U.S. Environmental Protection Agency had to provide regarding response to expected emergencies at hazardous waste cleanup sites, such as the Gold King Mine.

RFA 26 states:

Admit that under 40 C.F.R. § 300.150(c), the U.S. Environmental Protection Agency may delegate the responsibility for the preparation of a Health and Safety Plan ("HASP") under the Occupational Safety and Health Act ("OSHA") to a contractor.

RFA 30 states:

Admit that in 2014 and 2015, U.S. Environmental Protection Agency On-Scene Coordinators ("OSCs") performing a removal site evaluation under the

Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") had discretion in determining how to perform the response under 40 C.F.R. § 300.400 *et seq.*, including in modifying plans and in determining when to stop work.

The Navajo Nation and State of New Mexico objected to admitting RFAs 6, 7, 9, 10, 13, 14, 19, 20, 26 and 30 on the ground that they call for a legal conclusion without the application of law to fact.

The Court overrules the Federal Parties' Objections to the Special Master's rulings on the Navajo Nation and New Mexico's responses to RFAs 6, 7, 9, 10, 13, 14, 19, 20, 26 and 30 because those RFAs ask the Navajo Nation and New Mexico to admit legal conclusions regarding the subject regulations. While the RFAs reference "Gold King Mine" and "U.S. Environmental Protection Agency," they only ask the Navajo Nation and New Mexico to admit what the cited regulations require/do not require or permit. *See Disability Rights Council v. Wash. Metro. Area*, 234 F.R.D. 1, 3 (D.D.C. 2006) (it is "inappropriate for a party to demand that the opposing party ratify legal conclusions that the requesting party has simply attached to operative facts").

**RFAs 15 and 25**

RFA 15 states:

Admit that 29 C.F.R. § 1910.120(e)(7) applies only to employees engaged in responding to hazardous emergency situations at hazardous waste clean-up sites that may expose the employees to hazardous substances.

RFA 25 states:

Admit that under 40 C.F.R. § 300.150(e), governmental agencies and private employers are directly responsible for the health and safety of their own employees.

The Navajo Nation and New Mexico objected to admitting RFAs 15 and 25 on the ground that they seek a legal conclusion without application of law to facts.

- 6 -

The Court overrules the Federal Parties' Objections to the Special Master's rulings on the Navajo Nation and New Mexico's responses to RFAs 15 and 25 because both RFAs ask the Navajo Nation and New Mexico to admit legal conclusions regarding the subject regulations without any reference at all to the facts of this case.  *See* Fed. R. Civ. P. 36(a) advisory committee's note to 1970 amendment (Rule 36 "does not authorize requests for admissions of law unrelated to the facts of the case").

**IT IS ORDERED** that the Federal Parties' Objections to the Special Master's Order on the Sufficiency of the Sovereign Plaintiffs' Answers, Doc. 844, filed September 24, 2020, are **OVERRULED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE