**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

IN RE: GOLD KING MINE RELEASE
IN SAN JUAN COUNTY, COLORADO,                            No. 1:18-md-02824-WJ
ON AUGUST 5, 2015

*This Document Relates to all cases.*

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION OF DEFENDANT HARRISON WESTERN CONSTRUCTION**
**CORPORATION TO DISMISS STATE OF UTAH AND ENVIRONMENTAL**
**RESTORATION, LLC'S CLAIMS**

**THIS MATTER** comes before the Court on the Motion of Defendant Harrison Western Construction Corporation ("Harrison Western") to Dismiss State of Utah ("Utah") and Environmental Restoration, LLC's ("ER") Claims, Doc. 865, filed October 13, 2020 ("Motion").

Harrison Western is a mining services subcontractor that "was retained by ER in August 2014 to assist in the reopening of the Gold King Mine." Motion at 6. Harrison Western previously filed two motions to dismiss Utah's First Amended Complaint, along with declarations of two of its employees, for lack of personal jurisdiction and for failure to state a claim. *See* Doc. 41, filed July 25, 2018; Doc. 48, filed August 3, 2018. Utah argued that the accuracy of the factual statements in the declarations cannot be ascertained at the pleading stage and that resolving the factual issues must await discovery and the relevant responses of EPA and the other contractors. *See* Doc. 59 at 7, filed August 27, 2018.

The Court denied Harrison Western's first two motions to dismiss stating:

> Where there has been no evidentiary hearing, as in this case, and the motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written material, the plaintiff need only make a prima facie showing that jurisdiction exists. All factual disputes are resolved in favor of the plaintiffs when determining the sufficiency of this showing.

> *Rusakiewicz v. Lowe*, 556 F.3d 1095, 1100 (10th Cir. 2009) (quotation marks, ellipses and citations omitted).
>
> Although the statements in the declarations appear to support Harrison Western's contentions that the Court does not have jurisdiction and that Utah cannot state a claim on which relief may be granted, there has been no evidentiary hearing. Consequently, the Court must resolve all factual disputes in favor of Plaintiff Utah. The allegations in Utah's First Amended Complaint, which in many cases refer only to the "Contractor Defendants" (ER, Weston Solutions, and Harrison Western), make a prima facie showing that jurisdiction exists and state claims upon which relief may be granted.
>
> After an opportunity for discovery, Special Master Hon. Alan C. Torgerson shall hold an evidentiary hearing and file proposed findings of fact regarding the Court's personal jurisdiction over Harrison Western. After the Court rules on any objections to the Special Master's proposed findings of fact, Harrison Western may file another motion to dismiss.

Mem. Op. and Order at 2-3, Doc. 167, filed March 26, 2019.

Harrison Western now moves the Court to dismiss Utah and ER's claims against Harrison Western contending that "New Mexico and Utah courts lack personal jurisdiction because Harrison Western is a Colorado corporation with a principal place of business in Colorado and because the claimed damages did not result from any intentional conduct by Harrison Western expressly aimed at the State of New Mexico or the State of Utah." Motion at 3 (supported by the declarations of Harrison Western's president and superintendent; Doc. 865-2 and Doc. 865-4).

In its Response, Utah states that Harrison Western "did not seek or obtain an evidentiary hearing before filing this motion." Doc. 912 at 3, filed November 16, 2020. Utah references allegations in its First Amended Complaint and statements in Defendant ER's interrogatory responses to make a prima facie showing that jurisdiction exists.

Harrison Western replies that "[n]ow, after nearly a year of jurisdictional discovery, Utah presents no competent evidence supporting the conclusory allegations in its [First Amended Complaint] or its arguments for jurisdiction over Harrison Western." Reply at 2, Doc. 951, filed

December 7, 2020 (stating that "jurisdictional discovery continues"). Harrison Western also states that Utah "wrongly relies on unsupported allegations in its [First Amended Complaint], which are contradicted by sworn declarations submitted with Harrison Western's Motion … 'The allegations in the complaint must be taken as true *to the extent they are uncontroverted by the defendant's affidavits*.'" Reply at 4 (quoting *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995)).

> Where the court's jurisdiction is contested, the plaintiff has the burden of proving jurisdiction exists. However, in the preliminary stages of litigation, the plaintiff's burden is light. Where a district court considers a pre-trial motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion. The plaintiff may make this prima facie showing by demonstrating, via affidavit *or other written materials*, facts that if true would support jurisdiction over the defendant. When evaluating the prima facie case, the court is bound to resolve all factual disputes in favor of the plaintiff in determining whether he has made the requisite showing.

*AST Sports Science, Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1056-57 (10th Cir. 2008) (citations and quotation marks omitted) (*emphasis added*).

Utah does not rely solely on the allegations in its First Amended Complaint. Utah also submitted ER's interrogatory responses which state Harrison Western created the plan to open the Gold King Mine portal, knew "that the Gold King Mine was upstream from New Mexico and Utah, and that a release could therefore potentially impact the waterways of New Mexico and Utah," "performed excavation work at the Gold King Mine site in 2014," "participated in decisions about how to perform the work at the adit in 2015," and "registered with the Utah and New Mexico Secretaries of State conduct business within their respective states and has conducted significant business in those states." Doc. 912-1 at 11-12. Because there has been no evidentiary hearing, Utah has only a "light burden" of making a prima facie showing of personal jurisdiction. Utah has met that burden by demonstrating, through other written materials, facts that if true would support

jurisdiction over Harrison Western. The Court, therefore, denies Harrison Western's motion to dismiss for lack of personal jurisdiction.

**IT IS ORDERED** that Motion of Defendant Harrison Western Construction Corporation to Dismiss State of Utah and Environmental Restoration, LLC's Claims, Doc. 865, filed October 13, 2020, is **DENIED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE