IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IN RE: GOLD KING MINE RELEASE
IN SAN JUAN COUNTY, COLORADO,                    No. 1:18-md-02824-WJ
ON AUGUST 5, 2015

*This Document Relates to: No. 1:16-cv-00465-WJ-LF*

### MEMORANDUM OPINION AND ORDER
### DENYING THE UNITED STATES' MOTION TO DISMISS NEW MEXICO'S TORT CLAIMS FOR LACK OF STANDING AND
### DENYING NEW MEXICO'S CROSS-MOTION TO AMEND ITS SECOND AMENDED COMPLAINT AS MOOT

**THIS MATTER** comes before the Court on the United States' Motion to Dismiss New Mexico's Tort Claims for Lack of Standing, Doc. 876, filed October 22, 2020 ("Motion to Dismiss"), and Plaintiffs the State of New Mexico and the New Mexico Environment Department's Opposition to the United States' Motion to Dismiss New Mexico's Tort Claims for Lack of Standing and, in the Alternative, Cross-Motion for Leave to Amend the Second Amended Complaint, Doc. 897, filed November 5, 2020 ("Response").

The United States "moves to dismiss the tort claims for economic damages brought by the 'State of New Mexico on behalf of the New Mexico Environment Department' (the 'New Mexico Plaintiff') for lack of standing" because: (i) the New Mexico Environment Department ("NMED") "fails to allege any tort damages to itself [because] NMED has no responsibility for tax collection and does not own any of the rivers allegedly impacted by the Gold King Mine release;" and (ii) the State of New Mexico "is not a party to the litigation." Motion to Dismiss at 6, 20.

The United States argues that the State of New Mexico is not a party to the litigation because: (i) the original Complaint, Amended Complaint and Second Amended Complaint

"identified the plaintiff—in the singular—as "The State of New Mexico, on behalf of NMED," and noting that "[i]n prior lawsuits where the State has brought a claim on its own behalf, in addition to its agencies, the State has identified itself—as it must—as a party in its own right;" and (ii) that "[a]fter discovery began, the New Mexico Plaintiff stressed that NMED is the only State entity that is a party to the litigation and, as a result, the only State entity subject to compulsory party discovery under Fed. R. Civ. P. 34."  Motion to Dismiss at 7-8, 13 (attaching exhibits to support its contention that the New Mexico Plaintiff stressed that NMED is the only State entity that is a party to the litigation).

While some of the exhibits the United States submitted support its contention that the NMED is the sole plaintiff, others do not support that contention.  The United States submitted its Request for Production which states "'YOU' and 'YOUR' means the State of New Mexico, which is the subject of this discovery request, and all departments, agencies ..."  Doc. 876-3, filed October 22, 2020.  The United States then asserts that:

> the New Mexico Plaintiff responded only on behalf of NMED by stating:
>
> New Mexico objects to the definition of "YOU" and "YOUR" as overbroad, unduly burdensome, and not proportionate to the needs of this case to the extent it seeks information or documents in the exclusive possession, custody, or control of departments or agencies of the State of New Mexico other than the New Mexico Environment Department .... *For purpose of the Requests*, New Mexico interprets "YOU" and "YOUR" to mean and refer to the New Mexico Environment Department, including the divisions thereof, and its current and former commissioners, officers, and employees.

Motion at 8 (*emphasis added*).  New Mexico's response to the United States' Request for Production reflects, as discussed below, the New Mexico Attorney General's assertion that he cannot compel discovery from other independent state agencies.  Another document submitted by the United States shows that counsel for New Mexico stated; "The State of New Mexico is the plaintiff as well as the Environment Department."  Doc. 876-9 at 4 (Transcript of June 26, 2020,

telephonic hearing and status conference pursuant to Rule 16, before the Honorable Alan C. Torgerson, Special Master).

New Mexico asserts that "the New Mexico Attorney General filed this litigation on behalf of the State—seeking the State's economic and tax losses—and the Environment Department—seeking the Environment Department's past and future response costs." Response at 7. New Mexico also asserts that the State of New Mexico and the NMED "have been consistent throughout this entire litigation that there are two Plaintiffs," that this issue is a basic discovery dispute arising from the New Mexico Office of Attorney General's inability to compel discovery from all independent State Agencies due to the "divided executive" structure of New Mexico's government, and "[i]t was not until the June 26, 2020 telephonic hearing and status conference before the Special Master—more than four years after receiving the [Federal Tort Claims Act] Notice and eight months after the discovery dispute arose—that the U.S. finally turned its focus to standing." Response at 15-16, 22.

The Court denies the United States' Motion to Dismiss New Mexico's tort claims for lack of standing. The New Mexico Plaintiffs' Second Amended Complaint states "New Mexico also demands full and just compensation for its environmental and economic damages caused by the Gold King Mine release," the release interfered "with the exercise of New Mexico's right and the common right of the public to the use and enjoyment of the rivers," "New Mexico has and will continue to suffer lost economic activity, tax revenues, and stigmatic damages arising from these releases," "New Mexico is entitled to recover damages from the United States," the "conduct of the United States ... caused direct and identifiable harms to New Mexico and its citizens," and "New Mexico is entitled to recover compensatory damages from the United States." Doc. 339 at ¶¶ 8, 163, 164, 169, 192, 194. While the caption of the New Mexico Plaintiffs' Second

Amended Complaint could have been more clearly drafted, the allegations in the Second Amended Complaint clearly show that the State of New Mexico is intended as a plaintiff. *See Derrick v. Ward*, 91 Fed.Appx. 57, 62 (10th Cir. 2004) ("[A] party not properly named in the caption of a complaint may still be properly before the court if the allegations in the body of the complaint make it plain the party is intended as a defendant."); 2 Moore's Federal Practice-Civil § 10.02[2][b] ("Although the full name of each individual or entity named as a party in the action should be set forth accurately in the complaint or in some other pleading in which a claim for relief is first stated against that party, this requirement is interpreted liberally. In the absence of prejudice, the court will overlook, or permit a party to amend, errors and omissions in the naming of parties"). Furthermore, it appears that the United States understood New Mexico's Complaint as being filed by two plaintiffs, the State of New Mexico and NMED, in that the United States' Request for Production states "'YOU' and 'YOUR' means the State of New Mexico, which is the subject of this discovery request, and all departments, agencies ..." Doc. 876-3, filed October 22, 2020.

The New Mexico Plaintiffs filed a cross-motion to amend its Second Amended Complaint stating: "If necessary, Plaintiffs are seeking to amend only the caption and three sentences in their Second Amended Complaint, resulting in: (1) [a change to the caption], (2) a revised sentence in paragraph 8, (3) a revised sentence in paragraph 13, and (4) a new paragraph 14 clarifying the State as a sovereign party." Response at 26. Because it is denying the United States' Motion to Dismiss, the Court denies the New Mexico Plaintiff's cross-motion to amend it Second Amended Complaint as moot.

**IT IS ORDERED** that:

(i) The United States' Motion to Dismiss New Mexico's Tort Claims for Lack of Standing, Doc. 876, filed October 22, 2020, is **DENIED.**

(ii)     The State of New Mexico's Cross-Motion for Leave to Amend the Second Amended Complaint, Doc. 897, filed November 5, 2020, is **DENIED as moot.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE

5