**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

IN RE: GOLD KING MINE RELEASE
IN SAN JUAN COUNTY, COLORADO,                      No. 1:18-md-02824-WJ
ON AUGUST 5, 2015

*This Document Relates to: No. 1:16-cv-00465-WJ-LF*

<u>**MEMORANDUM OPINION AND ORDER**</u>
<u>**OVERRULING THE UNITED STATES' OBJECTIONS TO THE SPECIAL MASTER'S**</u>
<u>**ORDER ON NEW MEXICO'S MOTION FOR PROTECTIVE ORDER**</u>

**THIS MATTER** comes before the Court on the United States' Objections to the Special

Master's Order on New Mexico's Motion for Protective Order, Doc. 1004, filed January 6, 2021

("Objections").

After receiving Defendant United States of America's ("United States") Notice of

Deposition, Plaintiffs State of New Mexico ("New Mexico") and the New Mexico Environment

Department ("NMED") filed a motion for a protective order regarding deposition topics.  *See*

Doc. 884, filed October 26, 2020.  New Mexico and NMED argued that because New Mexico has

a "divided executive" structure, the Attorney General cannot be compelled to respond to discovery

directed at nonparty departments or agencies.  New Mexico and NMED also objected to the

deposition topics as improperly seeking legal opinions, as overbroad, and as seeking premature

disclosure of expert work product.

After a hearing, Special Master Honorable Alan C. Torgerson granted in part and denied

in part New Mexico and NMED's motion for protective order.  *See* Doc. 980, filed December 23,

2020 ("Special Master's Order").

The United States objects to: (i) the Special Master's Order's "holding that the State 'cannot

compel an independent state agency or department' to produce documents under Rule 34 ...[t]hat

issue was not before the Special Master and is not supported by case law;" (ii) "the Order's

limitations on Topics 2 through 6, namely that the New Mexico Plaintiff's representative need not testify as to information that has been disclosed or is publicly available and need not 'educate himself/herself regarding information available to other state agencies or departments ... [t]hese limitations are inconsistent with the language and purpose of Rule 30(b)(6), which requires testimony on 'information known or reasonably available' to the organization;" and (iii) "the Order excusing the New Mexico Plaintiff from testifying entirely on Topics 1(c), 7, and 8, which concern matters central to the plaintiff's own allegations, such as lost taxes and 'the effect of the August 5, 2015, Gold King Mine release on the environment in New Mexico.'"  Objections at 7.

## Scope of New Mexico's Discovery Obligations

The Special Master found that "regardless of who the New Mexico Plaintiff(s) is or are, the State of New Mexico cannot compel an independent state agency or department (other than the Environment Department) to produce documents or produce a witness to testify in response to the Rule 30(b)(6) Notice unless the state agencies or departments do so voluntarily in cooperation [with] the New Mexico Attorney General." Special Master's Order at 5-6; Fed. R. Civ. P. 30(b)(6) (Rule 30(b)(6) provides that when a notice is directed to an organization, the organization "must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf" and "[t]he persons designated must testify about information known or reasonably available to the organization").  The Special Master made his finding after stating:

> The New Mexico Attorney General represents only one agency in this lawsuit – the New Mexico Environment Department.  The New Mexico Attorney General does not represent the other state agencies, departments, institutions, and universities listed in the Rule 30(b)(6) Notice in this lawsuit.  This limitation applies whether the State of New Mexico brought this lawsuit on behalf of its citizens through the New Mexico Attorney General in order to assert claims for economic damages allegedly suffered by the State, <u>and</u> also on behalf of the New Mexico Environment Department, which is making claims for costs expended by the Department in response to the Gold King Mine release and for future expenses that are alleged will be incurred by the Department as a result of the Gold King Mine release <u>or</u>

whether the State of New Mexico brought this lawsuit solely on behalf of the Environment Department.  Neither the State of New Mexico through the New Mexico Attorney General nor the New Mexico Environment Department have the authority or ability to produce Rule 30(b)(6) witnesses from the named agencies, departments and institutions in response to the Notice without the voluntary cooperation from these other state entities.

The New Mexico Attorney General is an elected official whose duties include the representation of the State of New Mexico in litigation.  NMSA §8-5-2(B).  The Attorney General does not answer to the Governor, who is a separately elected official.  This dual form of governmental authority is known as a dual executive branch or divided executive branch.  Most New Mexico state agencies and department are under gubernatorial control, not the control of the New Mexico Attorney General.  *See*, NMSA §§9-1-1 through 9-29-12.

Special Master's Order at 2-3.

The United States asserts that the "Court should vacate or reverse the [Special Master's] Order's holding that 'regardless of who the New Mexico Plaintiff(s) is or are, the State of New Mexico cannot compel an independent state agency or department (other than the Environment Department to produce documents'" because the "scope of discovery obligations under Rule 34 was not before the Special Master.  Objections at 7-8.  The Court overrules the United States' objection that the scope of Rule 34 discovery obligations was not before the Special Master because the Court has ordered the Special Master to "hear and determine all non-dispositive pretrial matters" which include the scope of discovery.  Order of Reference at 5, Doc. 69, filed September 14, 2018.

The United States also "objects to the [Special Master's] Order's holding that the New Mexico Plaintiff's discovery obligation is the same 'regardless of who the New Mexico Plaintiff(s) is or are.'" Objections at 5.  The United States asserts that the Special Master's "Order based its decision on the New Mexico Plaintiff's representation that the State has a 'divided executive branch system,' which means the plaintiff cannot 'compel' the production of documents from agencies other than the NMED."  Objections at 3. The United States contends that "if the State were a

3

plaintiff in addition to the NMED, the scope of both plaintiffs' collective discovery obligation would be broader." Objections at 5; *see also* Order 3-4, Doc. 1107, filed February 18, 2021 (stating that the State of New Mexico is also a plaintiff in addition to NMED). The United States asserts that the Special Master's "Order's holding, if allowed to stand, could have the practical effect of excusing the State of New Mexico from any discovery besides non-privileged information that resides with the Attorney General's office." Objections at 10. The United States also asserts that "the case law relied upon in the Order does not support the proposition that states with a dual executive structure like New Mexico are entirely excused from discovery" stating:

> None of the cases cited in the Order concerned a case in which a state was a party in its capacity as *parens patriae*, as the New Mexico Plaintiff claims to be here ... [in two cases cited in the Order the cases were brought by the New York Department of Transportation and employees and state agencies, the State of New York was not a plaintiff in either case] ... All other cases cited in the Order were <u>enforcement actions</u> brought under specific authority given to a state attorney general ... The only case identified by the parties which addresses the scope of discovery where a state brings an action in its capacity as *parens patriae* is *Washington v. GEO Grp.*, 2018 WL 9457998, at *3 (W.D. Wash. 2018). The Court in *GEO Grp.* held that because the attorney general had "explicitly brought this case as *parens patriae* on behalf of the State of Washington," the attorney general must "produce all relevant, responsive, non-privileged information held by the State of Washington, including its agencies." *Id.* Although this case was discussed at oral argument, Ex. 1 at 32:22—34:19, it was not cited in the Order. If the State rather than NMED is the plaintiff in this action, discovery must extend to the state as a whole.

Objections at 11-12.

The Court overrules the United States' objection "to the [Special Master's] Order's holding that the New Mexico Plaintiff's discovery obligation is the same 'regardless of who the New Mexico Plaintiff(s) is or are.'" The New Mexico Attorney General and Governor are separately elected officials. *See* N.M. Const. Art. 5, § 1 ("The executive department shall consist of a governor ... [and] attorney general ... who shall ... be elected"). The New Mexico Attorney General's duties include representing the State of New Mexico in lawsuits. *See* N.M.S.A. § 8-5-

4

2(B) ("the attorney general shall ... prosecute and defend in any other court ... all actions ... in which the state may be a party or interested when, in his judgment, the interest of the state requires such action or when requested to do so by the governor"); N.M.S.A. § 36-1-19 ("no one shall represent the state ... except the attorney general").  The secretaries of the State's departments do not answer to the New Mexico Attorney general; many of them are "responsible to the governor for the operation of the department."  N.M.S.A. § 9-7A-6 (NMED); N.M.S.A. § 9-11-6 (Taxation and Revenue Department); N.M.S.A. § 9-15A-6 (Tourism Department); *see also* N.M.S.A. § 76-1-1 ("The New Mexico department of agriculture is created under the control of the board of regents of New Mexico state university").  While New Mexico law sets forth the duties and general powers of the various state department secretaries, the United States has not cited, and the Court has not found, any New Mexico law that requires the secretaries to comply with requests from the New Mexico Attorney General.  *See* N.M.S.A. § 9-7A-6(B)(5) (setting forth the duties and general powers of the secretary of the NMED); N.M.S.A. § 9-11-6 (setting forth the duties and general powers of the secretary of the Taxation and Revenue Department); N.M.S.A. § 9-15A-6 (setting forth the duties and general powers of the secretary of the Tourism Department); *see also* N.M.S.A. § 76-1-2(A, D) (setting forth the powers and authority of the board of regents of New Mexico state university, relative to the New Mexico department of agriculture, and the duties of the director of the New Mexico department of agriculture).  The United States has also not cited, and the Court has not found, any New Mexico law that gives the New Mexico Attorney General the duty, authority or power to require the secretaries of State departments and agencies to comply with his requests.  The federal district court decision in *GEO Grp.*, to which the United States refers, is not binding on this Court in part because that decision was based partly on Washington state law.  *See GEO Grp.*, 2018 WL 9457998 at *3 (stating "Because the [Attorney General's

Office] is the law firm to the State of Washington, the AGO should respond to and produce discovery on behalf of the State of Washington, including its agencies"); *see also* R.C.W.A. § 43.10.030(2) ("The attorney general shall ... Institute and prosecute all actions and proceedings for, or for the use of the state, which may be necessary in the execution of the duties of any state officer").  It appears that under Washington state law, the attorney general has the power to obtain documents from non-party state agencies. *See State v. Reed*, 429 F.2d 870, 872 (Wash. 1967) (*en banc*) (stating "since the attorney general of the state is the legally-constituted adviser on legal matters to the [non-party] superintendent of the state hospital and the director of institutions (RCW 43.10.030, 040), a request-upon notice to the defendant-to the attorney general to instruct and advise the superintendent may have [obtained the evidence]").  The United States has not cited any New Mexico law showing that the New Mexico Attorney General has the power to compel other state agencies to produce documents.

**Limitations on Topics 2-6**

The Special Master entered his Order after reviewing the briefs, other pleadings in this case and after holding a hearing on this matter.  The Special Master noted that "the State of New Mexico has worked with various state agencies or departments to voluntarily produce information and has been able, as a result, to produce approximately 100,000 documents that were originally in the possession, custody, or control of agencies or departments other than the New Mexico Environment Department."  Special Master's Order at 4.  The Special Master also recognized:

> the quandary that has arisen.  The United States wants to obtain certain admissions from the Plaintiff the State of New Mexico or the New Mexico Environment Department on the allegations in the Second Amended Complaint, especially on the scope of its alleged damages.  The State of New Mexico argues that representatives from either the Attorney General's office or the New Mexico Environment Department are not knowledgeable about certain of these topics, and it would be a waste of time and resources to have these representatives testify.  At most, these representatives would be able to testify that in preparation for the State

of New Mexico's or the New Mexico Environmental Department's case in chief the Attorney General's office obtained data from other agencies such as the Department of Taxation and Revenue or the Department of Tourism and turned the data over to experts who are in the process of preparing their reports. The State of New Mexico says that most of the information being sought in the Rule 30(b)(6) Notice will be produced in the course of the production of its expert reports. Moreover, the State argues, if the United States really wants this information prior to the production of expert reports, it should approach the various state agencies and departments and try to obtain voluntary testimony on certain topics. The United States insists that it wants testimony that is binding on the Plaintiff or Plaintiffs, whoever that may be, and not testimony that is binding just on various state agencies and department.

Special Master's Order at 10-11.

The Special Master ordered that:

a representative from the State of New Mexico [will be ordered'] to testify on Topics 1(a) and 1(b), Topic 9, and Topic 10, as discussed below, to the extent the witness has knowledge of the topics, or if the information is readily available, even if the topic will most likely be the subject of upcoming expert reports and expert testimony. Any such testimony will be binding on the State of New Mexico and the State of New Mexico on behalf of the New Mexico Environment ... The State of New Mexico will produce a witness or witnesses who can testify regarding information known or reasonably available to it regarding Topics 2, 3, 4, 5 and 6, as modified below, that has not already been disclosed or is not publicly available. Any witness presented by the State of New Mexico will not be required to educate himself/herself regarding information available to other state agencies or departments.

Special Master's Order at 11-13. The Special Master recognized that:

as a practical matter any witness(es) produced by the State of New Mexico to testify on these topics may not be able to offer much, if anything, in the way of substantive testimony but the United States is entitled to inquire about the requested topics that relate to the State of New Mexico's claims for damages. As the United States argued at the hearing, the witness may simply say the State does not have any new information reasonably available to it and the State will be relying on expert witness testimony on these topics.

Special Master's Order at 13, n.4.

After finding that they were overbroad in time, needed to have a definition modified, were overbroad in general, were unduly burdensome, or were not proportional to the needs of the case, the Special Master modified Topics 2-6 to read:

2.  The work done by the New Mexico Abandoned Mine Land Program to identify and survey abandoned mines within the State of New Mexico, including determining whether abandoned mines contain impounded water that could present an environmental hazard and/or present the risk of a blowout.  **For purposes of this topic the definition of "abandoned mine" will be as set forth by the Special Master in his July 27 Order (Doc. 748 at 3) and consistent with that Order, the topic is limited to the time period of January 1, 2010 through August 5, 2015. For purposes of this topic "environmental hazard" refers to releases which "may contain CERCLA hazardous substances and/or contaminants regulated under the Clean Water Act."**

3.  The practices, procedures, and policies of the New Mexico Abandoned Mine Land Program with respect to remediation and/or reclamation of abandoned mines in the State of New Mexico including ~~**but not**~~ limited to site health and safety plans, safety training, opening abandoned mines, drilling into abandoned mines, measuring impounded water in abandoned mines, mapping abandoned mines, insuring the stability of walls or structures of abandoned mines during the work, and installation sump basins or drainage ponds in connection with abandoned mines.  **For purposes of this topic the definition of "abandoned mine" will be as set forth by the Special Master in his July 27 Order (Doc. 748 at 3) and consistent with that Order, the topic is limited to the time period of January 1, 2020 through August 5, 2015.**

4.  ~~**Any**~~ **A**ssessment**s** that the New Mexico Department of Taxation and Revenue ~~**has**~~ conducted **after August 5, 2015** on the ~~**factors affecting**~~ **impact of the Gold King Mine release on** the amount of tax revenue collected by the State of New Mexico ~~**from 2010 to present**~~.

5.  ~~**Any**~~ **A**ssessment**s** that the New Mexico Department of Tourism has conducted **after August 5, 2015** on ~~**factors affecting**~~ **the impact of the Gold King Mine release on** tourism in the State of New Mexico ~~**from 2010 to present**~~.

6.  ~~**Any**~~ **A**ssessment**s** that the New Mexico Department of Agriculture ~~**has**~~ conducted on ~~**factors affecting**~~ **after August 5, 2015 on the impact of the Gold King Mine release on** agriculture in ~~**New Mexico, and in particular,**~~ the County of San Juan,  ~~**County in the**~~ State of New Mexico~~**, from 2010 to present**~~.

Special Master's Order at 13-16 (**modifications bolded**).  The Special Master also ordered:

If the United States requests, the State of New Mexico will contact the New Mexico [Abandoned Mines Land Program, Department of Taxation and Revenue, Department of Tourism and Department and Department of Agriculture]  to see if [they] will consent to have one or more persons voluntarily testify as to [the relevant Topics].  If so, that person or persons' testimony will be binding on the New Mexico [Abandoned Mines Land Program, Department of Taxation and Revenue, Department of Tourism and Department and Department of Agriculture].  If the

> New Mexico [Abandoned Mines Land Program, Department of Taxation and Revenue, Department of Tourism and Department and Department of Agriculture] is not willing to voluntarily produce a witness, the United States may issue a subpoena and a notice of deposition to the New Mexico [Abandoned Mines Land Program, Department of Taxation and Revenue, Department of Tourism and Department and Department of Agriculture]  on [the relevant] topics as clarified above.

Special Master's Order at 13-16.

The United States objects to the Special Master's Order that the State of New Mexico's witness: (i) is not required to educate himself/herself regarding information available to other state agencies or department; and (ii) is not required to testify about information unless it has not already been disclosed or is not publicly available.  *See* Objections at 12-13.  The United States asserts that such limitations are inconsistent with the scope of Rule 30(b)(6).

The United States asserts that "[b]ecause Rule 30(b)(6) is not limited to information within an organization's control, organizations are obligated to seek out information and documents from available third party resources," stating:

> Here, information held by State agencies other than NMED is "known or reasonably available to the New Mexico Plaintiff.  The New Mexico Plaintiff can— if it so chooses—designate individuals from State agencies, such as the New Mexico Tax and Revenue Department, to testify on Topics 2, 3, 4, 5, and 6.  As in *Ecclesiastes*,  the New Mexico Plaintiff's purported lack of "control" of individuals from other State agencies does not negate the plaintiff's duty to produce Rule 30(b)(6) deponents.  497 F.3d at 1146.  At the very least, the New Mexico Plaintiff must ..."seek out information and documents from available third party sources," such as State agencies other than NMED, to prepare a Rule 30(b)(6) deponent. 277 F.R.D. at 696.  If the State agencies refuse to cooperate, and the New Mexico Plaintiff is unable otherwise to reasonably obtain information to address the topic, then the New Mexico Plaintiff's "30(b)(6) obligation [will be] extinguished. *Id.* at 697."

Objections at 13-15 (citing *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*,497 F.3d 1135, 1146 (10th Cir. 2007) ("corporations have an affirmative duty to make available as many persons as necessary to give complete, knowledgeable, and binding answers on the corporation's behalf ...

This duty is not negated by a corporation's alleged lack of control over potential Rule 30(b)(6) deponents")).  The United States also asserts that a "Rule 30(b)(6) witness 'must not only testify about facts within the corporation's knowledge, but also its subjective beliefs and opinions,' as well as 'its interpretation of documents and events.'" Objections at 16 (quoting district court cases).  The United States objects that the Special Master's "Order prevents the United States from obtaining the New Mexico Plaintiff's position beliefs, or interpretation of information that has already been disclosed or is publicly available."  Objections at 16.

The Court overrules the United States' Objections to the limitations in the Special Master's Order regarding Topics 2-6.  The Special Master has ordered the State of New Mexico to produce a witness or witnesses who can testify regarding information known or reasonably available to it regarding Topics 2, 3, 4, 5 and 6, and if requested by the United States, to contact the appropriate State department to determine if the agency voluntarily consents to provide a witness to testify on the relevant topic.  The limitations that the State of New Mexico's witness need not educate himself/herself regarding information available to other state agencies or department nor testify about information unless it has not already been disclosed or is not publicly available are appropriate.  Without those limitations, and with numerous State agencies and over 100,000 produced documents, the deposition of the State's witness would be unduly burdensome.  The testimony of the State's witness will be binding on the State.  The United States will have the opportunity to obtain additional information from the State through its experts and from the other State agencies either through the agency voluntarily consenting to provide a witness or through a subpoena.

**Excusing New Mexico Plaintiff from Testifying on Matters Central to its own Allegations**

The United States objects to the Special Master's Order excusing New Mexico and NMED from identifying a deponent for Topics 1(c), 7, and 8, because "[t]hese topics concern matters central to the New Mexico Plaintiff's own allegations" and New Mexico and NMED "cannot be excused from providing any testimony whatsoever on these topics."  Objections at 18.

Topic 1(c)

Topic 1(c) reads:  "1.  The New Mexico Environment Department's authority and duties with respect to: (a) short-term emergency response costs, (b) long term monitoring and preparedness planning, and (c) recovering economic damages for economic losses in the form of reduced business activity and lost tax revenue." Notice of Deposition at 2, Doc. 884-1, filed October 26, 2020.  New Mexico and NMED objected to Topic 1 because it "improperly seeks legal conclusions regarding that authority and those duties," but stated NMED "can and will testify as to the amount and nature of those costs outlined in subtopics (a) and (b)."  New Mexico and NMED's Motion for Protective Order at 19, Doc. 884, filed October 26, 2020.  The Special Master granted the Motion for Protective Order as to Topic 1(c) because a "question that asks for a governmental department's legal basis to conduct activities and its legal duties with respect to those activities asks for a legal conclusion and is not appropriate in a Rule 30(b)(6) deposition."  Special Master's Order at 12.

The United States asserts that:

Topic 1(c) does not, on its face, call for legal opinions ... Although the topic asks for "authority and duties," the New Mexico Plaintiff agreed to designate representatives for Topics 1(a) and 1(b), which share the same phrase ... Moreover, the topic is central to the New Mexico Plaintiff's case because the plaintiff has represented that the NMED "is the one identified by the State to be in charge of remediation, restoration, and any and all damages that flow from that ... One example of a factual question that is warranted under Topic 1(c), therefore, is whether the NMED has ever claimed lost tax revenues in any prior action.

Objections at 19-20.

Topic 1(c), on its face, does call for a legal conclusion.  While New Mexico and NMED agreed to designate a deponent to testify to costs related to Topics 1(a) and 1(b), that does not require that the deponent also testify about the authority and duties with respect to recovering economic damages for economic losses in the form of reduced business activity and lost tax revenue.  Despite the United States' assertion that there are factual questions "warranted under Topic 1(c)" such as "whether the NMED has ever claimed lost tax revenues in any prior action," Topic 1(c), as worded, does not seek testimony regarding factual matters.  The Court overrules the United States' objection regarding Topic 1(c).  *See JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002) ("depositions, including 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories, which, to the extent discoverable at all prior to trial, must be discovered by other means").

Topics 7 and 8

Topics 7 and 8 read:

7.  Any assessment that the New Mexico Energy, Minerals and Natural Resources Department, the New Mexico Department of Game and Fish, the New Mexico Department of Health, New Mexico State University, the New Mexico Bureau of Geology and Mineral Resources, the New Mexico Water Resources Research Institute, the New Mexico Institute of Mining and Technology, or the University of New Mexico, or any other New Mexico state agency or entity conducted on the effect of the August 5, 2015, Gold King Mine release on the environment in New Mexico.

8.  Any assessment that the New Mexico Energy, Minerals and Natural Resources Department, the New Mexico Department of Game and Fish, the New Mexico Department of Health, New Mexico State University, the New Mexico Bureau of Geology and Mineral Resources, the New Mexico Water Resources Research Institute, the New Mexico Institute of Mining and Technology, or the University of New Mexico, or any other New Mexico state agency or entity conducted on the effects of any releases since August 2015 from the Gold King Mine or the Sunnyside Mine pool on the environment in New Mexico.

Notice of Deposition at 3-4,

The Special Master ordered that the "State of New Mexico need not produce a witness to testify regarding Topics 7 and 8 because they are overbroad, unduly burdensome, not proportional to the needs of the case, and unworkable as presently written." Special Master's Order at 16. The Special Master went on to state that he "is reluctant to impose additional burdens on agencies, departments, and institutions that have previously produced, either through public records requests or prior subpoenas, all their reports, assessments, and studies," and that "if the United States believes there are reports, studies, or assessments that the State of New Mexico, the United States, or some other party has not yet discovered on" Topics 7 and 8, "the United States may issue a subpoena" to the appropriate organization with the subpoenas being "limited to those reports, assessments, and studies that have not been previously produced or are not publicly available." Special Master's Order at 16-17.

The United States objects to the Special Master ordering that the State of New Mexico need not produce a witness to testify regarding Topics 7 and 8. The United States asserts that ordering a witness to testify regarding Topics 7 and 8 is not unduly burdensome:

> because preparing a representative to testify is the concomitant obligation from the privilege of being able to use the corporate form in order to conduct business. As the Special Master pointed out, and the plaintiff agreed, if asked about reports from other State agencies, a representative of the plaintiff would likely say only, "I've read the report. It says what it says." If that is all the representative deponent will say, then the burden of preparation will be light. But Rule 30(b)(6) entitles the United States to ask about the plaintiff's "subjective beliefs and opinions," as well as "its interpretation of documents." The Order's alternative that the United States serve subpoenas on State agencies is unsatisfactory because the United States seeks—and is entitled to—testimony and admission from the plaintiff concerning matters central to its own allegations.

Special Master's Order at 22 (citations omitted).

The Court overrules the United States' Objections regarding Topics 7 and 8. The State of New Mexico and NMED state "there are over 100" State agencies and departments and that the

three nonparty state universities "together employ thousands of professors, in addition to myriad graduate students, doctoral candidates, and others who feasibly could be read into the overbroad topics."  Response at 17-18.  The State of New Mexico and NMED also state that "[d]uring the meet-and-confer process and also at oral argument, the US refused to revise Topics 7 and 8." Response at 17.  Preparing one or more witnesses on Topics 7 and 8 would be unduly burdensome because the Topics, as worded, would require identifying and reviewing all reports and other documents for each state agency to determine whether each document contained a relevant assessment.

     **IT IS ORDERED** that the United States' Objections to the Special Master's Order on New Mexico's Motion for Protective Order, Doc. 1004, filed January 6, 2021, are **OVERRULED.**

WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE