IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IN RE: GOLD KING MINE RELEASE
IN SAN JUAN COUNTY, COLORADO,  No. 1:18-md-02824-WJ
ON AUGUST 5, 2015

*This Document Relates to:*   No. 1:16-cv-00465-WJ-LF
                                 No. 1:16-cv-00931-WJ-LF
                                 No. 1:18-cv-00319-WJ
                                 No. 1:18-cv-00744-WJ-KK

**MEMORANDUM OPINION AND ORDER
DENYING SUNNYSIDE GOLD CORPORATION'S MOTION FOR
SUMMARY JUDGMENT ON GROUNDS OF LACK OF PERSONAL JURISDICTION
AS MOOT**

**THIS MATTER** comes before the Court on Sunnyside Gold Corporation's ("Sunnyside") Motion for Summary Judgment on Grounds of Lack of Personal Jurisdiction, Doc. 868, filed October 13, 2020 ("Motion").

The following Plaintiffs have asserted claims against Sunnyside: (i) State of New Mexico; (ii) the Navajo Nation; (iii) the State of Utah; and (iv) the *Allen* Plaintiffs.

Sunnyside has withdrawn its Motion as to New Mexico, the Navajo Nation and Utah because it has reached an agreement with those Plaintiffs. *See* Doc. 1005, filed January 8, 2021 (withdrawing Motion as to New Mexico and the Navajo Nation); Doc. 1139, filed March 15, 2021 (withdrawing Motion as to Utah).

The *Allen* Plaintiffs have asserted the following claims against Sunnyside: (i) negligence and negligence per se; (ii) gross negligence; (iii) trespass; and (iv) private nuisance. *See Allen* Plaintiff's Second Amended Complaint at 112, 116, 117, 119, Doc. 445, filed January 21, 2020. The Court granted Sunnyside's motion for summary judgment on the *Allen* Plaintiffs' claims pursuant to the State of Colorado's statute of repose which bars "any and all actions in tort ...or other actions for the recovery of damages" related to deficiencies in the design, planning and

construction of improvements to real property not brought within six years after substantial completion of the improvement.  *See* Mem. Op. and Order Granting Sunnyside Gold Corporation's Motion for Partial Summary Judgment on Statute of Repose Grounds, Doc. 1156, filed March 31, 2021 (finding that the bulkheads planned, designed and constructed by Sunnyside were improvements to real property).

The Court denies Sunnyside's Motion for Summary Judgment on Grounds of Lack of Personal Jurisdiction as moot because Sunnyside has withdrawn the Motion as to New Mexico, the Navajo Nation and Utah, and because the *Allen* Plaintiffs' claims against Sunnyside are barred by Colorado's statute of repose.

Defendants United States of America, the United States Environmental Protection Agency ("EPA"), and the EPA Administrator (collectively "Federal Defendants") have asserted crossclaims against Sunnyside pursuant to CERCLA, 42 U.S.C. §§ 9601, *et seq*.  *See* Answer and Cross-Claims of the Federal Defendants to the Navajo Nation's First Amended Complaint at 49, Doc. 192, filed July 1, 2019 ; Answer and Cross-Claims of the Federal Defendants to the State of New Mexico's First Amended Complaint at 46, Doc. 195, filed July 1, 2019; Federal Defendants' Answer to First Amended Complaint of the State of Utah and Crossclaim at 28, Doc. 200-1, filed July 1, 2019.  The Federal Defendants did not file a response opposing Sunnyside's Motion for Summary Judgment on Grounds of Lack of Personal Jurisdiction presumably because Sunnyside's Motion was directed solely towards the Plaintiffs New Mexico, the Navajo Nation, Utah, and the *Allen* Plaintiffs.  *See* Motion at 1 (stating "the Plaintiffs have failed to produce evidence demonstrating that [Sunnyside] is subject to either general or specific personal jurisdiction in New Mexico").  The Court declines to rule on whether it has personal jurisdiction over Sunnyside until the Federal Defendants and any other Parties asserting crossclaims against Sunnyside have had an

opportunity to respond.  *See Alejandre-Gallegos v. Holder*, 598 Fed.Appx. 604, 605 (10th Cir. 2015) ("In our adversarial system, neutral and busy courts rely on lawyers to develop and present in an intelligible format the facts and law to support their arguments and the adversarial process cannot properly function when one party ignores its obligations under the rules"). Sunnyside may file another motion regarding personal jurisdiction directed towards the Federal Defendants and any other Parties that have asserted crossclaims.

**IT IS ORDERED** that Sunnyside Gold Corporation's Motion for Summary Judgment on Grounds of Lack of Personal Jurisdiction, Doc. 868, filed October 13, 2020, is **DENIED as moot.**

_____
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**