IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IN RE: GOLD KING MINE RELEASE
IN SAN JUAN COUNTY, COLORADO,                              No. 1:18-md-02824-WJ
ON AUGUST 5, 2015

*This Document Relates to:*   No. 1:16-cv-00465-WJ-LF
　　　　　　　　　　　　　　　No. 1:16-cv-00931-WJ-LF
　　　　　　　　　　　　　　　No. 1:16-cv-00319-WJ

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART KINROSS GOLD CORPORATION'S MOTION FOR SUMMARY JUDGMENT ON THE UNITED STATES' CROSSCLAIMS: PERSONAL JURISDICTION

**THIS MATTER** comes before the Court on Kinross Gold Corporation's Motion for Summary Judgment on the United States' Crossclaims: Personal Jurisdiction, Doc. 867, filed October 13, 2020 ("Motion").

The United States brought crossclaims against Kinross Gold Corporation ("KGC") pursuant to CERCLA, 42 U.S.C. §§ 9601, *et seq*. *See* Doc. 192 at 49, filed July 1, 2019 (*New Mexico v. United States EPA*); Doc. 195 at 46, filed July 1, 2019 (*Navajo Nation v. United States*); Doc. 247-1 at 28, filed July 1, 2019 (*Utah v. Environmental Restoration*). The United States alleged in its crossclaims that the Court has specific jurisdiction over KGC. *See* Doc. 192 at 49 (stating "There is personal jurisdiction over Sunnyside Gold and Kinross [because they] purposefully directed their Site activities at the Animas River Watershed and downstream into the Animas and San Juan Rivers, and response costs arose out of those activities"); *Old Republic Insurance Co. v. Continental Motors, Inc.*, 877 F.3d 895, 904 (10th Cir. 2017) (Specific jurisdiction has two distinct requirements: (i) the "defendant must have purposefully directed its activities at residents of the forum state," and (ii) "the plaintiff's injuries must arise out of [the] defendant's forum-related activities").

KGC asserts that "the courts of New Mexico and Utah lack personal jurisdiction over" KGC because "KGC does not do business in the United States, and KGC has not itself purposefully directed any activities toward either Utah or New Mexico."  Motion at 2.  KGC sets forth facts showing that Sunnyside Gold Corporation ("Sunnyside") is an indirect subsidiary of KGC, KGC did not own any interest in Sunnyside until January 31, 2003, Sunnyside closed the Sunnyside Mine in 1991 and installed three bulkheads in the American Tunnel by the end of 2002, and KGC has never owned or operated the Sunnyside Mine.  *See* Motion at 3-4.

The United States disputes KGC's assertion that Sunnyside "operated the Sunnyside Mine until it closed in 1991" stating Sunnyside "continued 'operations' at the Sunnyside Mine after the mine closed in 1991."  Response at 20, Doc. 909, filed November 16, 2020.  However, the portion of the record that the United States refers to indicates only that Sunnyside Gold Corporation had employees from 1985 to 1996; it does not indicate that Sunnyside continued operations at the Sunnyside Mine.  *See* Doc. 909-6 at 25.  The United States also disputes KGC's assertion that "[n]either KGC nor KGUSA has ever owned or operated the Sunnyside Mine."  Response at 20.  The United States says "*[f]or purposes of CERCLA*, Echo Bay Mines [a subsidiary of KGC] 'operated' the Sunnyside Mine, as it was directly involved in decisions having to do with the leakage or disposal of hazardous waste, and/or decisions about compliance with environmental regulations relating to the mine.  By virtue of its [merger] with Echo Bay Mines, KGC assumed any liability associated with Echo Bay Mines' operation of the Sunnyside Mine and therefore KGC is considered to have 'operated' the Sunnyside Mine."  Response at 20-21 (*emphasis added*).  The United States does not contend that the Court has specific jurisdiction over KGC.

Instead, the United States contends that the Court has personal jurisdiction over KGC pursuant to Fed. R. Civ. P. 4(k)(2) which states:

2

>  ***Federal Claim Outside State-Court Jurisdiction.*** For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:
>
>> **(A)** the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and
>>
>> **(B)** exercising jurisdiction is consistent with the United States Constitution and laws.

Fed. R. Civ. P. 4(k)(2). The United States appears to concede that the Court does not have specific jurisdiction over KGC because Rule 4(k)(2) provides for personal jurisdiction where "the defendant is not subject to jurisdiction in any state's courts of general jurisdiction."

The United States raises its Rule 4(k)(2) argument, apparently for the first time, in its Response and refers to portions of the record to support its argument but did not set forth lettered additional material facts as required by D.N.M.LR-Civ. 56.1(b) which makes it difficult for KGC to dispute those additional material facts. In its Reply, KGC raises some issues, such as whether the United States waived its claim that jurisdiction arises under Rule 4(k)(2), that the United States did not have an opportunity address. *See* Doc. 949, filed December 4, 2020.

The Court grants KGC's Motion for summary judgment based on lack of specific jurisdiction because the United States does not dispute KGC's assertion that the Court does not have specific jurisdiction. The Court will allow the United States to file a motion regarding jurisdiction pursuant to Rule 4(k)(2) to allow the United States and KGC to fully brief the issue and because the deadline for filing such motions only recently passed. *See Alejandre-Gallegos v. Holder*, 598 Fed.Appx. 604, 605 (10th Cir. 2015) ("In our adversarial system, neutral and busy courts rely on lawyers to develop and present in an intelligible format the facts and law to support their arguments"); Doc. 303 at 2, filed September 11, 2019 (setting April 15, 2021, deadline for filing motions for summary judgment on any remaining issues).

**IT IS ORDERED** that:

(i) Kinross Gold Corporation's Motion for Summary Judgment on the United States' Crossclaims: Personal Jurisdiction, Doc. 867, filed October 13, 2020, is **GRANTED** as to specific jurisdiction.

(ii) The United States may, within 21 days of entry of this Order, file a motion regarding whether the Court has personal jurisdiction over Kinross Gold Corporation pursuant to Fed. R. Civ. P. 4(k)(2).

                **WILLIAM P. JOHNSON**
                **CHIEF UNITED STATES DISTRICT JUDGE**