# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

IN RE: GOLD KING MINE RELEASE
IN SAN JUAN COUNTY, COLORADO,           No. 1:18-md-02824-WJ
ON AUGUST 5, 2015

*This Document Relates to All Cases*

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART FEDERAL DEFENDANTS' MOTION TO DISMISS CLAIMS
## FOR LACK OF SUBJECT-MATTER JURISDICTION UNDER FED. R. CIV. P. 12(b)(1)

**THIS MATTER** comes before the Court on the Federal Defendants' Motion to Dismiss Claims for Lack of Subject-Matter Jurisdiction under Fed. R. Civ. P. 12(b)(1), Doc. 1113, filed February 19, 2021 ("Motion").

**Discretionary Function Exception of the FTCA**

Plaintiffs have asserted causes of action against the United States for various torts including negligence, nuisance, and trespass.

The Federal Tort Claims Act ("FTCA") waives sovereign immunity for actions against the United States resulting from injuries caused by the negligent acts of governmental employees while acting in the scope of their employment:

> the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). This waiver of immunity does not, however, apply to:

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal

agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a) ("discretionary function exception").

The Federal Defendants previously filed two motions to dismiss the tort claims against the United States based on the discretionary function exception to the FTCA. *See* Doc. 44, filed July 25, 2018 (regarding New Mexico and the Navajo Nation's tort claims); Doc. 114, filed November 1, 2018 (regarding the *Allen* Plaintiffs' tort claims). The Court denied those motions to allow "for discovery regarding the discretionary function exception." Doc. 164, filed February 28, 2019. The United States subsequently filed a motion for partial summary judgment based on the discretionary function exception *eight days after discovery opened*. *See* Doc. 268, August 13, 2019. The Court denied the United States motion for partial summary judgment as "premature because Plaintiffs have not had an opportunity for discovery." Doc. 338 at 3, filed October 17, 2019.

The Federal Defendants filed their Motion to Dismiss, which is now before the Court and is based in part on the discretionary function exception, on February 19, 2021, shortly after the January 29, 2021, close of fact discovery. *See* Doc. 889, filed October 30, 2020 (extending deadline for fact discovery from December 31, 2020, to January 29, 2021).

New Mexico and the Navajo Nation have since filed a Motion for Sanctions Due to the Federal Parties' Spoliation of Evidence. Doc. 1179, filed May 4, 2021. New Mexico and the Navajo Nation contend they are prejudiced because some of the lost evidence "would also be relevant to the Federal Parties' primary defense to [New Mexico and the Navajo Nation's] tort claims—the discretionary function exception to the Federal Tort Claims Act" stating:

> Making the prejudice to the Sovereign Plaintiffs even more plain, the Federal Parties seek to exploit the spoliation in their reply brief in support of their pending motion to dismiss [based on the discretionary function exception], arguing that the

> Sovereign Plaintiffs "fail to cite any evidence that the crew was removing any blockage material in order to release impounded water from the mine on August 4 or 5, 2015."

Doc. 1179 at 22. The alleged spoliated evidence includes text messages, photographs and documents on the laptops and iPhones of "the two most important EPA witnesses in this case—On-Scene Coordinators Hays Griswold and Steve Way." Doc. 1179 at 5. New Mexico and the Navajo Nation state that "the Federal Parties' belated disclosure [of spoliated evidence] came with just two months left of fact discovery, which was set to close on December 31, 2020." Doc. 1179 at 13-14. The Allen Plaintiffs have joined in and adopted by reference New Mexico and the Navajo Nation's Motion for Sanctions Due to the Federal Parties' Spoliation of Evidence. *See* Doc. 1181, filed May 5, 2021. Plaintiffs seek sanctions including an order precluding the Federal Parties from putting on evidence EPA's On-Scene Coordinator's intentions regarding opening the mine, and an adverse inference instruction or presumption that the spoliated evidence would have been unfavorable to the Federal Parties with respect to the Plaintiffs' negligence claims and the application of the discretionary function exception. *See* Doc. 1181 at 31. Briefing on the Motion for Sanctions Due to the Federal Parties' Spoliation of Evidence has not been completed.

Given the Plaintiffs' allegations that the Federal Parties spoliated evidence that perhaps would have been unfavorable to the Federal Parties with respect to the application of the discretionary function exception, the Court finds that it would be premature to rule on the merits of the Federal Parties' motion to dismiss based on the discretionary function exception before the Court addresses the spoliation issue. The Court denies the Federal Parties' motion to dismiss based on the discretionary function exception without prejudice. The Court may allow the Parties to re-address the issue after the Court rules on the Motion for Sanctions Due to the Federal Parties' Spoliation of Evidence.

**Clean Water Act Claim**

New Mexico has asserted a cause of action against the Administrator of EPA pursuant to the Clean Water Act ("CWA") which provides:

> A Governor of a State may commence a civil action ... against the Administrator where there is alleged a failure of the Administrator to enforce an effluent standard or limitation under this chapter the violation of which is occurring in another State and is causing an adverse effect on the public health or welfare in his State, or is causing a violation of any water quality requirement in his state.

33 U.S.C. § 1365(h). New Mexico alleges that:

> Colorado has failed to permit numerous inactive or abandoned mines in the Upper Animas River Basin, and elsewhere, that are discharging acid mine drainage and pollutants into navigable water. Past and present discharges from these inactive mines—including but not limited to the Gold King Mine release—have entered and are still entering New Mexico's water and are causing adverse effects on the public health and welfare in New Mexico.

New Mexico's Second Amended Complaint ¶ 148, at 45-46 Doc. 339, filed October 17, 2019. New Mexico seeks an order "[c]ompelling the Administrator of EPA ... to seek abatement of pollution from numerous inactive and abandoned mines in Colorado that discharge acid mine drainage and other waste into the Animas River in Colorado and adversely affect the public health and environment in New Mexico." New Mexico's Second Amended Complaint ¶ 198, at 57.

The Federal Defendants contend that New Mexico's Clean Water Act claim is barred by the timing of review provision of CERCLA Section 9613(h) which provides: "No Federal court shall have jurisdiction ... to review any challenges to removal or remedial action selected under section 9604." 42 U.S.C. § 9613(h). The Federal Defendants state that "EPA is diligently engaged in a variety of response actions for contamination from the Mining District pursuant to CERCLA section 9604" and "[b]y seeking a Court order compelling EPA to abate pollution from the [Gold King Mine] and the Sunnyside Mine Pool, New Mexico asks this Court to engage in exactly the

type of premature judicial intervention barred by section 9613(h)'s timing of review provision." Motion at 24-25.

New Mexico argues that its CWA claim is not a challenge to EPA's removal or remedial actions in the Bonita Peak Mining District Operable Unit 3 because "New Mexico's allegations make clear that the state's claim for relief is not focused solely on mining discharges within Operable Unit 3 of the [Bonita Peak Mining District], but instead *all* discharges that affect the Animas River watershed." Response at 7. New Mexico's argument appears to be inconsistent with its response to the Federal Parties' Interrogatory No. 8 which states: "Identify all inactive or abandoned mines that you contend discharge pollutants into the Animas River in Colorado without a permit and are causing an adverse effect on the public health or welfare in New Mexico." Doc. 1113-1 at 2, filed February 19, 2021. New Mexico responded stating: "New Mexico objects to Interrogatory No. 8 as seeking information that is not relevant to any party's claim or defense. This litigation relates to the August 5, 2015 Gold King Mine release." Doc. 1113-1 at 2.

New Mexico also argues that "[t]here would be no interference with USEPA's cleanup at the [Bonita Peak Mining District] if New Mexico's requested relief is granted." Response at 7-8. New Mexico characterizes its "requested relief" as requiring only that EPA issue permits for discharges, "impose effluent limits," and the "monitoring" of discharges and reporting. Response at 8. However, New Mexico's Clean Water Act claim does not state New Mexico seeks an order compelling the EPA Administrator to issue permits, monitor discharges and file reports. Instead, it seeks an order "[c]ompelling the Administrator of EPA ... to seek abatement of pollution from numerous inactive and abandoned mines in Colorado." "Abate" means reduce, which entails something more than monitoring and reporting. Any order from this Court requiring EPA to abate pollution from mines in the Bonita Peak Mining District would interfere with EPA's ongoing

response actions for contamination from the Mining District pursuant to CERCLA. *See Cannon v. Gates*, 538 F.3d 1328, 1333-35 (10th Cir. 2008) ("According to its plain language, § 9613(h) strips federal court of jurisdiction once the Government has begun a removal action;" "§ 9613(h)'s jurisdiction strip applies, even if the Government has only begun to 'monitor, assess, and evaluate the release or threat of release of hazardous substances;" "a suit challenges a removal action if it interferes with the implementation of a CERCLA remedy because the relief requested will impact the [removal] action selected").

The Court dismisses New Mexico's Clean Water Act claim as it relates to the Gold King Mine and the other mines that are included in EPA's response actions for contamination from the Mining District. To the extent New Mexico is asserting its Clean Water Act based on "*all* discharges that affect the Animas River watershed," the Court dismisses those claims without prejudice because it appears there has been very little, if any, discovery regarding those other discharges and fact discovery has closed. The Court will not re-open discovery at this time. The member cases in this Multi-District Litigation were centralized in the District of New Mexico because they "involve common questions of fact ["arising from the August 2015 release of approximately three million gallons of acidic, mine-impacted waters from the Gold King Mine"], and that centralization in the District of New Mexico will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation." United States Judicial Panel on Multidistrict Litigation's Transfer Order, Doc. 1, filed April 4, 2018. Re-opening discovery for "*all* discharges that affect the Animas River watershed" would undermine the purpose of centralizing these cases.

**IT IS ORDERED** that the Federal Defendants' Motion to Dismiss Claims for Lack of Subject-Matter Jurisdiction under Fed. R. Civ. P. 12(b)(1), Doc. 1113, filed February 19, 2021, is

**GRANTED in part.** The Court **DISMISSES** the State of New Mexico's Clean Water Act claim. The Court **DENIES without prejudice** the Federal Parties' motion to dismiss based on the discretionary function exception.

_____
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**