IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IN RE: GOLD KING MINE RELEASE
IN SAN JUAN COUNTY, COLORADO,                    No. 1:18-md-02824-WJ
ON AUGUST 5, 2015

*This Document Relates to All Cases*

**MEMORANDUM OPINION AND ORDER DENYING
*ALLEN* PLAINTIFFS' MOTION FOR RULE 54(b) CERTIFICATION TO APPEAL
ORDER GRANTING KINROSS MOTION FOR SUMMARY JUDMENT FOR LACK OF
PERSONAL JURISDICTION**

**THIS MATTER** comes before the Court on the *Allen* Plaintiffs' Motion for Rule 54(b) Certification to Appeal Order Granting Kinross Motion for Summary Judgment for Lack of Personal Jurisdiction, Doc. 1226, filed June 3, 2021.

On April 29, 2021, the Court granted Kinross Gold U.S.A. and Kinross Gold Corporation's ("Kinross Defendants") Motion for Summary Judgment on the Claims of New Mexico, the Navajo Nation, Utah and the Allen Plaintiffs: Personal Jurisdiction. *See* Doc. 1175 ("Order"). The Court concluded that there is no personal jurisdiction over the Kinross Defendants and Sunnyside Gold Corporation because they do not have the minimum contacts with New Mexico to establish specific jurisdiction. Order at 3, 9.

The *Allen* Plaintiffs ask the Court to certify the Court's Order for appeal pursuant to Fed. R. Civ. P. 54(b) which allows for interlocutory appeals.

> [C]ertification [for interlocutory appeal] is appropriate *only* when the district court "adheres strictly to the rule's requirement that a court make two express determinations." *Id.* at 1242. First, the district court must determine that its judgment is final. *See Curtiss–Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 7, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). Second, the district court must determine that no just reason for delay of entry of its judgment exists. *Id.* at 8, 100 S.Ct. 1460.
>
> In making these determinations, the district court should act as a "dispatcher" weighing Rule 54(b)'s policy of preventing piecemeal appeals against the

inequities that could result from delaying an appeal. *Id.* at 8, 100 S.Ct. 1460; *Oklahoma Turnpike Auth.,* 259 F.3d at 1241. Factors the district court should consider are "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss–Wright Corp.,* 446 U.S. at 8, 100 S.Ct. 1460.

*Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005).

The *Allen* Plaintiffs state there is no just reason to delay and that an immediate appeal would "avoid[] inequities against the *Allen* Plaintiffs by allowing the appellate court to promptly address the jurisdictional issues now instead [of] at the end of the MDL, which likely will not occur for at least three more years." Motion at 4 (also stating: "Phase One of trial is tentatively scheduled in the Spring or Summer of 2022. *See* Doc. 1193. Trial dates for Phases Two and Three have not been set but will likely take multiple years considering the number of parties and the complexity of the claims").

The Court denies the *Allen* Plaintiffs' Motion because the inequities that could result from delaying the appeal until after the Phase One trial do not outweigh Rule 54(b)'s policy of preventing piecemeal appeals. In addition to their tort claims asserted against the Kinross Defendants and Defendant Sunnyside Gold Corporation, the *Allen* Plaintiffs have asserted tort claims against Defendants United States of America, Environmental Restoration, LLC, Gold King Mines Corporation and Weston Solutions, Inc. *Allen* Plaintiffs' Second Amended Complaint at 112, 117, 119, Doc. 445, filed January 21, 2020 (asserting tort claims against "All Defendants"). The Phase One trial will address tort liability and the damage claims on behalf of the Individual Plaintiffs, which include the *Allen* Plaintiffs. *See* Special Master Hon. Alan C. Torgerson's Report and Recommendation on Plaintiffs' Motion to Trifurcate Trial at 2, Doc. 305, filed September 11, 2019 (adopted by the Court on October 15, 2019, *see* Doc. 334). While it might be inequitable to

require the *Allen* Plaintiffs to wait three or more years until after the Phase Two and Phase Three trials to appeal the Court's Order, delaying their appeal until next year, after the Phase One trial of all of the *Allen* Plaintiffs' tort claims, is not inequitable and will avoid piecemeal appeals related to tort claims. The *Allen* Plaintiffs may file another motion for interlocutory appeal of the Court's Order after the Phase One trial of their tort claims.

**IT IS ORDERED** that the *Allen* Plaintiffs' Motion for Rule 54(b) Certification to Appeal Order Granting Kinross Motion for Summary Judgment for Lack of Personal Jurisdiction, Doc. 1226, filed June 3, 2021, is **DENIED.**

_____
**WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE**