THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| *In re: Gold King Mine Release in San Juan County, Colorado on August 5, 2015* | |
| This Document Relates to Case: *All Cases* | No. 1:18-md-02824-WJ |

### RULE 16 MOTION FOR BRIEFING SCHEDULE TO DETERMINE PRETRIAL THE APPROPRIATENESS OF AN ADVERSE INFERENCE INSTRUCTION[1]

The Federal Parties respectfully move under Fed. R. Civ. P. 16 for a briefing schedule to determine as soon as possible before trial the appropriateness of an adverse inference instruction as a result of the Court's Order Granting in part Sovereign Plaintiffs and Sunnyside Gold Corporation's Motions for Sanctions Due to the Federal Parties' Spoliation of Evidence ("Order"), Doc. 1292. Establishing a briefing schedule for a pretrial determination is appropriate to resolve a threshold jurisdictional issue before trial, avoid complications regarding the presentation of evidence at trial arising from a potential adverse inference instruction, and enable the possibility of settlement discussions prior to trial.

### Background

On May 4 and May 24, 2021, Sovereign Plaintiffs and the Sunnyside Gold Corporation ("SGC") each moved, respectively, for sanctions. Docs. 1179, 1206. Sovereign Plaintiffs sought as sanctions, among other things, an "adverse inference instruction or presumption that the

---

[1] Pursuant to L.R. 7.1(a), the Federal Parties have sought to confer with the other parties regarding their positions on this motion. All plaintiffs' counsel, including counsel for New Mexico, the Navajo Nation, the *Allen* Plaintiffs, and the *McDaniel* Plaintiffs state that they will oppose the motion. Defendants Weston Solutions and Environmental Restoration will not oppose. The remaining parties have either not taken a position or have not provided one.

1

spoliated evidence would have been unfavorable to the Federal Parties with respect to both the Sovereign Plaintiffs' negligence claims and the application of the discretionary function exception." Doc. 1292 at 7. Sovereign Plaintiffs stated that the instruction is appropriate because the Federal Parties asserted, in a then-pending motion to dismiss based on the Federal Tort Claim Act's ("FTCA") discretionary function exception, that the EPA did not intend to open the mine on August 5, 2015. Doc. 1179 at 22. As a result of the Sovereign Plaintiffs' motion, the Court dismissed, without prejudice, the Federal Parties' motion because "it would be premature to rule on the merits of the Federal Parties' motion to dismiss based on the discretionary function exception before the Court addresses the spoliation issue." Doc. 1194 at 3. But, the Court stated that "it may allow the Parties to readdress the issue after the Court rules on the Motion for Sanctions Due to the Federal Parties' Spoliation of Evidence." *Id*

On August 6, 2021, the Court issued the Order on sanctions and spoliated evidence. Doc. 1292. The Court ruled that it would not preclude the Federal Parties from introducing evidence that EPA did not intend to open the mine on August 5, 2015, but the Court deferred ruling on the requests for adverse inference instructions "that the spoliated evidence would have been unfavorable to the Federal Parties." *Id*. at 11. The Court did not specifically mention any adverse inference instruction regarding the discretionary function exception. The Court held that it could not "determine whether the Federal Parties 'acted with the intent to deprive another party of the information's use in the litigation,'" and listed seven issues on which the Court needed more information. *Id*. at 11-13. The Court stated that the parties will have an opportunity to file supplemental briefing on whether an adverse inference was appropriate. *Id*. at 13.

A week before the issuance of the Order, on July 30, 2021, the Federal Parties informed the Special Master that new information relevant to Sovereign Plaintiffs' and SGC's motions for

sanctions had been recovered and that they intended to file a notice about the recovered information the following week. Ex. 1. The Federal Parties recovered this information only after filing their responses to Sovereign Plaintiffs' and SGC's motions. The recovered information includes text messages dated in August 2015 from EPA On-Scene Coordinator ("OSC") Steven Way's iPhone iTunes backup, as well as photos and videos recovered from Mr. Way's iTunes backup and an iCloud account registered to OSC Hays Griswold's EPA-issued email account. The Court's Order issued hours before the Federal Parties planned to file their notice of additional information.

In the weeks following the Court's Order, the Federal Parties have been gathering and organizing information on the seven issues identified in the Court's Order. *Id*. at 12-13. The Federal Parties are prepared to submit declarations and exhibits that will address the Court's questions upon request, as well as the additional information recovered since the Federal Parties' responses to Sovereign Plaintiffs' and SGC's motions for sanctions, through pretrial briefing. The Federal Parties would not object to other procedures the Court may deem necessary to decide the issue prior to trial.

**Argument**

The Federal Parties respectfully move under Rule 16 for a schedule to determine pretrial whether an adverse inference is appropriate. Pretrial procedures pursuant to Rule 16 serve to, among other things, "expedit[e] disposition of the action," "improv[e] the quality of the trial through more thorough preparation," and "facilitat[e] settlement." *See* Fed. R. Civ. P. 16. Here, a pretrial determination of whether an adverse inference is appropriate is necessary to (1) expedite the resolution of a threshold jurisdictional issue, (2) improve trial by addressing complications

from the presentation of evidence arising from a potential adverse inference instruction, and (3) facilitate the possibility of settlement discussions.

First, determining whether an adverse inference instruction is appropriate is necessary to resolve the threshold jurisdictional question of the application of the discretionary function exception. 28 U.S.C. § 2680(a). To proceed with a FTCA claim, a plaintiff must "first prove that their claims are not premised upon actions immunized from liability under the FTCA's discretionary function exception." *Elder v. United States*, 312 F.3d 1172, 1176 (10th Cir. 2002). Because immunity, like the discretionary function exception, is a protection "from suit rather than a mere defense to liability," the Supreme Court has "repeatedly stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009).

A pretrial determination regarding a potential adverse inference instruction is necessary to resolve the FTCA jurisdictional issues "at the earliest possible stage." *Id*. The Court's Order regarding Sovereign Plaintiffs' and SGC's motions for sanctions did not specifically mention any adverse inference instruction or presumption regarding the discretionary function exception, and the Court appears to have deferred a decision on this matter for supplemental briefing. *See* Docs. 1194 at 3, 1292 at 13. Pretrial resolution of this jurisdictional issue is in the interests of all parties and will not significantly overlap with evidence to be presented at trial. The Federal Parties suggest that supplemental briefing would be appropriate as part of the requested Rule 16 schedule to resolve this issue, in addition to any other procedures the Court deems appropriate.

Second, a pretrial determination is necessary to avoid complications with the presentation of evidence at trial. The parties will not be afforded a fair opportunity to prepare their cases unless they know whether an adverse inference instruction will be provided. Sovereign Plaintiffs

4

and SGC have requested adverse inferences that "spoliated evidence would have been unfavorable to the Federal Parties" with respect to negligence claims and the discretionary function exception. Doc. 1292. If an adverse inference or presumption will apply, the parties will need to know how they will apply to present their evidence at trial. For example, if the inference is that the lost evidence "would have been unfavorable to the Federal Parties with respect to the application of the discretionary function exception," Doc. 1194 at 3, the Federal Parties will need to know specifically how that inference will apply to what is essentially a legal question of whether a mandatory and specific directive existed and whether the EPA's conduct was susceptible to policy analysis. *See Elder*, 312 F.3d at 1176.

The Court may also wish to consider the impact of any adverse inference instruction on other parties. For example, Environmental Restoration and Weston Solutions assert the government contractor defense, which may be impacted by an adverse inference instruction on the discretionary function exception. Docs. 1113, 1220. Thus, separate trials may be considered to avoid prejudice to other parties as a result of any adverse inference. If separate trials are granted, the claims against the Federal Parties would be tried without a jury, 28 U.S.C. § 2402, which would moot the need for any adverse inference instructions at all.

Finally, pretrial resolution is necessary to enable the possibility of settlement talks. As the Special Master previously recognized, "the United States continues to maintain that there is no subject matter jurisdiction under the Federal Tort Claims Act and that settlement talks will be unproductive until a ruling on that legal issue is obtained from the Court." Doc. 586 at 7 n.3. Because the application of the FTCA's discretionary function exception is now in part dependent on whether an adverse inference instruction is appropriate, determining pretrial if an adverse inference will be provided will enable the possibility of settlement discussion before trial.

5

## Conclusion

For the foregoing reasons, the Federal Parties respectfully request a Rule 16 schedule to determine pretrial the appropriateness of an adverse inference instruction.

DATED: November 15, 2021

OF COUNSEL:

Elizabeth G. Berg
U.S. Environmental Protection Agency
Office of General Counsel
1200 Pennsylvania Ave NW
Washington, D.C. 20004
(202) 564-0905

Paul Logan
Senior Assistant Regional Counsel
U.S. EPA Region 8
Office of Regional Counsel
1595 Wynkoop Street
Denver, CO 80202
(303) 312-6854

Respectfully submitted,

J. PATRICK GLYNN
Director, Torts Branch

CHRISTINA M. FALK
Assistant Director

 /s/ Adam Bain
ADAM BAIN
Senior Trial Counsel
ALBERT K. LAI
CAROLINE STANTON
DAVID HAMMACK
Trial Attorneys
Civil Division, Torts Branch
U.S. Department of Justice
P. O. Box 340
Washington, D.C. 20044
E-mail: adam.bain@usdoj.gov
Telephone: (202) 616-4209

FRED J. FEDERICI
Attorney for the United States, Acting Under
Authority Conferred by 28 U.S.C. § 515
ROBERTO D. ORTEGA
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

 /s/ Alan Greenberg
ALAN GREENBERG
BRIAN H. LYNK
TSUKI HOSHIJIMA
GUS MAXWELL
United States Department of Justice

Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Phone: (202) 514-6187
Fax: (202) 514-8865

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2021, I electronically filed the foregoing notice to all parties using the Electronic Case Filing ("ECF") system of this Court. The ECF system will send a "Notice of Electronic Filing" to the attorneys of record.

<u>/s/ Albert K. Lai</u>

Albert K. Lai