**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

IN RE: GOLD KING MINE RELEASE
IN SAN JUAN COUNTY, COLORADO,                    No. 1:18-md-02824-WJ
ON AUGUST 5, 2015

*This Document Relates to All Cases*

## MEMORANDUM OPINION AND ORDER

Plaintiffs have asserted causes of action against the United States for various torts including negligence, nuisance, and trespass.  The Federal Defendants filed a motion to dismiss the tort claims based on the discretionary function exception.  *See* Doc. 1113, filed February 19, 2021.

The Federal Tort Claims Act ("FTCA") waives sovereign immunity for actions against the United States resulting from injuries caused by the negligent acts of governmental employees while acting in the scope of their employment.  *See* 28 U.S.C. § 1346(b)(1).  This waiver of immunity does not, however, apply to:

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a) ("discretionary function exception").

New Mexico and the Navajo Nation subsequently filed a motion for sanctions due to the Federal Parties' spoliation of evidence.  *See* Doc. 1179, filed May 4, 2021.  New Mexico and the Navajo Nation contend they are prejudiced because some of the lost evidence "would also be relevant to the Federal Parties' primary defense to [New Mexico and the Navajo Nation's] tort claims—the discretionary function exception to the Federal Tort Claims Act."  Doc. 1179 at 22.

The Court denied the Federal Parties' motion to dismiss based on the discretionary function after finding that it would be premature to rule on the merits of the Federal Parties' motion to dismiss based on the discretionary function exception before the Court addresses the spoliation issue.  *See* Doc. 1194 at 3, filed May 13, 2021.

The Court granted in part the motions[1] for sanctions due to the Federal Parties' spoliation of evidence stating:

> The Court defers ruling on Movants' requests for an adverse inference instruction or presumption that the spoliated evidence would have been unfavorable to the Federal Parties.  The Court cannot, at this time, determine whether the Federal Parties "acted with the intent to deprive another party of the information's use in the litigation" ... The Court finds it striking that so much ESI [Electronically Stored Information] on the OSCs' [EPA's On Scene Coordinators] electronic devices was spoliated as a result of delay, forgotten passwords and the wiping/setting of devices. While the spoliation may be the result of mere negligence on the part of several persons, that amount of ESI spoliation of perhaps the two most important witnesses, the fact that EPA was directing and was responsible for the activities at the Gold King Mine and the fact that the OSCs may have had personal reasons for deleting ESI, due to the investigations of their actions, suggests that the spoliation may have been the result of more than mere negligence.  While there are over 400 pages of briefs and exhibits, there are a number of issues that remain unclear including:
>
> ... [identifying eight areas of issues]
>
> The Parties will have an opportunity to file supplemental briefing on whether the Court should give an adverse inference instruction or presumption that the spoliated evidence would have been unfavorable to the Federal Parties *after* testimony by the OSCs and other witnesses and before the Court instructs the jury.

Doc. 1292 at 11-13, filed August 6, 2021 (emphasis added).

The Federal Parties now move "for a briefing schedule to determine as soon as possible *before* trial the appropriateness of an adverse inference instruction."  *See* Federal Parties' Rule 16 Motion for Briefing Schedule to Determine Pretrial the Appropriateness of an Adverse Inference

---

[1] Defendant Sunnyside Gold Corporation also filed a motion for sanctions due to the Federal Parties' spoliation of evidence after the Court denied the Federal Parties' motion to dismiss.  *See* Doc. 1206, filed May 24, 2021.

Instruction at 1, Doc. 1395, filed November 15, 2021 ("Federal Parties' Motion") (emphasis added).

ER and Weston, both of which were EPA contractors at the Gold King Mine, move for separate trials, or in the alternative an appropriate jury instruction, stating they were not involved with the spoliation but will be prejudiced by evidence of spoliation. *See* Defendant Environmental Restoration, LLC's ("ER") Motion for Severance or, in the Alternative, Motion for Protective Jury Instruction Re Spoliation of Evidence, Doc. 1396, filed November 15, 2021, ("ER's Motion"); Weston Solutions, Inc.'s ("Weston") Motion for Separate Trials or in the Alternative a Curative Jury Instruction, Doc. 1398, filed November 16, 2021 ("Weston's Motion")

**The Federal Parties' Motion**

The Federal Parties contend that "Establishing a briefing schedule for a pretrial determination is appropriate to resolve a threshold jurisdictional issue before trial, avoid complications regarding the presentation of evidence at trial arising from a potential adverse inference instruction, and enable the possibility of settlement discussions prior to trial."  Federal Parties' Motion at 1.

> The Federal Parties state:
>
> [D]etermining whether an adverse inference instruction is appropriate is necessary to resolve the threshold jurisdiction question of the application of the discretionary function exception.  28 U.S.C. § 2680(a).  To proceed with a FTCA claim, a plaintiff must "first prove that their claims are not premised upon actions immunized from liability under the FTCA's discretionary function exception." *Elder v. United States*, 312 F.3d 1172, 1176 (10th Cir. 2002).  Because immunity, like the discretionary function exception, is a protection "from suit rather than a mere defense to liability," the Supreme Court has "repeatedly stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009).
> ...
>
> The parties will not be afforded a fair opportunity to prepare their cases unless they know whether an adverse inference instruction will be provided ... the Federal

> Parties will need to know specifically how that inference will apply to what is essentially a legal question of whether a mandatory and specific directive existed and whether the EPA's conduct was susceptible to policy analysis.
> ...
>
> The Court may also wish to consider the impact of any adverse inference instruction on ... [ER and Weston which] assert the government contractor defense, which may be impacted by an adverse inference instruction on the discretionary function exception ... If separate trials are granted, the claims against the Federal Parties would be tried without a jury, 28 U.S.C. § 2402.
> ...
>
> Because the application of the FTCA's discretionary function exception is now in part dependent on whether an adverse inference instruction is appropriate, determining pretrial if an adverse inference will be provided will enable the possibility of settlement discussion before trial.

Federal Parties' Motion at 4-5.  The Federal Parties state they "are prepared to submit declarations and exhibits that will address the Court's questions ... [and] would not object to other procedures the Court may deem necessary to decide the issue prior to trial." *Id.* at 3.

The Navajo Nation, State of New Mexico, and the *Allen* and *McDaniel* Plaintiffs oppose the Federal Defendants' motion for a briefing schedule regarding the adverse inference instruction stating: (i) the Federal Defendants "claim that resolution of the DFE [Discretionary Function Exception] is necessary to enable the possibility of settlement talks, but provide no evidence that there is any legal or administrative bar to settlement prior to resolution of the DFE;" (ii) "the Court should reject the Federal Defendants' suggestion that they answer the Court's questions regarding their widespread destruction of evidence through submission declarations and exhibits ... [because Plaintiffs] must have the opportunity to cross-examine witnesses and put on their own evidence;" and (iii) "waiting to decide the adverse inference issue will not result in significant complications with the presentation of evidence at trial."  *See* Response, Doc. 1408, filed December 13, 2021; *McDaniel* Plaintiff's Notice of Joinder, Doc. 1409, filed December 17, 2021.

**ER and Weston's Motions**

4

ER and Weston move for a separate trial pursuant to Rule 20(b) which states: "The court may issue orders—including an order for separate trials—to protect a party against embarrassment, delay, expense, or other prejudice that arises from including a person against whom the party asserts no claim and who asserts no claim against the party."  Fed. R. Civ. P. 20(b).  ER and Weston request, in the alternative, that the Court instruct the jury that evidence of spoliation should not be held against ER and Weston.

The spoliation concerns Electronically Stored Information ("ESI") on the electronic devices of EPA's On Scene Coordinators ("OSCs") Way and Griswold.  ER and Weston state that Mr. Way and Mr. Griswold are key witnesses and that ER and Weston will be prejudiced by evidence of spoliation.  *See* ER's Motion at 6 (stating evidence of spoliation "will severely undermine the credibility of Mr. Way and Mr. Griswold" which will affect ER's case and defenses); Weston's Motion at 2-3 (stating: "To the extent that the finder of fact may infer that the lost ESI may have included communications relevant to the EPA's plan for work at the site in August 2015, it may also infer that the spoiled evidence would affect the contractor's duties and obligations at the mine").

The Navajo Nation, State of New Mexico, and the *Allen* and *McDaniel* Plaintiffs oppose ER's and Weston's motions for separate trials stating: (i) "Severing the trials of [ER and Weston] from that of the Federal Defendants would result in substantial waste of judicial resources due to unwarranted delay, highly duplicative trials, and undue burden to witnesses and the parties;" (ii) "While the Federal Defendants and [ER and Weston] would each need to conduct only one trial, the Plaintiffs would be forced to shoulder the cost and difficulty of multiple trials;" and (iii) "To the extent any potential for prejudice to [ER and Weston] exists, the appropriate response is

not severance, but the issuance of limiting instructions." *See* Response, Doc. 1410, filed December

20, 2021; *McDaniel* Plaintiffs' Notice of Joinder, Doc. 1411, filed December 21, 2021.

**Discussion**

The Court denies the Federal Defendants' Motion for a briefing schedule regarding whether

an adverse inference is appropriate.  An evidentiary hearing, instead of briefing supported by

declarations and exhibits, will allow the Court to evaluate the credibility of the witnesses.  The

Court also denies ER's and Weston's Motions to sever their trial from the trial of the claims against

the Federal Defendants.  An evidentiary hearing on the spoliation and adverse inference issues

before trial will avoid any potential prejudice to ER and Weston thereby removing the need for

separate trials or an instruction to the jury.

The Court will not set an evidentiary hearing at this time.  Special Master Hon. Alan C.

Torgerson granted a motion by New Mexico and the United States, who stated they have reached

a settlement in principle regarding the claims between the two parties, for a 90-day stay of

litigation, to May 17, 2022, to finalize the settlement.  *See* Doc.  1465, filed March 2, 2022.  Parties

who seek an adverse inference that the spoliated evidence would have been unfavorable to the

Federal Parties shall, by June 17, 2022, file a joint notice indicating the amount of time they expect

they will need for the evidentiary hearing regarding the spoliation and adverse inference and

identifying the witnesses they intend to call.  The Court will then set an evidentiary hearing

regarding the spoliation and the adverse inference.

The Court deferred ruling on the United States' motion to dismiss the tort claims based on

the discretionary function exception because Plaintiffs contend that some of the spoliated evidence

would be relevant to the application of the discretionary function exception to their tort claims.

*See* Doc. 1194 at 2-3 (finding it premature to rule on the Federal Parties' motion to dismiss based

on the discretionary function exception before the Court addresses the spoliation issue).  The

United States may file a motion to dismiss the tort claims based on the discretionary function

exception after the evidentiary hearing regarding spoliation.

**IT IS ORDERED** that:

(i)      The Federal Parties' Rule 16 Motion for Briefing Schedule to Determine Pretrial

the Appropriateness of an Adverse Inference Instruction, Doc. 1395, filed

November 15, 2021, is **DENIED.**

(ii)     Defendant Environmental Restoration, LLC's Motion for Severance or, in the

Alternative, Motion for Protective Jury Instruction Re Spoliation of Evidence,

Doc. 1396, filed November 15, 2021, is **DENIED.**

(iii)    Weston Solutions, Inc.'s Motion for Separate Trials or in the Alternative a Curative

Jury Instruction, Doc. 1398, filed November 16, 2021, is **DENIED.**

**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**