IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IN RE: GOLD KING MINE RELEASE
IN SAN JUAN COUNTY, COLORADO,                           No. 1:18-md-02824-WJ
ON AUGUST 5, 2015

*This Document Relates to:*    No. 1:16-cv-00465-WJ-LF
  No. 1:16-cv-00931-WJ-LF
  No. 1:17-cv-00710-WJ-SCY
  No. 1:18-cv-00744-WJ-KK

## MEMORANDUM OPINION AND ORDER
## DENYING WESTON'S MOTION TO RECONSIDER ORDER DENYING MOTIONS
## REGARDING GOVERNMENT CONTRACTOR DEFENSE

**THIS MATTER** comes before the Court on Weston Solutions, Inc.'s ("Weston") Motion to Reconsider Memorandum Opinion and Order Denying Environmental Restoration's ("ER") and Weston's Motions Regarding Government Contractor Defense, Doc. 1471, filed March 7, 2022 ("Motion").

Weston and ER, both of which served as contractors for the United States EPA at the Gold King Mine, filed motions to dismiss the tort claims against them based on the Government Contractor Defense. *See* Doc. 1114, filed February 19, 2021, and Doc. 1220, filed May 28, 2021.

To establish the government contractor defense, a contractor must show: (i) the case involves "uniquely federal interests;" (ii) a "significant conflict exists between an identifiable federal policy or interest and the operation of state law;" and (iii) the contractor's actions fall within the "scope of displacement." *Boyle v. United Technologies Corp.*, 487 U.S. 500, 504, 507, 512 (1988). A contractor's actions fall within the scope of displacement if: (i) "the United States approved reasonably precise specifications;" (ii) the contractor "conformed to those specifications;" and (iii) the contractor "warned the United States about the dangers" known to the contractor but not to the United States." *Boyle v. United Technologies Corp.*, 487 U.S. at 512.

The Court denied ER's and Weston's motions because Plaintiffs cited to parts of the record showing there are genuine disputes as to whether ER and Weston conformed to the specifications in the government-approved workplan and whether EPA's On Scene Coordinator ("OSC") Griswold's instructions were reasonably precise government-approved specifications. *See* Doc. 1437, filed January 31, 2022 ("Order"). The Court stated:

> It appears that there were two sets of specifications for work at the Gold King Mine. The first set of specifications, described above, includes tasks that were developed and approved prior to August 4, 2015, when Mr. Way was the OSC for Gold King Mine. The second set of specifications includes instructions that OSC Hays Griswold provided to ER and Weston on August 4-5, 2015, during work at the Gold King Mine. *See* ER Motion at 6, UMF 17 (stating Mr. Griswold took over as OSC for the Gold King Mine because Mr. Way was leaving on vacation).
>
> There is a dispute as to whether ER and Weston conformed to EPA's first set of specifications on August 4-5, 2015. OSC Griswold testified that "[w]ithin minutes of arrival [at the Gold King Mine]" he "devised a plan that was completely separate from anything in a work plan or anything in an e-mail from Steve Way" and he "saw the work plan ... threw it out ... and from there ... directed [ER] and [Weston] on what to do." Griswold Deposition Transcript at 132:25-133:5, 137:6-14, Doc. 1208 at 6-7, filed May 24, 2021.

Order at 3. Weston now asks the Court to reconsider its Order denying Weston's and ER's motions.

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (stating it is "inappropriate … to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion"); *see also Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 817 (1988) ("A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary

2

circumstances such as where the initial decision was "clearly erroneous and would work a manifest injustice").

Weston asks the Court to reconsider its Order because "the Court's reasoning is premised upon a misunderstanding of Mr. Griswold's testimony: Mr. Griswold did not testify that he threw out Weston's work plan, and none of the work on August 4-5, 2015, was inconsistent with Weston's work plan." Motion at 3.

> The Court should reconsider the Order because this reasoning begins from a false premise: Mr. Griswold did not testify that he threw out Weston's work plan. The portions of Mr. Griswold's deposition transcript on which the Court relies specifically concern the ER work plan and the revised approach to excavation prepared by ER's subcontractor, Harrison Western.
> ....
>
> The Order presumes without analysis that there is a dispute of fact concerning whether Weston's work conformed with the United States' reasonably precise specifications because Mr. Griswold proceeded on his own initiative, irrespective of "the work plan."
>
> Second, taking Mr. Griswold's testimony in the appropriate context calls into question Court's presupposition that Mr. Griswold's direction to Weston on August 4-5, 2015, presented a second "set[] of specifications for work at the Gold King Mine," separate and apart from the approved 2015 Sampling and Analysis Plan. Order, Dkt. 1437, 3. ... But, the Court did not analyze whether any of the directions that Mr. Griswold gave to Weston on August 4-5, 2015, fell outside of the scope of its "work assignment or technical direction document." Rather, the Court simply assumed that Mr. Griswold "threw out" the approved specifications and started anew. That may be true with respect to ER's work plan, but Mr. Griswold's testimony says nothing about Weston's 2015 Sampling and Analysis Plan. Moreover, as Weston briefed in the Motion, its work on August 4-5, 2015, was wholly consistent with the approved 2015 Sampling and Analysis Plan.

Motion at 4-8.

In its motion for partial summary judgment to dismiss tort claims based on the Government Contractor Defense, Weston stated: "In the course of their work at the GKM site, Weston personnel followed all directions and instructions that the OSCs provided. The OSCs directed and oversaw all of Weston's work on site." Doc. 1220 at 14, filed May 28, 2021 (undisputed material fact No.

3

44). Weston stated that OSC Griswold "directed Mr. Petri to examine and photograph progress in excavation activities near to and above the adit blockage" but did not cite to portions of the record describing "*all* directions and instructions that the OSCs provided." Doc. 1220 at 12, 14 (emphasis added).

The Sovereign Plaintiffs cited OSC Griswold's deposition testimony which stated: (i) OSC Griswold's "knowledge of the Gold King Mine site was a 1 out of 10" before he arrived at the site but "almost immediately after [OSC Griswold] arrived there, [OSC Griswold] had assessed the situation and ... had a level of familiarity [he] would describe as a 10 out of 10;" (ii) "Within minutes of [OSC Griswold's] arrival [at the Gold King Mine] [OSC Griswold] devised a plan that was completely separate from anything in *a work plan* or anything in an e-mail from [OSC] Steve Way;" and (iii) OSC Griswold "saw the work plan ... threw it out for purposes of [OSC Griswold's] work, and from there [OSC Griswold] directed Environmental Restoration *and Weston Solutions on what to do to ...to follow through with [OSC Griswold's] new plan*." Doc. 1295 at 18, filed August 6, 2021 (emphasis added). The Sovereign Plaintiff's also cited OSC Way's deposition testimony which stated: (i) OSC Griswold "had not been involved in prior work at the [Gold King Mine] site;" OSC Griswold "had not done any extensive research" and "based on the record" had not "done any non-extensive research;" (iii) OSW Way was not "aware of any research [OSC Griswold] had done;" (iv) OSC Griswold had not "participated in planning the investigation in any form;" and (v) OSC Way did not have any "basis to understand [OSC Griswold] had reviewed any literature." Doc. 1295 at 17-18, ¶ O (citing Mr. Way's deposition testimony, Ex. 5 at 430:8-342:2).

The Court concluded there were disputes as to whether Weston and ER conformed to EPA's first set of specifications and whether OSC Griswold's instructions were reasonably precise government-approved specifications because:

>OSC Griswold testified that "[w]ithin minutes of arrival [at the Gold King Mine]" he "devised a plan that was completely separate from anything in a work plan or anything in an e-mail from Steve Way" and he "saw the work plan ... threw it out ... and from there ... directed [ER] and [Weston] on what to do." Griswold Deposition Transcript at 132:25-133:5, 137:6-14, Doc. 1208 at 6-7, filed May 24, 2021.

Order at 3. While OSC Griswold may have been referring only to ER's workplan when he testified he "threw it out," it is reasonable to infer that OSC Griswold's directions and instructions, which Weston states all its personnel followed, may have been inconsistent with the previously approved specifications. *See Animal Legal Defense Fund v. Kelly*, 9 F.4th 1219, 1227 (10th Cir. 2021) (the Court must "view the facts and draw reasonable inferences in the nonmovant's favor"). As to Weston's argument that "the Court did not analyze whether any of the directions that Mr. Griswold gave to Weston on August 4-5, 2015, fell outside of the scope of its work assignment or technical direction document," the Court could not analyze whether those directions fell outside the approved specifications because Weston did not describe all of OSC Griswold's directions in its motion for summary judgment.

The Court denies Weston's Motion to reconsider because it does not show that the Court's Order is clearly erroneous or results in a manifest injustice. The Motion merely sets forth a new argument which was available at the time of the original motion.

**IT IS ORDERED** that Weston Solutions, Inc.'s Motion to Reconsider Memorandum Opinion and Order Denying Environmental Restoration's ("ER") and Weston's Motions Regarding Government Contractor Defense, Doc. 1471, filed March 7, 2022, is **DENIED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE

5