IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IN RE: GOLD KING MINE RELEASE
IN SAN JUAN COUNTY, COLORADO,                    No. 1:18-md-02824-WJ
ON AUGUST 5, 2015

*This Document Relates to All Cases*

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART CONTRACTOR DEFENDANTS' MOTION
## REGARDING SANCTIONS

The Navajo Nation and the State of New Mexico, joined by the *Allen* and *McDaniel* Plaintiffs, filed a motion for sanctions against the Federal Parties due their spoliation of evidence. *See* Doc. 1179, filed May 4, 2021. The Court granted the motion in part stating the Parties will have an opportunity to file supplemental briefing on whether the Court should give an adverse inference instruction or presumption that the spoliated evidence would have been unfavorable to the Federal Parties after testimony by EPA's On Scene Coordinators and other witnesses. *See* Doc. 1292 at 13, filed August 6, 2021. The evidentiary hearing regarding the spoliation is set for November 7-9, 2022. *See* Doc. 1690, filed June 24, 2022.

New Mexico, which has settled its claims against the Federal Parties and stipulated to dismissal of those claims,[1] *see* Doc. 1805, filed September 15, 2022, plans to pursue the adverse inference at the evidentiary hearing because "such an inference could undermine the discretionary function exception ("DFE")[2] to the Federal Tort Claims Act ("FTCA") as raised by the Federal

---

[1] The *Allen* and *McDaniel* Plaintiffs have claims pending against the Federal Parties. It appears the Navajo Nation may be close to settling its claims against the Federal Parties. *See* Status Report regarding payments pursuant to settlement agreements, Doc. 1800, filed September 12, 2022. The Court granted the State of Utah's motion to dismiss its claims as to the Federal Parties, Environmental Restoration and Weston. *See* Doc. 792, filed September 1, 2020; *see also* Settlement Agreement, Doc. 767 at 7, ¶ 7, filed August 12, 2020.

[2] The Federal Tort Claims Act waives sovereign immunity for actions against the United States resulting from injuries caused by the negligent acts of governmental employees while acting in the

Parties, which in turn could impact the Contractor Defendants' primary defense of the GCD [Government Contractor Defense]³." *See* Response at 6-7, Doc. 1794, filed September 6, 2022. The Navajo Nation and the *McDaniel* Plaintiffs filed Notices of Joinder in New Mexico's Response. *See* Doc. 1795, filed September 6, 2022; Doc. 1797, filed September 7, 2022. Plaintiffs contend that the GCD is derivative of the DFE and if the Federal Parties are not entitled to the DFE then the GCD is not available to the Contractor Defendants. *See* Response at 8, 24-26.

Weston and Environmental Restoration ("ER"), both of which were EPA Contractors at the Gold King Mine ("Contractor Defendants"), seek a determination that sanctions against the Federal Defendants will not prejudice the defenses of the Contractor Defendants. *See* Weston Solutions, Inc. and Environmental Restoration, LLC's Motion for Determination that Sanctions Against the Federal Defendants will not Prejudice the Defenses of the Contractor Defendants, Doc. 1788, filed August 22, 2022 ("Motion"). The Contractor Defendants assert that New Mexico "seeks an order of sanctions, nominally against the Federal Defendants, for the sole purpose of prejudicing *the Contractor Defendants'* defenses at trial." Motion at 3 (emphasis in original). The Contractor Defendants state "New Mexico has no remaining interest in the spoliation issue because it has no remaining claims against the Federal Defendants" and the "Contractor Defendants did not spoliate any evidence, so they are not subject to sanctions." Motion at 5, 10.

**Government Contractor Defense**

---

scope of their employment. *See* 28 U.S.C. § 1346(b)(1). The DFE is an exception to the United States' waiver of sovereign immunity in the FTCA that applies to claims based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government. *See* 28 U.S.C. § 2680(a).

³ The Government Contractor Defense shields government contractors from tort liability under certain circumstances discussed later in this Order.

The Contractor Defendants and New Mexico dispute whether the Government Contractor Defense is available to the Contractor Defendants if the Federal Defendants are not entitled to the Discretionary Function Exemption.  The Court concludes it is.

The Federal Tort Claims Act ("FTCA") waives sovereign immunity for actions against the United States resulting from injuries caused by the negligent acts of governmental employees while acting in the scope of their employment.  *See* 28 U.S.C. § 1346(b)(1).  This waiver of immunity does not apply to:

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a) ("Discretionary Function Exception" or "DFE").

The United States Supreme Court has discussed the justification in federal law for shielding Government contractors from liability.  *See Boyle v. United Technologies Corp.*, 487 U.S. 500, (1988).   The Supreme Court stated it has "held that a few areas, involving 'uniquely federal interests,' are so committed by the Constitution and laws of the United States to federal control that state law is pre-empted and replaced, where necessary by federal law of a content prescribed (absent explicit statutory directive) by the courts—so-called 'federal common law.'" *Boyle*, 487 U.S. at 504.  One area the Supreme Court "found to be of peculiarly federal concern, warranting the displacement of state law, is the civil liability of federal officials for actions taken in the course of their duty." *Boyle*, 487 U.S. at 505.  After briefly discussing the FTCA and the DFE, the Supreme Court noted that allowing "state tort suits against contractors would produce the same effect sought to be avoided by the FTCA exemption" and that it makes little sense to

insulate the Government against financial liability for the Governments functions, but not when it contracts for those functions.  See *Boyle*, 487 U.S. at 511-12.

To establish the government contractor defense, a contractor must show: (i) the case involves "uniquely federal interests;" (ii) a "significant conflict exists between an identifiable federal policy or interest and the operation of state law;" and (iii) the contractor's actions fall within the "scope of displacement."  *Boyle*, 487 U.S. at 504, 507, 512 (1988).  A contractor's actions fall within the scope of displacement if: (i) "the United States approved reasonably precise specifications;" (ii) the contractor "conformed to those specifications;" and (iii) the contractor "warned the United States about the dangers" known to the contractor "but not to the United States."  *Boyle v. United Technologies Corp.*, 487 U.S. at 512.

New Mexico argues that "the Contractor Defendants must show the DFE applies in order to pursue their defense of the GCD" because the GCD is "derivative of the United States' sovereign immunity." Response at 24.  New Mexico states:

> Numerous cases describe the GCD as derivative of the United States' sovereign immunity. *See, e.g.*, *Rodriguez v. Lockheed Martin Corp.*, 627 F.3d 1259, 1265-66 (9th Cir. 2010) (noting the Ninth Circuit's "consistent position that the government contractor defense is not a grant of immunity but is only a corollary financial benefit flowing from *the government's* sovereign immunity"); *McMahon v. Presidential Airways, Inc.*, 502 F.3d 1331, 1353 (11th Cir. 2007) ("The immunity would necessarily operate in this way because derivative immunity can be no broader than the sovereign immunity that grounds it[.]"); *In re Air Disaster at Ramstein Air Base, Germany, on 8/29/90*, 81 F.3d 570, [5]74 (5th Cir. 1996) ("[G]overnment contractor immunity is derived from the Government's immunity from suit where the performance of a discretionary function is at issue."); *Butters v. Vance Int'l, Inc.*, 225 F.3d 462, 466 (4th Cir. 2000) (recognizing "well-settled law that contractors and common law agents acting within the scope of their employment for the United States have derivative sovereign immunity").

Response at 24.  Three of the Circuit cases quoted by New Mexico, *Rodriquez*, *McMahon* and *In re Air Disaster*, discuss *Boyle*; the fourth Circuit case quoted by New Mexico, *Butters*, discusses derivative sovereign immunity with respect to the Foreign Sovereign Immunities Act.  The

language in Boyle indicates that the GCD is derivative to the DFE act in the sense that the GCD is derived from the same purpose behind the DFE which is to insulate those performing discretionary functions on behalf of the Government.  New Mexico has not cited any cases stating that the Government must be entitled to the DFE for the GCD to be available to government contractors.

New Mexico also argues that "if the Federal Parties do not have the protection of the DFE, the Contractor Defendants will be unable to show a significant conflict between federal and state law."  Response at 24, 26.  The Court disagrees.  The DFE protects the government and government employees from tort claims based upon the exercise or performance of a discretionary function or duty.  *See* 28 U.S.C. § 2680(a).  The GCD protects government contractors from tort claims based on the contractor's performance of a function which the government could perform and would fall within the government's discretion.  *See Boyle*, 487 U.S. 512 ("It makes little sense to insulate the Government against financial liability for the judgment that a particular feature of military equipment is necessary when the Government produces the equipment itself, but not when it contracts for the production").  The Contractor Defendants may be able to show a significant conflict between federal and state law even if the Federal Parties do not have the protection of the DFE.  *See Boyle*, 487 U.S. 512 ("In sum, we are of the view that state law which holds Government contractors liable for design defects in military equipment does in some circumstances present a 'significant conflict' with federal policy and must be displaced").

**Other Relief Sought by Contractor Defendants**

The Contractor Defendants request that:

the Court rule that New Mexico's assertion [apparently[4] that New Mexico can pursue an adverse inference against the Federal Defendants] is wrong as a matter of law: New Mexico has no remaining interest in the spoliation issue because it has no remaining claims against the Federal Defendants.  More specifically, the

---

[4] It is not clear from the Motion which assertion the Contractor Defendants are referring to.

5

>   Contractor Defendants request that the Court rule that New Mexico (or any other Plaintiff) may not use an adverse instruction or other sanction that may be issued *against the Federal Defendants* to preclude or otherwise to prejudice the Contractor Defendants' Government Contractor Defense.

Motion at 5-6 (emphasis in original). The Contractor Defendants also seek:

(i)   An order declaring that New Mexico's position is frivolous thereby "obviating the need for New Mexico and the Contractor Defendants to participate in the evidentiary hearing."

(ii)  An order that "New Mexico adduce facts and authorities" before the evidentiary hearing "demonstrating why and how the Court's ruling on the appropriateness of further sanctions *against the Federal Defendants* may affect any claim in or defense to New Mexico's remaining claims for relief against the Contractor Defendants may affect any claim in or defense to New Mexico's remaining claims for relief against the Contractor Defendants."

(iii) An order stablishing "that the only parties that may be prejudicially affected by the outcome of the [evidentiary hearing] are the Federal Defendants."

(iv)  An order that "any orders or judgments issued [after the evidentiary hearing] regarding such spoliation shall only prejudice the rights of the Federal Defendants."

(v)   An order that New Mexico show cause "why the Court should not enforce its prior orders based on New Mexico's motion that sought solely to prejudice the Federal Defendants for the ... spoliation by the Federal Defendants, and which were never sought by New Mexico to include prejudice to the rights of the Contractor Defendants."

(vi)  An order "exclud[ing] any evidence that New Mexico may wish to adduce at the spoliation hearing ... because New Mexico has settled with the Federal Defendants and because that evidence is prima facie *irrelevant* to its remaining claims against the Contractor Defendants."

Motion at 5-7 (emphasis in original).

The Court denies the other relief sought by the Contractor Defendants as premature. The Court will permit New Mexico to participate in the evidentiary hearing regarding the Federal Defendants spoliation of evidence. While New Mexico has settled it claims against the Federal Defendants and filed a stipulation of dismissal of those claims, the Court has not yet entered a final judgment on those claims. The Court has ordered that "the Parties will have an opportunity to file supplemental briefing on whether the Court should give an adverse inference instruction or presumption that the spoliated evidence would have been unfavorable to the Federal Parties *after* testimony by the OSCs and other witnesses and before the Court instructs the jury." Doc. 1292 at 13, filed August 6, 2021 (emphasis added). The Contractor Defendants will have an opportunity after the evidentiary hearing to move for limiting instructions as suggested by New Mexico. *See* Response, Doc. 1410 at 3, 5, 8, filed December 20, 2021 (stating the Contractor Defendants' "concerns can be adequately addressed through limiting instructions, if necessary," "Rather than the exceptional step of severing trials, the usual course is instead to issue appropriate limiting instructions," "To the extent any potential for prejudice to [Contractor Defendants] exists, the appropriate response is not [separate trials], but the issuance of limiting instructions").

**Proposed Findings and Conclusions regarding Spoliation Hearing**

The evidentiary hearing regarding the spoliation is set for November 7-9, 2022. *See* Doc. 1690, filed June 24, 2022 (ordering Parties to file proposed findings of fact and conclusions of law regarding the spoliation and adverse inference issues by October 19, 2022). Regarding the proposed findings of fact and conclusions of law currently due October 19, 2022, "Plaintiffs propose they instead be submitted after the Spoliation Hearing, such that the parties can draft them in light of the testimony given at the Spoliation Hearing." Doc. 1702 at 6 n.4, filed July 12, 2022. The proposed findings of fact and conclusions of law remain due October 19, 2022. The Parties

7

may submit revised proposed findings of fact and conclusions of law within 21 days after the conclusion of the evidentiary hearing.

**IT IS ORDERED** that Weston Solutions, Inc. and Environmental Restoration, LLC's Motion for Determination that Sanctions Against the Federal Defendants will not Prejudice the Defenses of the Contractor Defendants, Doc. 1788, filed August 22, 2022, is **GRANTED in part** as follows:

(i) The Court **GRANTS** that portion of the Contractor Defendants' Motion that disputes New Mexico's contention that the Government Contractor Defense is not available to the Contractor Defendants if the Federal Parties are not entitled to the Discretionary Function Exemption. The Court concludes that the Government Contractor Defense is available to the Contractor Defendants if the Federal Defendants are not entitled to the Discretionary Function Exemption.

(ii) The Court **DENIES** as premature the other relief the Contractor Defendants seek described on pages 5-7 of their Motion.

_____
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**