IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IN RE: GOLD KING MINE RELEASE
IN SAN JUAN COUNTY, COLORADO,                              No. 1:18-md-02824-WJ
ON AUGUST 5, 2015

*This Document Relates to All Cases*

## MEMORNADUM OPINION AND ORDER
## GRANTING JOINT MOTION FOR STAY AND
## VACATING EVIDENTIARY HEARING

The Court granted in part the motions by New Mexico, the Navajo Nation and Sunnyside Gold Corporation for sanctions due to the Federal Parties' spoliation of Electronically Stored Information ("ESI") on EPA's On Scene Coordinators' ("OSC") electronic devices stating:

> The Court defers ruling on Movants' requests for an adverse inference instruction or presumption that the spoliated evidence would have been unfavorable to the Federal Parties. The Court cannot, at this time, determine whether the Federal Parties "acted with the intent to deprive another party of the information's use in the litigation" ... The Parties will have an opportunity to file supplemental briefing on whether the Court should give an adverse inference instruction or presumption that the spoliated evidence would have been unfavorable to the Federal Parties after testimony by the OSCs and other witnesses and before the Court instructs the jury.

Doc. 1292 at 11-13, filed August 6, 2021.

The United States has since entered into settlement agreements with New Mexico and the Navajo Nation and has reached settlements in principle with the *Allen* Plaintiffs and the *McDaniel* Plaintiffs. *See* Stipulation of Voluntary Dismissal of New Mexico's Claims Against the United States, Doc. 1805, filed September 15, 2022; Stipulation of Voluntary Dismissal With Prejudice of the Navajo Nation's Claims Against the Federal Parties, Doc. 181, filed October 6, 2022; Joint Motion for Stay of Litigation, Doc. 1817, filed October 12, 2022 ("Joint Motion"). The Court previously dismissed the State of Utah's claims as to the Federal Parties pursuant to Utah's motion to dismiss and settlement agreement. *See* Doc. 792, filed September 1, 2020.

The United States, the *Allen* Plaintiffs and the *McDaniel* Plaintiffs state "[n]ow that the United States has either settled with or reached settlements in principle with all plaintiffs in the

MDL [multidistrict litigation], it is the United States' position that there is no reason for the evidentiary hearing to go forward" and jointly request that the Court enter a stay of litigation for 90 days to allow them to take necessary steps to finalize and implement the settlements in principle stating "[t]hese settlements in principle resolve all pending claims against the United States in the MDL."  *See* Joint Motion at 2, ¶ 6, at 4, ¶ 10 (also stating that "[a] stay would prevent the unnecessary expenditure of litigation resources during that time and would allow the parties to focus their resources on further settlement efforts").

Defendants Weston and Environmental Restoration ("Contractor Defendants") joined in the Joint Motion to stay litigation.  See Doc. 1826, filed October 7, 2022; Doc. 1827, filed October 9, 2022.  The Joint Motion states that the "Navajo Nation does not object to the stay of the Allen Plaintiffs' case generally, but objects to the extent that the stay of the evidentiary hearing would delay trial against the contractor defendants."  Joint Motion at 3, ¶ 8.  The Navajo Nation did not, however, file a response opposing the Joint Motion.

New Mexico opposes the Joint Motion "to the extent it seeks to vacate the [evidentiary] Hearing and related deadlines."  New Mexico's Response at 4, Doc. 1830, filed October 11, 2022. New Mexico does not oppose a stay of the *Allen* or *McDaniel* Plaintiffs' cases.  *See* Response at 4. New Mexico argues that the following weigh against a stay of the evidentiary hearing:

(i)     "[S]taying the Hearing—potentially to be rescheduled at a later date—equates to a stay of all proceedings" and would prejudice New Mexico by delaying New Mexico's trial against the Contractor Defendants.

(ii)    "Defendants suffer no burden from proceeding with the current schedule" because "they will have to incur the time and expense of preparing for and participating in the Hearing at some time in any event.

2

(iii)   The "convenience of the Court weighs in favor of maintaining the current Hearing date" because the "Court has noted that its calendar of the next several months is fully booked" and "this District has one of the highest caseloads in the nation."

(iv)   "[P]roceeding with the Hearing in November would not adversely impact the interests of persons not parties to this litigation ... proceeding with the Hearing as scheduled is important in light of concerns raised about witness availability if it is delayed.  Hays Griswold, who is one of the two key witnesses—not only on the issue of spoliation, but on the entire liability story for this case—is purportedly seriously ill with medical issues that, even at this time, impede his ability to travel ... New Mexico has significant concerns that further delay is likely to result in OSC [On Scene Coordinator] Griswold being entirely unavailable in the future.  Most importantly, Counsel for the United States has stated that, if it is released entirely as a party, its witnesses will not appear in-person for the Hearing or the trial as it can no longer be compelled to produce them."

(v)   "[T]he public interest would be disserved by delaying the Hearing.  New Mexico brought its case as *parens patriae* to represent the interests of the people of New Mexico" ... [and] would disserve the purpose of consolidating New Mexico's case with the Individual Plaintiffs' cases in the first place ... Defendants sought centralization of these cases in a multidistrict litigation ... arguing that centralization would promote the just and efficient resolution of the actions."

(vi)   "[T]his case is in a different procedural posture than when the Court ruled on the Joint Motion to Stay as to the United States, New Mexico, and the Navajo Nation ...there are no briefing or other deadlines (or potential discovery or expert work) until the Hearing is conducted, and if the stay is allowed to vacate the Hearing, there is no path for the remaining parties to move forward toward trial until hundreds of Individual Plaintiffs' claim are resolved and dismissed."

Response at 4-7.

"In assessing the propriety of a stay, a district court should consider: whether the defendants are likely to prevail in the related proceeding; whether, absent a stay, the defendants will suffer irreparable harm; whether the issuance of a stay will cause substantial harm to the other parties to the proceeding; and the public interests at stake." *United Steelworkers of America v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003); *see also Baca v. Berry*, 806 F.3d 1262, 1269-70 (10th Cir. 2015) (a district court has "'broad discretion to stay proceedings as an incident to its power to control its own docket.' *Clinton v. Jones,* 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997). And '[i]t is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants'").

The Court grants the Joint Motion for a stay of litigation of the claims between the United States and the *Allen* and *McDaniel* Plaintiffs and vacates the evidentiary hearing. Vacating the hearing will allow the United States and the *Allen* and *McDaniel* Plaintiffs to focus on finalizing the settlements in principle and, if the settlements are finalized, will avoid the unnecessary expenditure of resources. Vacating the evidentiary hearing will not prejudice New Mexico by delaying New Mexico's case against the Contractor Defendants. This order only stays litigation of the claims between the United States and the *Allen* and *McDaniel* Plaintiffs. New Mexico's case against the Contractor Defendants can proceed.

Vacating the evidentiary hearing will not prejudice New Mexico because the purpose of the evidentiary hearing was for the Court to determine whether the Federal Parties intentionally spoliated evidence before deciding whether the Court should impose the sanction of an adverse inference instruction or presumption that the spoliated evidence would have been unfavorable *to the Federal Parties*. The Court will not impose an adverse inference instruction against the Federal Parties pursuant to Rule 37(e)(2)(B) because New Mexico has stipulated to dismissal of its claims

against the United States. *See* Fed. R. Civ. P. 37(e)(2)(B) ("upon finding that the party acted with the intent to deprive another party of the information's use in the litigation [the court] may ... instruct the jury that it may or must presume the information was unfavorable to the party" that spoliated the electronically stored information).

New Mexico asserts that the Contractor Defendants "suffer no burden from proceeding with the current schedule [because] the Hearing must proceed regardless of the Individual Plaintiffs' settlements." Response at 6. As discussed in the preceding paragraph, the evidentiary hearing regarding an adverse inference instruction against the Federal Parties is not required because New Mexico has stipulated to dismissal of its claims against the Federal Parties. New Mexico also asserts that it "unambiguously reserved in the Settlement Agreement with the United States its right to pursue the spoliation issue—including, but not limited to, deposing witnesses related to the spoliation, participating in the Hearing so that the Court could craft appropriate relief, and addressing the spoliation issue at a trial against the Contractor Defendants." Response at 9. However, the *Allen* and *McDaniel* Plaintiffs, who have not yet finalized their settlements in principle with the Federal Parties and who are not parties to the settlement agreement between New Mexico and the United States, would be compelled to expend resources preparing for and attending the evidentiary hearing.

New Mexico's argument that the Court can hold the evidentiary hearing and "determine the further effect of the United States' spoliation irrespective of its party status" is not persuasive. Response at 12. New Mexico cites a non-binding district court case from the District of Arizona that determined "[a]lthough [an adverse inference] will result in ADC's spoliation having some negative consequences for [the nonspoliating parties] at trial, it will not impute spoliation to them—no suggestion will be made to the jury that Defendants themselves are in any way responsible for the loss of evidence." Response at 12. New Mexico seeks an "appropriate remedy to rebalance the prejudice that New Mexico has suffered" due to the Federal Parties' spoliation of

the ESI. Response at 14. The Court has already granted New Mexico's request to introduce evidence of the Federal Parties' spoliation at trial. *See* Doc. 1292 at 11, filed August 6, 2021.

New Mexico also argues that:

> New Mexico still has the burden to prove the Contractor Defendants were negligent or otherwise liable, and the Contractor Defendants still bear the burden of proving that the elements of *Boyle* are satisfied in order for the [Government Contractor Defense] to apply, the spoliated evidence is directly relevant to all of these issues ... Among other things, to satisfy the scope-of-displacement requirement in *Boyle*, the Contractor Defendants will have to show that (i) "the United States approved reasonably precise specifications," (ii) the contractor "conformed to those specifications," and (iii) the contractor "warned the United States about the dangers" known to Weston and ER "but not to the United States" ... The spoliated evidence speaks directly to at least the first and third of those elements, which require an understanding of the United States' intent and knowledge irrespective of the United States' party status.

Response at 15-16. New Mexico contends that the Contractor Defendants' defenses regarding the Government Contractor Defense and comparative fault depend on the credibility of OSCs Griswold and Hays and that New Mexico should be permitted to impeach the credibility of OSCs Griswold and Hays. *See* Response at 16-18. New Mexico notes that "certain of Weston's defenses in this matter depend upon the nature and contents of instructions from EPA to contractor personnel" and "one of Weston's 'principal defenses' 'turns on the specific content of technical direction that EPA issued to Weston.'" Response at 13-14. Although "OSCs Griswold's and Hays' text messages of what actual instructions were provided (or not provided) to the Contractor Defendants ... and what Weston or ER told or warned OSC Griswold that day at the site" are no longer available from Griswold and Hays' electronic devices, OSCs Griswold and Hays have been deposed and New Mexico has not alleged that the Contractor Defendants have spoliated any electronic evidence they received from Griswold and Hays regarding whether "the United States approved reasonably precise specifications" or Contractor Defendants "warned the United States about the dangers" known to the Contractor Defendants "but not to the United States." Response at 16. To the extent New Mexico is arguing that the spoliated ESI is relevant to the United States'

6

defense pursuant to Discretionary Function Exception, the Court has previously ruled that "the Government Contractor Defense is available to the Contractor Defendants if the Federal Defendants are not entitled to the Discretionary Function Exemption." Doc. 1814 at 8, filed September 30, 2022.

New Mexico "further cross-moves for leave to reschedule the deposition of Robert Christopher Freed." Response at 1. "Mr. Freed is a witness believed to have knowledge regarding the preservation and collection of ESI form OSCs Griswold and Way that is extremely relevant to the Hearing," "may alone have critical knowledge regarding the intent behind the destruction of ESI," "is a third party who is no longer under the control of the United States and is outside the trial subpoena power of the Court and the parties," and agreed to be available for a deposition on October 7, 2022." Response at 19-24. Special Master Hon. Alan C. Torgerson vacated the October 7, 2022, deposition of Mr. Freed pending the Court's resolution of the Joint Motion to stay litigation. *See* Doc. 1825, filed October 7, 2022. The Court denies New Mexico's cross-motion to reschedule Mr. Freed's deposition because it is vacating the evidentiary hearing.

**IT IS ORDERED** that:

(i) The Joint Motion for Stay of Litigation, Doc. 1817, filed October 12, 2022, is **GRANTED.** The United States, the *Allen* Plaintiffs and the *McDaniel* Plaintiffs shall file reports regarding their settlements in principle on the earlier of the following dates: (a) the date that a settlement agreement has been signed by the settling parties, if and when that occurs; or (b) no later than 90 days following entry of this Order.

(ii) The evidentiary hearing set for November 7-9, 2022, is **VACATED.**

(ii) New Mexico's cross-motion to reschedule the deposition of Robert Christopher Freed, Doc. 1830 at 19-24, filed October 11, 2022, is **DENIED.**

**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**